# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA,<br><br>*ex rel.* ZACHARY SILBERSHER,<br><br>      Plaintiffs,<br><br>  v.<br><br>JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and JOHNSON & JOHNSON,<br><br>      Defendants. | Case No.3:17-cv-07250-JST<br><br>**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

1   Plaintiff-Relator Zachary Silbersher in this *qui tam* action asserts claims under the False Claims Act, 31 U.S.C. §§ 3729–3733 (the "FCA"), and the false claims acts of the respective states.

Relator alleges that defendants Janssen Biotech, Inc.; Janssen Oncology, Inc.; Janssen Research & Development, LLC; and Johnson & Johnson ("Defendants") submitted or caused the submission of false claims to government-funded health programs through a fraudulent course of conduct that artificially inflated the price of their drug Zytiga® (abiraterone acetate). Relator's operative complaint (Dkt. 7) alleges that Defendants artificially inflated the price of Zytiga by using a fraudulently obtained patent to bar generic competitors from entering the market. Relator further alleges that Defendants submitted or caused the submission of claims for payment for Zytiga at unlawfully inflated prices to various government-funded health programs.

The Court finds that Relator has sufficiently alleged claims under the federal FCA and the relevant state statutes. *See Universal Health Servs., Inc. v. U.S.* ex rel. *Escobar,* _U.S._, 136 S. Ct. 1989 (2016); *U.S.* ex rel. *Campie v. Gilead Scis., Inc*., 862 F.3d 890 (9th Cir. 2017). In addition, the Court finds that there has been no public disclosure of the material elements of Relator's claims; and even if there were such public disclosure, the Relator is an "original source" of such information under 31 U.S.C. §§ 3730(e)(4)(A), (B).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied in its entirety.

**IT IS SO ORDERED**.

DATE: _____     _____
                                                                    Hon. Jon S. Tigar
                                                                    United States District Judge