# APPENDIX B



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PROMEGA CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOFFMAN-LA ROCHE INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 03-1447-A

## ORDER

This matter comes before the Court on Motions to Dismiss the Amended Complaint filed by Defendants Hoffman-LaRoche Inc. and Roche Molecular Systems, Inc. as well as by Defendants PE Corporation, PE Biosystems Group, the Perkin-Elmer Corporation, and PE Applied Biosystems.

For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that all Defendants' Motions to Dismiss are GRANTED and the case is DISMISSED with PREJUDICE.

/s/ Claude M. Hilton
CHIEF UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 29, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED SEP 2 9 2004 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ex rel. PROMEGA CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOFFMAN-LA ROCHE INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 03-1447-A ) ) ) ) ) ) |

## MEMORANDUM OPINION

This matter comes before the Court on Motions to Dismiss the Amended Complaint filed by Defendants Hoffman-LaRoche Inc. and Roche Molecular Systems, Inc. as well as by Defendants PE Corporation, PE Biosystems Group, the Perkin-Elmer Corporation, and PE Applied Biosystems. Defendants assert that Plaintiffs' claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiffs filed the instant case on April 23, 2000 alleging violations of the False Claims Act, pursuant to 31 U.S.C. § 3729 (2003). This Court dismissed Plaintiffs' Complaint without

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim with sufficient particularity as required by Federal Rule of Civil Procedure 9(b). On July 13, 2004, Plaintiffs filed an Amended Complaint alleging that Defendants violated the False Claims Act on nine counts.

In Counts I through III of the Amended Complaint, Plaintiffs allege that "every claim, invoice, demand, solicitation, representation, relationship, contract or transaction" sent to the United States Government or government-funded entities for payment by the Defendants was a false or fraudulent claim in violation of section 3729(a)(1) of the False Claims Act because Defendants based all of these claims on "fraudulently obtained" patents. Am. Compl. ¶¶ 260-283. In Counts IV through VI, Plaintiffs allege that Defendants used false records or statements to get the United States Government or government-funded entities to pay false or fraudulent claims, in violation of section 3729(a)(2) of the False Claims Act.

Count VII alleges a conspiracy between the Defendants to fraudulently obtain patents for Taq and then submit false claims for payment to the United States Government based on those patents, in violation of section 3729(a)(3) of the False Claims Act. In Count VIII, Plaintiffs allege that Defendants used false

statements or records to conceal or avoid repayment of monies to the United States Government in violation of section 3729(a)(7) of the False Claims Act. Finally, in Count IX, Plaintiffs allege that Defendants wrongfully retained monies properly owed to the United States, in violation of section 3729(a)(4) of the False Claims Act. Plaintiffs seek $128 million dollars in damages and ask the Court to treble those damages.

When ruling on a motion to dismiss, this Court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. Id.

Defendants move to dismiss under 12(b)(6) for failure to state a claim with the sufficient particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) (2004). Claims brought under the False Claims Act are charges of fraud and are subject to Rule 9(b) under which plaintiffs must plead their complaint with particularity.

Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999); See Fed. R. Civ. P. 9(b) (2004). A Complaint's "lack of compliance with 9(b)'s pleading requirements is treated as a failure to state a claim under 12(b)(6)." Harrison, 176 F.3d at 783 n. 5. Particularity in pleading refers to "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. at 784 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)). In other words, the Complaint must state the "who, what, when, where, and how" of the fraud to plead it with sufficient particularity. United States ex rel. Detrick v. Daniel F. Young, Inc., 909 F. Supp. 1010, 1022 (E.D. Va. 1995).

Plaintiffs' Amended Complaint expands their three original counts into nine counts and adds over seventy pages of details to their original Complaint. Despite all of these additions, Plaintiffs have failed to plead the essential elements and details with sufficient particularity to withstand 9(b) scrutiny. Just as in the original Complaint, Plaintiffs continue to outline vague, broad schemes.

In Counts I through VI, Plaintiffs fail to describe what was obtained through the alleged fraud. Instead, the Amended

Complaint repeats the same vague allegations of higher prices, see, e.g., Am. Compl. ¶ 168, and generalized platitudes regarding the "reduced overall competition in the Taq market," see, e.g., Am. Compl. ¶¶ 180-82.

Furthermore, Counts I through VI fail to specify when and where the false claims were made. The invoices themselves were not fraudulent, because they contained the exact terms agreed to by the Government. Instead, Plaintiffs allege that Defendants' predecessors made misrepresentations to the USPTO in order to obtain certain patents, and that years later Defendants used those patents to obtain contracts with the Government. Under Plaintiffs' theory, every invoice submitted for payment under these contracts violated the False Claims Act because of the misrepresentations to the USPTO from years ago. This theory is fatally flawed because there is a disconnect between the alleged misrepresentations to the USPTO and the invoices submitted to the Government, and Plaintiffs fail to draw a meaningful connection between the two.

Plaintiffs attempt to resolve this disconnect by claiming that the misrepresentations somehow induced the Government to enter into contracts with the Defendants. Plaintiffs have failed, however, to allege any facts that support such a theory.

Paragraph 136, for example, alleges that "[o]n information and belief, employees, independent contractors, agents or representatives of Defendants . . . discussed the obligation to pay certain prices for Taq and related products/processes." This paragraph, however, fails to explain who these agents were, what they said, to whom, in what context and capacity, about what products; therefore, it is too vague to satisfy the 9(b) requirement.

Count VII alleges a conspiracy dating all the way back to a meeting on December 18, 1988. The Amended Complaint does not identify the role that each Defendant played in the conspiracy and more importantly, it fails to identify Defendants' culpable conduct. The Amended Complaint refers merely to "conspiracy meetings" in which the Defendants discussed "marketing plans," "pricing and royalty rates" and "Taq sales." Am. Compl. ¶ 101. It appears to the Court that Plaintiffs are merely alleging facially legal conduct and labeling it a "conspiracy." This sort of fishing expedition is exemplary of the conduct that Federal Rule of Civil Procedure 9(b) seeks to prevent.

Finally, Plaintiffs have failed to sufficiently plead the statutory elements required under 31 U.S.C. §§ 3729(a)(4) & (7) and accordingly Counts VIII and IX should be dismissed. Under §

3729(a)(7), Plaintiffs must show that Defendants "knowingly [made] . . . a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7). While Plaintiffs allege that this "obligation" accrued as a result of Defendants' failure to observe certain unidentified "fiduciary and contractual" duties owed to the Government, neither the duties nor any wrongfully obtained monies are identified. Nor do Plaintiffs identify what false statement was made by whom at the time a legal duty to pay the Government arose. Accordingly, Count VIII should be dismissed.

Similarly, § 3729(a)(4) imposes liability if a Defendant "has possession, custody, or control of property or money used . . . by the Government and, intending to defraud the Government or willfully to conceal the property, delivers . . . less property than the amount for which the person receives a certificate or receipt." 31 U.S.C. § 3729(a)(4). The Amended Complaint alleges that Defendants concealed an overpayment by the Government, but fails to allege the delivery of property to the United States in return for a receipt. Since Plaintiffs have failed to plead all of the essential elements of § 3729(a)(4), Count IX should be dismissed.

7

Even if the court found that Plaintiffs did state a claim for relief, the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction to hear the case. Under the False Claims Act, there is a two step inquiry to determine whether a court has subject matter jurisdiction. First, the court must determine whether the action is "based upon the public disclosure of allegations or transactions." If the action is based upon public disclosure, the court must then determine whether the plaintiff qualifies as an "original source." 31 U.S.C. § 3730(e)(4)(A) (2003).

In the first inquiry, the term "based upon" means derived from, such that the action is based upon public disclosure only where the plaintiff has actually derived from that disclosure knowledge of facts underlying the action. <u>United States ex rel Siller v. Becton Dickinson & Co. by & Through Its Microbiology Sys. Dev.</u>, 21 F.3d 1339, 1348 (4th Cir. 1994). The present action is, in fact, derived from public information. Plaintiffs base their complaint on information from administrative and civil proceedings, litigation before the United States District Court for the Northern District of California, discovery in this very case, the news media, marketplace activities and public

statements. The publicly filed patents themselves provided the basis for Plaintiff's information leading to claims of fraudulent patent applications. Dimond Dep. ¶¶ 17:11-17:20, 20:23-21:2; 2d Dimond Aff. ¶¶ 13-14. All of Plaintiffs' "independent study and analysis" was derived from those public filings. Furthermore, Plaintiffs rely heavily on information obtained from Hoffmann-La Roche, Inc. et al. v. Promega Corp., 1999 U.S. Dist. LEXIS 19059 (N.D. Cal. 1999). Am. Compl. ¶ 46. In fact, practically all of Plaintiffs' allegations regarding the alleged fraudulent claims and the alleged conspiracy comes directly from public information. Am. Compl. ¶ 62.

Once it is established that the Plaintiffs based their claim upon public information, the second inquiry to determine subject matter jurisdiction asks whether the Plaintiffs qualify as an "original source" of the public information. A party is an original source if they have "direct and independent knowledge of the information on which the allegations are based and [have] voluntarily provided the information to the Government before filing an action under this section." 31 U.S.C. § 3730(e)(4)(B) (2002). According to the Fourth Circuit, a relator has direct knowledge "if he acquired it through his own efforts, without an intervening agency." Grayson v. Advanced Management Technology,

Inc., 221 F.3d 580, 583 (4th Cir. 2000). A relator has independent knowledge "if the knowledge is not dependent on a public disclosure." Id. In the present case, Plaintiffs depend heavily on the litigation in the California District Court and on other public disclosures. Plaintiffs' knowledge is neither direct nor independent. The Plaintiffs are not an original source as defined under the False Claims Act.

An appropriate Order shall issue.

*Claude M. Hilton*
CHIEF UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 29, 2004

10