June 24, 2021

<u>**VIA ECF**</u>
Honorable Edward S. Kiel, U.S.M.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse
Federal Square, Courtroom 8
Newark, New Jersey 07101

    Re:   *In re Zytiga Litigation*
            Master Docket No. 19-12107(KM)(ESK)
            *All Actions*

Dear Judge Kiel:

      Pursuant to your direction, we are submitting herewith a proposed Discovery Confidentiality Order for the Court's consideration. We are pleased to advise that the parties have reached agreement on all provisions with the exception of certain language in paragraph 19.

      Below is a chart in the form you requested laying out the position of each side.

*Plaintiff's Position:*

| **Plaintiffs' Proposed Language:** | **Reason**: |
|---|---|
| 19. The parties have agreed that they do not intend to disclose Privileged Information in this Action. Pursuant to FRE 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information"), inadvertent or otherwise, shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter, **unless deemed by the Court to be a waiver or forfeiture**. This Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. A party that produces documents or information subject to the attorney-client privilege or work-product immunity may request return of such documents or information after the Producing Party learns of its production. After receipt of such a request, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies of and notes pertaining to such information as soon as possible, and in any event within seven (7) days | Plaintiffs believe this paragraph should make clear that the Court retains the ability to review any disclosure to determine whether it constitutes waiver or forfeiture. This is consistent with Fed. R. Civ. P. 502, which provides the Court with the authority to review and rule on any such disclosures in the event of a challenge.<br><br>Accordingly, the only dispute is this: Should this Court be absolutely prohibited by virtue of the protective order from assessing a party's production efforts in the context of a claw back? The Defendants say yes; the Plaintiffs believe the Court should, when exercising its discretion as to whether a Fed. R. Civ. P. 502 order is appropriate, retain its ability and authority to deem a disclosure a waiver or forfeiture of the privilege. The Plaintiffs' insert accomplishes this objective. |

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 2

| **Plaintiffs' Proposed Language:** | **Reason**: |
|---|---|
| of receipt of such a request.  For purposes of this section, it shall be irrelevant which party initially discovers the produced information, documents, or tangible items that are otherwise properly subject to a claim of attorney-client privilege, work product immunity, or any other protection from discovery.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product. For avoidance of doubt, nothing in this provision shall prevent any party from challenging another party's designation of information as privileged or subject to the attorney work product doctrine. | |
| Plaintiffs oppose the insertion of a sentence that reads, "Disclosed Privileged Information shall receive the maximum protection afforded by FRE 502(d)." | FRE 502(d) allows the Court to order that a privilege or protection "is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." The Rule does not afford degrees of protection.  The Rule also does not compel a specific result, instead it allows the Court to retain the authority and discretion to determine whether waiver or forfeiture has occurred in light of the circumstances. Accordingly, the language that the Defendants propose should not be included. |

*Defendant's Position:*

| **Defendants' Proposed Language** | **Reason** |
|---|---|
| 19.  The parties have agreed that they do not intend to disclose Privileged Information in this Action. Pursuant to FRE 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information"), inadvertent or otherwise, shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter. **Disclosed Privileged Information shall receive the maximum protection afforded by FRE 502(d).** This Order shall be enforceable and granted full | Defendants' proposed language mirrors that incorporated by default into this Court's scheduling orders. Civ. L.R. 16.1(b)(2)(i) ("The production of materials, inadvertent or otherwise, shall not be deemed a waiver of attorney-client privilege or work product protection in this civil action or in any other federal or State proceeding.").  And both this Court's local rules and Defendants' proposal reflect model language from former United States Magistrate Judge and eDiscovery expert Andrew Peck, *see Commentary on Protection of Privileged ESI*, 17 Sedona Conf. J. 95, 198 (2016).  Plaintiffs fail to articulate any reason to deviate from that industry-accepted standard, and courts are |

**Error! Unknown document property name.**

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 3

| **Defendants' Proposed Language** | **Reason** |
|---|---|
| faith and credit in all other state and federal proceedings. A party that produces documents or information subject to the attorney-client privilege or work-product immunity may request return of such documents or information after the Producing Party learns of its production. After receipt of such a request, the Receiving Party shall promptly return, sequester, or destroy the specified information and any copies of and notes pertaining to such information as soon as possible, and in any event within seven (7) days of receipt of such a request. For purposes of this section, it shall be irrelevant which party initially discovers the produced information, documents, or tangible items that are otherwise properly subject to a claim of attorney-client privilege, work product immunity, or any other protection from discovery. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product. For avoidance of doubt, nothing in this provision shall prevent any party from challenging another party's designation of information as privileged or subject to the attorney work product doctrine. | empowered to enter such orders on their own initiative or at a party's request. Fed. R. Evid. 502(d), Addendum to Advisory Committee Notes. As other district courts in this Circuit recognize, comprehensive Rule 502(d) orders are favored "in virtually all civil cases … because they generally save time and money and reduce disputes." *Arconic Inc. v. Novelis Inc.*, No. 17-1434, 2019 WL 911417, at *3 (W.D. Pa. Feb. 26, 2019). By adopting this Court's preference that a Rule 502(d) order protect *all* disclosures during production, whether "inadvertent or otherwise," Defendants seek to avoid future disputes about the inadvertency, or lack thereof, of the production of individual documents. Such disputes serve only to sap the Court's resources and to distract the parties from expediently resolving the matters at hand. Plaintiffs' proposed language ("unless deemed by the Court to be a waiver or forfeiture") would nullify the benefits of a Rule 502(d) order and reintroduce the very disputes Rule 502 intended to avoid. Moreover, a broad Rule 502(d) order permits "the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery." Fed. R. Evid. 502(d), Addendum to Advisory Committee Notes. These concerns are particularly acute here because the burden of production falls disproportionately on Defendants in these cases. As made explicit by the last sentence of this paragraph, nothing in Defendants' proposed language prevents Plaintiffs from challenging (or this Court from ruling on) the merits of a claim of privilege, including assertion of a defense that affirmatively waives privilege. |

The enclosed attachment contains the agreed upon language in the Protective Order, along with two versions of paragraph 19 for the Court's consideration.

Respectfully yours,

By: */s/ James E. Cecchi*

**Error! Unknown document property name.**

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 4

**SILLS CUMMIS & GROSS P.C.**

By: */s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
jgreenbaum@sillscummis.com
GREGORY E. REID
greid@sillscummis.com
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

**SIDLEY AUSTIN LLP**

GORDON D. TODD (*pro hac vice*)
gtodd@sidley.com
KIMBERLY LEAMAN (*pro hac vice*)
kimberly.leaman@sidley.com
1501 K Street, N.W.
Washington, DC 20005

**COVINGTON & BURLING LLP**

TIMOTHY C. HESTER (*pro hac vice*)
thester@cov.com
ASHLEY E. BASS (*pro hac vice*)
abass@cov.com
CAROL A. SZURKOWSKI (*pro hac vice*)
cszurkowski@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001

*Attorneys for Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson*

**WALSH PIZZI O'REILLY FALANGA LLP**

By: */s/ Liza M. Walsh*
LIZA M. WALSH
lwalsh@walsh.law
KATELYN O'REILLY
koreilly@walsh.law

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Interim Liaison Counsel for End-Payor Plaintiffs and the Proposed End-Payor Class*

Thomas M. Sobol
Lauren G. Barnes
Gregory T. Arnold
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com
grega@hbsslaw.com

Sharon K. Robertson
Donna M. Evans
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
srobertson@cohenmilstein.com
devans@cohenmilstein.com

*Co-Chairs of the Co-Interim Lead Counsel Committee for the Proposed End-Payor Class*

**Error! Unknown document property name.**

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 5

WILLIAM T. WALSH, JR.
wwalsh@walsh.law
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Phone.: (973) 757-1100
Facsimile: (973) 757-1090

**WHITE & CASE LLP**

JACK E. PACE III (*pro hac vice*)
jpace@whitecase.com
ALISON HANSTEAD (*pro hac vice*)
ahanstead@whitecase.com
1221 Avenue of the Americas
New York, NY 10020-1095

PETER J. CARNEY (*pro hac vice*)
pcarney@whitecase.com
ADAM M. ACOSTA (*pro hac vice*)
adam.acosta@whitecase.com
701 Thirteenth Street, NW
Washington, DC 20005-3807

KEVIN M. BOLAN (*pro hac vice*)
kevin.bolan@whitecase.com
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9311

*Attorneys for Defendant*
*BTG International Limited*

James R. Dugan II
David S. Scalia
TerriAnne Benedetto
THE DUGAN LAW FIRM, LLC
One Canal Place, Suite 1000
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

*Counsel for Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc. and Co-Interim Lead Counsel for the Proposed End-Payor Class*

Joseph H. Meltzer
Terence S. Ziegler
Donna Siegel Moffa
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jmeltzer@ktmc.com
tziegler@ktmc.com
dmoffa@ktmc.com

*Counsel for Plaintiff Iron Workers District Council (Philadelphia and Vicinity) Health Benefit Plan and Co-Interim Lead Counsel for the Proposed End-Payor Class*

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 6

                                      Joe P. Leniski, Jr.
J. Gerard Stranch, IV
James G. Stranch, III
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
joeyl@bsjfirm.com
gerards@bsjfirm.com
jims@bsjfirm.com

*Council for Plaintiff Kentucky Laborers District Council Health and Welfare Fund and Co-Interim Lead Counsel for the Proposed End-Payor Class*

Richard A. Sherburne, Jr.
Jessica W. Chapman
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA
5525 Reitz Avenue (70809)
P.O. Box 98029
Baton Rouge, LA 70809-9029
Telephone: (225) 298-1144
Facsimile: (225) 297-2760
Richard.Sherburne@bcbsla.com
Jessica.Chapman@bcbsla.com

Bryan F. Aylstock
Justin G. Witkin
AYLSTOCK WITKIN KREIS OVERHOLTZ PLLC
17 East Main Street
Pensacola, FL 32502
Telephone: (850) 202-1010
Facsimile: (850) 916-7449
baylstock@awkolaw.com
jwitkin@awkolaw.com

*Counsel for Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc.*

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 7

Christopher J. Cormier
BURNS CHAREST LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20016
ccormier@burnscharest.com

Warren T. Burns
Spencer Cox
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75201
Tel: (469) 904-4550
wburns@burnscharest.com
scox@burnscharest.com

Amanda Klevorn
BURNS CHAREST LLP
65 Canal Street, Suite 1170
New Orleans, Louisiana 70130
Tel: (504) 799-2845
lwright@burnscharest.com

*Counsel for Plaintiff the*
*Mayor and City Council of Baltimore and*
*the Proposed End-Payor Class*

Jane Lewis
CITY OF BALTIMORE DEPARTMENT OF LAW
City Hall, Room 109
100 N. Holiday Street
Baltimore, MD 21202
Telephone: (443) 388-2190
Jane.Lewis@baltimorecity.gov

*Counsel for Plaintiff the Mayor and City*
*Council of Baltimore*

Heidi M. Silton
Karen H. Riebel
Jessica N. Servais
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Avenue S.,
Suite 2200

**Error! Unknown document property name.**

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 8

    Minneapolis, Minnesota 55401
    Tel: (612) 339-6900
    Fax: (612) 339-0981
    hmsilton@locklaw.com
    khriebel@locklaw.com
    jnservais@locklaw.com

    Daniel C. Hedlund
    Michelle J. Looby
    GUSTAFSON GLUEK PLLC
    120 South 6th Street, Suite 2600
    Minneapolis, Minnesota 55402
    Tel: (612) 333-8844
    Fax: (612) 339-6622
    dhedlund@gustafsongluek.com
    mlooby@gustafsongluek.com

    *Counsel for Plaintiff Pipe Trades Services MN Welfare Fund and the Proposed End-Payor Class*

    By: */s/ Bruce D. Greenberg*
    Bruce D. Greenberg
    LITE DEPALMA GREENBERG
    & AFANADOR, LLC
    570 Broad St, Suite 1201
    Newark, NJ 07102
    Tel: (973) 623-3000
    Fax: (973) 623-0858
    bgreenberg@litedepalma.com

    Nicomedes Sy Herrera (*pro hac vice*)
    Laura E. Seidl (*pro hac vice*)
    HERRERA KENNEDY LLP
    1300 Clay Street, Suite 600
    Oakland, California 94612
    Telephone: (510) 422-4700
    NHerrera@HerreraKennedy.com
    LSeidl@HerreraKennedy.com

    Tejinder Singh (*pro hac vice*)
    GOLDSTEIN & RUSSELL, P.C.
    7475 Wisconsin Avenue, Suite 850
    Bethesda, Maryland 20814
    Telephone: (202) 362-0636

**Error! Unknown document property name.**

Honorable Edward S. Kiel, U.S.M.J.
June 24, 2021
Page 9

TSingh@goldsteinrussell.com

*Attorneys for Plaintiff-Relator
Zachary Silbersher*

**Error! Unknown document property name.**