UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Zytiga Litigation | Master Docket No. 19-12107 (KM)(ESK) |
| This Document Relates To: DPP Action | **DECLARATION OF JEFFREY J. GREENBAUM IN SUPPORT OF JOINT MOTION TO SEAL** |

Jeffrey J. Greenbaum declares as follows:

1. I am a member of Sills Cummis & Gross P.C., attorney for Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., and Janssen Research & Development, LLC in this litigation and a member of the bar of this Court.

2. I submit this Declaration under Local Rule 5.3(3) in support of the parties' Joint Motion to Seal portions of Defendants' Brief in Support of Their Joint Motion to Compel Arbitration (ECF No. 55), dated April 6, 2021, and Exhibits B and D to the Declaration of Jeffrey J. Greenbaum (ECF Nos. 53, 54).

3. This Motion relates to sealing portions of the Distribution Agreements between McKesson and Janssen, the terms of which are confidential. McKesson has provided an assignment to KPH in this case. Counsel for McKesson has requested that the terms of the Distribution Agreements remain confidential except to the extent provided in this Motion.

1

4. In support of the Joint Motion to Seal, attached hereto as Exhibit A is an index identifying the documents containing confidential information ("Confidential Material") that the parties seek to seal and describing with particularity: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

5. I understand that the Confidential Material contains and/or references sensitive proprietary business information, including non-public contract terms for the sales of Janssen's pharmaceutical products, the disclosure of which would result in clearly defined and serious injury to the Defendants.

6. I understand that a less restrictive alternative to the relief sought is not available. Defendants only request redaction of their confidential non-public contract terms. Defendants do not propose to redact the Dispute Resolution provision that is relevant to the pending Motion to Compel Arbitration (ECF No. 51).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 24, 2021

*/s/ Jeffrey J. Greenbaum*
Jeffrey J. Greenbaum