Exhibit A. Consolidated Index in Support of Parties' Joint Motion to Seal

| Nature of the Materials or Proceedings at Issue | Legitimate Private or Public Interest Which Warrants the Relief Sought | Clearly Defined and Serious Injury that Would Result if the Relief Sought is not Granted | Why a Less Restrictive Alternative to the Relief Sought is not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Identity of Any Party or Nonparty Known to be Objecting to the Sealing Request |
|---|---|---|---|---|---|
| **Defendants' Brief in Support of Their Joint Motion to Compel Arbitration (ECF No. 55)**<br><br>Defendants request the following redactions:<br><br>Page 4:<br>• Parentheticals in lines 1, 2, 4-6, 7, 9-11, 11<br><br>Page 8, footnote 8:<br>• From "the Distribution" to "assignments" and parentheticals. | This document reflects sensitive proprietary business information regarding non-public contract terms for the sales of Janssen's pharmaceutical products.<br><br>Janssen has a legitimate private interest in restricting access to this sensitive and valuable business information. There is little, if any, public interest in disclosing Janssen's competitively sensitive proprietary business information. | Disclosure of non-public contract terms revealed herein would harm Janssen's commercial and competitive standing. It would provide Janssen's customers an unfair competitive commercial advantage because they would be able to use Janssen's contract terms against them in contract discussions. | No less restrictive alternative is available. Defendants only request minimal redaction of direct quotes and references to confidential non-public contract terms. Defendants do not propose to redact the Dispute Resolution provision that is core to the pending Motion to Compel Arbitration (ECF No. 51). | None. This is the first time this material has been introduced in the pending action. | None. |

1

| | | | | | |
|---|---|---|---|---|---|
| **Exhibit B to the Declaration of Jeffrey J. Greenbaum (ECF No. 53)**<br><br>Defendants request the following redactions:<br><br>• All except § 4.21 (Dispute Resolution) in pp. 23-24. | This document contains sensitive proprietary business information regarding non-public contract terms for the sales of Janssen's pharmaceutical products.<br><br>Janssen has a legitimate private interest in restricting access to this sensitive and valuable business information. There is little, if any, public interest in disclosing Janssen's competitively sensitive proprietary business information. | Disclosure of non-public contract terms revealed herein would harm Janssen's commercial and competitive standing. It would provide Janssen's customers an unfair competitive commercial advantage because they would be able to use Janssen's contract terms against them in contract discussions. | No less restrictive alternative is available. Defendants only request redaction of its confidential non-public contract terms. Defendants do not propose to redact the Dispute Resolution provision that is core to the pending Motion to Compel Arbitration (ECF No. 51). | None. This is the first time this material has been introduced in the pending action. | None. |
| **Exhibit D to the Declaration of Jeffrey J. Greenbaum (ECF No. 54)** | This document contains sensitive proprietary business information regarding non-public contract terms for the sales of Janssen's | Disclosure of non-public contract terms revealed herein would harm Janssen's commercial and competitive standing. It would | No less restrictive alternative is available. Defendants only request redaction of confidential non-public contract terms. Defendants | None. This is the first time this material has been introduced in the pending action. | None. |

2

| | | | | | |
|---|---|---|---|---|---|
| Defendants request the following redactions:<br><br>• All except § 4.16 (Dispute Resolution) in pp. 29-30. | pharmaceutical products.<br><br>Janssen has a legitimate private interest in restricting access to this sensitive and valuable business information. There is little, if any, public interest in disclosing Janssen's competitively sensitive proprietary business information. | provide Janssen's customers an unfair competitive commercial advantage because they would be able to use Janssen's contract terms against them in contract discussions. | do not propose to redact the Dispute Resolution provision that is core to the pending Motion to Compel Arbitration (ECF No. 51). | | |

3