UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Zytiga Litigation | Master Docket No. 19-12107 (KM) (ESK)<br>Civil Action No. 20-5901 (KM) (ESK) |
| This Document Relates To: DPP Action | **ORDER GRANTING PARTIES' JOINT MOTION TO SEAL ECF NOS. 53, 54, and 55 UNDER CIVIL ACTION NO. 20-5901** |

THIS MATTER having come before the Court pursuant to the Joint Motion to Seal (the "Motion") by Plaintiff KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc.; Health Direct Pharmacy Services; and Noble Health Services ("Plaintiff") and Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and BTG International Limited (collectively, "Defendants") (Plaintiff and Defendants, together, "the parties"), pursuant to Local Civil Rule 5.3(c), to seal certain portions of Defendants' Brief in Support of Their Joint Motion to Compel Arbitration and portions of the accompanying Exhibits (**found at ECF Nos. 53, 54, and 55 under Case No. 20-5901**) (hereinafter the "Confidential Materials").

This Court having fully considered the declaration in support thereof; the Court having further found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing of the Confidential Materials set forth below; and for

1

good cause having been shown, the Court makes the following findings and conclusions:

## FINDINGS OF FACT

1. The information that the parties seek to seal reveals non-public contract terms for the sales of Defendants' pharmaceutical products. The parties have represented that the subject information constitutes sensitive proprietary business information. It is apparent that such information is a trade secret or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c).

2. The parties have further represented that public disclosure of this information would harm the parties' commercial and competitive standing, as the information may be used by the parties' customers against the parties in contract discussions.

3. There is no less restrictive alternative to filing this information under seal. The parties' request is narrowly tailored to only the documents and information that contain, reference and/or disclose sensitive proprietary business information. In this regard, the parties have already filed redacted, non-confidential versions of the subject materials.

4. To the Court's knowledge, no party or non-party opposes the Motion.

## CONCLUSIONS OF LAW

1.      Upon consideration of the papers submitted in support of the Motion, and the information that the parties seek to protect, the Court concludes that the parties have met their burden of proving under Local Civil Rule 5.3 and applicable case law that the information described above should be sealed. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

2.      Specifically, the Court concludes that (a) the materials contain confidential information concerning the parties' business; (b) the parties have a legitimate interest in maintaining the confidentiality of the information to protect disclosure to potential customers who could use the information contained therein in contract discussions; (c) public disclosure of the confidential information would result in clearly defined and serious injury, including the use of the confidential information by customers to the parties' detriment; and (d) no less restrictive alternative to sealing the subject information is available.

3.      The foregoing conclusions are supported by relevant case law holding that the public's right to access materials filed in connection with a judicial record is not absolute, and may be overcome by a showing of a party's countervailing interest in confidentiality.  *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672  (3d Cir. 2019).   The Court, upon such a proper showing,

may in its discretion deny public access to judicial records. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991).

**IT IS** on this <u>6th</u> day of <u>July</u>, 2021 **ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the Parties' Joint Motion to Seal ECF Nos. 53, 54 and 55 under Civil Action No. 20-5901 (**ECF No. 152 under Case No. 19-12107**) is hereby **GRANTED**.

                                      */s/ Edward S. Kiel*
                                      HON. EDWARD S. KIEL, U.S.M.J.