# EXHIBIT A

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 | Date | Author | Addressee | Other Recipients | Document Type | Privilege Claim | Description |
| 2 | | | | | | | |
| 3 | 12/18/2017 | Zachary Silbersher | Nicomedes Sy Herrera | Joseph Saveri | Email | A/C; WP | Correspondence regarding retainer agreement |
| 4 | 12/18/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Joseph Saveri | Retainer Agreement | A/C; WP | Retainer Agreement |
| 5 | 12/14/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence attaching retainer agreement |
| 6 | 12/14/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence regarding retainer |
| 7 | 12/14/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence regarding retainer agreement |
| 8 | 12/14/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Joseph Saveri | Draft Agreement | A/C; WP | Retainer Agreement |
| 9 | 12/13/2017 | Zachary Silbersher | Nicomedes Herrera, Jiamie Chen, and Brian Lowry | Kyla Gibboney | Email | A/C; WP | Correspondence reflecting legal advice |
| 10 | 12/9/2017 | Nicomedes Sy Herrera | Joseph Saveri | Zachary Silbersher, Jiamie Chen, Kyla Gibboney, Brian Lowry, Kevin Rayill | Email | A/C; WP | Correspondence reflecting legal advice |
| 11 | 12/8/2017 | Jiamie Chen | Nicomedes Sy Herreram, Zachary Silbersher, Kyla Gibboney, Brian Lowry | | Email | A/C; WP | Correspondence reflecting legal advice |
| 12 | 12/8/2017 | Brian Lowry | Nicomedes Sy Herrera, Jiamie Chen, Zachary Silbersher, Kyla Gibboney | | Email | A/C; WP | Correspondence reflecting legal advice |
| 13 | 12/8/2017 | Jiamie Chen | Nicomedes Sy Herrera, Brian Lowry, and Zachary Silbersher | Kyla Gibboney | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 14 | 12/8/2017 | Jiamie Chen | Nicomedes Sy Herrera, Brian Lowry, and Zachary Silbersher | Kyla Gibboney | Email | A/C; WP | Correspondence reflecting legal advice |
| 15 | 12/8/2017 | Zachary Silbersher | Nicomedes Herrera and Brian Lowry | | Email | A/C; WP | Correspondence reflecting legal advice |

|  | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 16 | 12/8/2017 | Nicomedes Sy Herrera | Zachary Silbersher and Brian Lowry | Kyla Gibboney. Jiamie Chen | Email | A/C; WP | Correspondence reflecting legal advice |
| 17 | 12/8/2017 | Nicomedes Sy Herrera | Zachary Silbersher, Jiamie Chen, and Brian Lowry | Kyla Gibboney | Email | A/C; WP | Correspondence reflecting legal advice |
| 18 | 12/8/2017 | Joseph Saveri | Nicomedes Sy Herrera | Zachary Silbersher, Jiamie Chen, Kyla Gibboney, Brian Lowry, Kevin Rayill | Email | A/C; WP | Correspondence reflecting legal advice |
| 19 | 12/7/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Kyla Gibboney, Jiamie Chen, Ben Lang (paralegal), Brian Lowry (legal clerk) | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 20 | 12/7/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Kyla Gibboney Jiamie Chen,  Ben Lang, Brian Lowry | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 21 | 12/7/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Kyla Gibboney Jiamie Chen,  Brian Lowry | Email | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 22 | 12/7/2017 | Brian Lowry | Nicomedes Sy Herrera and Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 23 | 12/7/2017 | Nicomedes Sy Herrera | Zachary Silbersher and Brian Lowry | Kyla Gibboney. Jiamie Chen | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 24 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 25 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 26 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera | Kyla Gibboney Jiamie Chen,  Ben Lang, Brian Lowry | Email | A/C; WP | Correspondence reflecting legal advice |
| 27 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera | Kyla Gibboney Jiamie Chen,  Brian Lowry | Email | A/C; WP | Correspondence reflecting legal advice |
| 28 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera and Brian Lowry | | Email | A/C; WP | Correspondence reflecting legal advice |
| 29 | 12/7/2017 | Zachary Silbersher | Nicomedes Herrera and Brian Lowry | | Email | A/C; WP | Correspondence reflecting legal advice |
| 30 | 12/7/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 31 | 12/7/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 32 | 12/6/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Joserph Saveri, Kyla Gibboney Jiamie Chen, Brian Lowry | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 33 | 12/6/2017 | Nicomedes Sy Herrera | Joseph Saveri | Zachary Silbersher, Jiamie Chen, Kyla Gibboney, Brian Lowry, Kevin Rayill | Email with attachment (privileged draft complaint) | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 34 | 12/6/2017 | Nicomedes Sy Herrera | Joseph Saveri | Zachary Silbersher, Jiamie Chen, Kyla Gibboney, Brian Lowry, Kevin Rayill | Email | A/C; WP | Correspondence reflecting legal advice |
| 35 | 11/30/2017 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 36 | 11/29/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Joseph Saveri, Kyla Gibboney Jiamie Chen, Kevin Rayhill | Email | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 37 | 11/29/2017 | Nicomedes Sy Herrera | Zachary Silbersher | Joseph Saveri, Kyla Gibboney Jiamie Chen, Kevin Rayhill | Email | A/C; WP | Correspondence reflecting legal advice and attaching draft complaint |
| 38 | 11/29/2017 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 39 | 8/11/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence updating Zytiga investigation |
| 40 | 7/20/2017 | Nicomedes Sy Herrera | (Potential expert [M., not retained) | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |
| 41 | 6/27/2017 | Nicomedes Sy Herrera | (Potential expert, not retained) | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |
| 42 | 6/27/2017 | Nicomedes Sy Herrera | (Potential expert, not retained) | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |
| 43 | 6/27/2017 | (Potential expert, not retained) | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |
| 44 | 6/27/2017 | Nicomedes Sy Herrera | (Potential expert, not retained) | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |

|  | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 45 | 6/27/2017 | (Potential expert, not retained) | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence requesting possible expert opinion from MD on medical school faculty |
| 46 | 6/27/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email with privileged attachments | A/C; WP | Correspondence reflecting legal advice and attaching JSLF internal communications analyzing legal research |
| 47 | 6/27/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 48 | 6/20/2017 | Nicomedes Sy Herrera | Brian Lowry, Douglas Clevenger (Staff); Chelsea Forthuber (Staff) | Joseph Saveri, Zachary Silbersher | Email with privileged attachments | A/C; WP | Correspondence attaching drafts of written disclosure statement and cover letters to the DOJ |
| 49 | 6/16/2017 | Nicomedes Sy Herrera | Matthew Weiler, Andrew Purdy | Zachary Silbersher, Joseph Saveri, Ryan McEwan, Joshua Davis | Email | A/C; WP | Correspondence reflecting legal advice |
| 50 | 6/15/2017 | Nicomedes Sy Herrera | Zachary Silbersher and Joseph Saveri | | Email | A/C; WP | Correspondence reflecting legal advice |
| 51 | 6/15/2017 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence concerning IP advice |
| 52 | 6/13/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice |
| 53 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 54 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 55 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 56 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 57 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 58 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 59 | 6/2/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 60 | 6/2/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 61 | 6/2/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 62 | 6/2/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |

|    | A | B | C | D | E | F | G |
|----|---|---|---|---|---|---|---|
| 63 | 6/2/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 64 | 6/2/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 65 | 6/1/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence concerning IP research update |
| 66 | 6/1/2017 | Zachary Silbersher | Nicomedes Sy Herrera | Joseph Saveri, Andrew Purdy, Matthew Weiler, Ryan McEwan | Email | A/C; WP | Correspondence concerning IP research update |
| 67 | 5/31/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondenc reflecting legal advice and IP research update |
| 68 | 5/28/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 69 | 5/27/2017 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice |
| 70 | 5/24/2017 | Zachary Silbersher | Gaston Kroub; Sergey Kolmykov | | Email with privileged memorandum | A/C; WP | Analysis of Zytiga IPRs attaching updated Memorandum to Nicomedes Herrera from Zachary Silbersher |
| 71 | 5/24/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Memorandum attached to 5/24/2017 email | A/C; WP | Memorandum analyzing Zytiga patent litigation and possible claims |
| 72 | 5/19/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Email with privileged memorandum | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 73 | 5/19/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 74 | 5/19/2017 | Zachary Silbersher | Gaston Kroub | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 75 | 5/19/2017 | Gaston Kroub | Zachary Silbersher | Sergey Kolmykov | Email | A/C; WP | Correspondence reflecting legal advice on IP Litigation |
| 76 | 5/18/2017 | Zachary Silbersher | Nicomedes Sy Herrera | | Memorandum attached to 5/19/2017 email | A/C; WP | Memorandum analyzing Zytiga patent litigation and possible claims |
| 77 | 12/7/2016 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 78 | 12/6/2016 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice |
| 79 | 12/6/2016 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice |
| 80 | 11/18/2016 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 81 | 11/16/2016 | Nicomedes Sy Herrera | Zachary Silbersher | | Email | A/C; WP | Correspondence reflecting legal advice |

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 82 | 10/11/2016 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence reflecting legal advice |
| 83 | 9/28/2016 | Zachary Silbersher | Nicomedes Herrera | | Email | A/C; WP | Correspondence concerning legal theories and causes of action for lawsuit |
| 84 | 9/16/2016 | Nicomedes Sy Herrera | Zachary Silbersher | | Email with privileged attachments | A/C; WP | Correspondence reflecting legal advice and attaching briefing and order for legal precedent |

# EXHIBIT B



SF BAY AREA
NEWPORT BEACH

WWW.HERRERAKENNEDY.COM

NICOMEDES SY HERRERA
1300 CLAY STREET SUITE 600
OAKLAND, CA 94612
NHERRERA@HERRERAKENNEDY.COM

December 16, 2022

***VIA* ELECTRONIC MAIL**

SIDLEY AUSTIN LLP
Gordon G. Todd
Robert D. Keeling
Kimberly Leaman
1501 K Street, N.W.
Washington, D.C. 20005

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Gregory E. Reid
One Riverfront Plaza
Newark, NJ 07102

> Re:   Pending Discovery Matters
> *United States ex rel. Silbersher v. Janssen Biotech, et al.,*
> Civil Action No. 19-12107 (KM-ESK) (D.N.J.)

Dear Counsel:

We write to follow-up on the parties' meet and confer on December 9, 2022 concerning the issues raised in defendants' November 17, 2022 letters.

**1.**     During our meet and confer, you raised questions concerning the metada fields for two of Relator's emails produced with Bates number RELATOR_002392 and 002394. We did not manually populate any of the metadata fields. The metadata fields for these emails show the Relator as the author because a PDF of the email was generated for production. We will produce the natives of these two emails, including the attachment for 002392.

**2.**     With respect to your question concerning privilege, Relator first contacted Mr. Herrera, the undersigned, to retain him to pursue these cases in September 2016, and retained him soon thereafter, even if a formal agreement was signed later. Even prior to a formal, signed retainer agreement, all communications from and after 2016 are privileged.

**3.**     Relator has provided all of his responsive documents. Markman Advisors and his law firm have not acted on Relator's behalf with respect to this case.

4.      With respect to RPD No. 13, you asked for a list of Relator's articles and blog posts. We will produce documents sufficient to show a list of Relator's articles and blog posts since 2014.

5.      You asked about a list of unpublished articles or blogs that Relator started but did not publish. Relator has unpublished drafts of articles he has not yet completed or abandoned prior to publication. None relate to defendants or Zytiga with the exception of draft articles about these cases that have not yet published, which were created after Relator retained counsel, and which have been shared with counsel seeking legal advice. They are therefore covered by the attorney-client privilege.

6.      You asked whether Relator usually creates a separate folder for research. Relator does not typically create a separate folder for research related to each individual blog post or article that he publishes.  Rather, as shown by published blog posts and articles, he does include links to certain sources he relied upon within those blog posts and articles.  For the specific blog posts identified in RPD 13, Relator produced the responsive source documents within his possession, custody and control.

7.      With respect to defendants' RPD Nos. 14 and 26, you have asked whether Relator has produced documents provided to Relator's clients that relate to inequitable conduct or commercial success. Relator writes extensively about patent-related issues; but because none of his prior articles, blog posts or client engagements relate to Zytiga, the patents at issue in this litigation, or the application of patent doctrines to any patents at issue in this litigation, such information is irrelevant and not reasonably calculated to lead to admissible evidence.

8.      With respect to RPD No. 24-28, you asked whether Relator is claiming privilege for Markman Advisor's client list. Relator does not claim an attorney-client privilege to such a list; but the identities of those clients are subject to confidentiality agreements and proprietary to Markman Advisors, which is not a party to this action. Moreover, this information is irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving any of his objections, Relator confirms that no Markman Advisor client has ever retained Mr. Silbersher or Markman Advisors relating to Zytiga or any patent at issue in this litigation. You also asked about Relator's ownership of Markman Advisors. Relator objects to this information as irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving his objections, Relator confirms that he does not own a majority of Markman Advisors.

9.      With respect to RPD No. 24-28, you also asked whether Relator is claiming privilege for the client list of Kroub, Silbersher & Kolmykov PLLC (KSK). Relator does claim that the identities of KSK's clients are privileged, subject to

confidentiality obligations, and proprietary to KSK, which is not a party to this action. Moreover, this information is irrelevant and not reasonably calculated to lead to admissible evidence. Without waiving any of his objections, Relator confirms that no KSK client has ever retained Mr. Silbersher or KSK with respect to Zytiga, any patent at issue in this litigation, or defendants.

10.     With respect to Interrogatory No. 4, Relator's independent investigation included review of the prosecution histories for the patents related to Zytiga; prior art and references; medical and clinical publications relating to prostate cancer treatments; certain regulatory filings related to Zytiga; litigation documents related to Hatch-Waxman litigations for Zytiga; post-grant proceeding documents related to patents related to Zytiga; information concerning the corporate entities involved in the development, marketing, and sale of Zytiga or abiraterone acetate; online publications related to Zytiga; market analysis concerning Zytiga and the potential for generic entry; and government purchases or reimbursement of Zytiga. All of Relator's independent investigation was conducted after contacting counsel, and some was directed based on counsel's advice. Relator asserts the attorney-client privilege and protection of the work product doctrine for this information.

11.     With respect to Interrogatory No. 13, you asked whether Relator's wife, parents, or any adult children have traded in J&J securities since January 1, 2015. In Relator's answer to defendants' Interrogatory No. 13, he confirmed that he has not since January 1, 2015 directly traded or caused to be traded any Securities of Johnson & Johnson (except as such Securities may have been included in mutual funds or portfolios managed by investment professionals as to which Relator made no recommendations for specific Securities to be purchased or sold). Without waiving his objections, Relator also confirms that his wife has not directly done so as well. Relator is unaware of his parents' investments, but he confirms that he has never spoken or communicated with them concerning any purchase or sale of J&J securities. Finally, Relator has no adult children.

12.     With respect to Interrogatory No. 14, Relator stands by his objections. Without waiving these objections, and in the interest of compromise, Relator is interpreting the phrase in Interrogatory No. 14, "consulting advice relating to the trading in Securities in Johnson & Johnson," to mean providing advice on whether to specifically buy or sell Securities in Johnson & Johnson, and Relator reiterates that he has not done that in either a personal or professional capacity within the enumerated time-period. Relator has consulted on behalf of Markman Advisors on patent issues relating to Remicade and Darzalex, but none of those consultations included any advice as to whether or not to buy or sell any Securities in Johnson & Johnson.  To the extent the phrase, "consulting advice relating to the trading in Securities in Johnson & Johnson" is interpreted more

3

broadly to encompass the provision of objective opinions regarding pending patent litigation unrelated to any patent in this case, that is not "advice", and it does not touch upon, relate to, or compromise Relator's credibility.

13.    With respect to the date range of defendants' production relating to commercial success and patent fraud, the '438 patent is a continuation of U.S. Patent Application No. 11/844,440 ("the '440 application"), which was filed on August 24, 2007. Although the '440 application predates defendants' acquisition of Cougar Biotechnology, defendants' knowledge of the application and assessment of the commercial prospects for Zytiga / abiraterone acetate are relevant to the fraud alleged in the complaint. For example, the '440 application recited pending claims that are in many cases identical to the claims that issued in the '438 patent as well as the claims from the '438 patent that were asserted in litigation against the Zytiga generics. After numerous rejections by the Examiner, the '440 application was eventually abandoned. Moreover, defendants' view of the commercial prospects for abiraterone prior to acquiring Cougar Biotechnology directly relates to defendants' assessment of the commercial success of Zytiga as it may or may not be related to the inventions claimed in the '438 patent.

14.    With respect to the date range of defendants' production relating to the Orange Book, defendants' documents assessing whether to list the relevant patents in the Orange Book as covering Zytiga may predate the first notice of issuance of the '438 patent. Therefore, it makes no sense to limit defendants' production to the date of the first notice of issuance.

Please let us know if you would like to discuss any of these matters further. With respect to the issues referenced in numbers 13 and 14, *supra*, if defendants are unwilling to produce documents with the requested date ranges, please provide a time to conduct another meet and confer.

Very truly yours,

*/s Nicomedes Sy Herrera*

Nicomedes Sy Herrera

cc:

Bruce D. Greenberg
LITE DEPALMA GREENBERG
 & AFANADOR, LLC

Tejinder Singh

4

SPARACINO PLLC

# EXHIBIT C



**SF BAY AREA**
**NEWPORT BEACH**

**WWW.HERRERAKENNEDY.COM**

**NICOMEDES SY HERRERA**
**1300 CLAY STREET SUITE 600**
**OAKLAND, CA 94612**
**NHERRERA@HERRERAKENNEDY.COM**

October 10, 2022

## *VIA* ELECTRONIC MAIL

SIDLEY AUSTIN LLP
Gordon G. Todd
Robert D. Keeling
Kimberly Leaman
1501 K Street, N.W.
Washington, D.C. 20005

SILLS CUMMIS & GROSS P.C.
Jeffrey J. Greenbaum
Gregory E. Reid
One Riverfront Plaza
Newark, NJ 07102

> Re:   Pending Discovery Matters
> *United States ex rel. Silbersher v. Janssen Biotech, et al.*,
> Civil Action No. 19-12107 (KM-ESK) (D.N.J.)

Dear Counsel:

We write to respond to Robert Keeling's September 7, 2022 letter concerning Relator's objections to Defendants' first amended Requests for Production ("RFPs").

## I.     Relator's Privilege Objections

Relator first contacted counsel concerning these cases on January 10, 2016. As we set forth in our responses to defendants' request numbers 14 and 15, relator objects and will not produce any correspondence concerning this litigation with his attorneys or potential attorneys from and after that date.

Relator first contacted the Government and the Plaintiff States when counsel, on Relator's behalf, made pre-filing disclosures to the government entities on June 20, 2017. Relator's counsel then served post-filing disclosures to the government entities on December 22, 2017. Since that time, counsel has corresponded occasionally with the responsible government entities on behalf of Relator. Relator has not personally contacted any government entity concerning this matter directly. All correspondence through counsel are privileged and not a proper area for discovery.

1

## II.      Relator's Objections Based on Law-of-the-Case

Relator has not withheld any documents for RFPs 19-21 on the basis of law of the case or relevance. We note that if Relator viewed or consulted sources online without downloading such documents, those documents are not within his possession, custody or control.

## III.     Relator's Objections on Responsiveness and Breadth

Relator disagrees with defendants' framing of the relevant issues in this case, or the applicability of Relator's consulting or legal work for other pharmaceutical patents or drugs other than those at issue in this case. Nevertheless, we answer below your questions concerning whether any documents have been withheld on the basis of relevance for the listed RFPs.

### A.  *Requests Concerning Relator's Research, Views, and Opinions*

- **RFP 13**. The referenced articles—neither of which concern Zytiga or any of the patents at issue in this matter—are publicly available. Relator has produced documents relating to his research for those articles that are within his possession, custody or control.  Relator has also produced all prior drafts of those articles. Apart from that, this request is overbroad and lacks reasonable denotation to the extent that it seeks documents or information, beyond the scope of the drug at issue in this case, that may be "related" to whether the government "does or should consider patent validity" in connection with drug approvals or "does or should . . . regulate the use of patents" in connection with drug approvals. With respect to any articles, posts or commentary that may potentially be responsive to those topics, they are publicly-available, and it is unreasonably burdensome for Relator to produce publicly-available information in response to an overly broad request.  The request also seeks irrelevant information. This is a *qui tam* action, and the ultimate claim belongs to the Government, not to Relator. Defendants' liability will be assessed against the appropriate and applicable legal standards as determined by the court; not against Relator's prior or earlier statements regarding topics sought within this request, to the extent those prior statements exist.

- **RFP 14**. We disagree that this request seeks information that is "directly relevant to this case." For the reasons stated above in connection with RFP 13, Defendants' liability in this action will be assessed against the appropriate and applicable legal standards as determined by the Court; not against Relator's prior or earlier statements regarding topics sought within this request, to the extent

those prior statements exist.  Relator's production is therefore limited based on relevance consistent with the same factors described above.

- **RFPs 24 & 26**. These requests seek irrelevant and overly broad information for the same reasons articulated above in connection with RFPs 13 and 14. Neither Relator nor Markman have had any consulting clients with respect to Zytiga or any of the patents at issue in this litigation. Relator has produced all documents within his possession, custody or control concerning any correspondence with a client or potential client that mentions Zytiga or any patents at issue in this action. The request is otherwise burdensome and potentially harassing to the extent it seeks lists of clients or potential clients that are unrelated to the drug at issue in this case.

- **RFPs 25 & 28**. Neither Relator nor Kroub have had any legal clients with respect to Zytiga or any of the patents at issue in this litigation. In addition to his objections set forth above, Relator also believes that any discovery into his legal clients that have no connection whatsoever with Zytiga or this case are improper on the basis of privilege. The request is also potentially harassing to the extent that Defendants suggest that they intend to seek further discovery either from or regarding those clients ("will allow Defendants to conduct further diligence on those representations"). To the extent none of Relator's or Kroub's prior or existing client relationships are related to Zytiga, it would be potentially harassing for Defendants to subpoena or contact those clients to seek information regarding potentially privileged and confidential communications.

  B. *Other Requests*

- **RFP 12**. Relator has searched for, and produced, documents concerning his research into Federal and/or State Government contracting, reimbursement, or payment procedures that were obtained prior to contacting counsel. After that time, all such research was performed by or under the direction of counsel in connection with filing and prosecuting this action. We note that if Relator viewed or consulted sources online without downloading such documents, those documents are not within his possession, custody or control.

- **RFP 27**. Relator stands by his objections. This request seeks irrelevant information. Defendants' affirmative defense of unclean hands, as pled, included no facts or allegations to support the defense. Courts have also held that unclean hands is not a defense to liability in a *qui tam* action. *See e.g., U.S. v. Ctr. for Diag. Imag., Inc.,* 2011 U.S. Dist. LEXIS 145165, at 5 (W.D. Wash. Dec. 16, 2011) ("'The Court notes that the Ninth

Circuit has already concluded that a qui tam defendant may not defend an FCA action by asserting that a qui tam plaintiff has unclean hands."); *U.S. ex. re. Donald Gale v. Omnicare, Inc.*, Case No. 10-127, at *19-20 (N.D. Ohio, Jul. 23, 2013. For both these reasons, Defendants' unclean hands defense is subject to being stricken. The request is also irrelevant to the extent it seeks information regarding a wholly separate matter that is unrelated to this action.

- **RFP 29**. Relator stands by his objections to this request for the reasons set forth above. Relator also objects to any attempted discovery or inquiry into any possible sealed cases.

- **RFP 30**. We do not agree that any discovery beyond what is required to be disclosed under Local Civil Rule 7.1.1 is reasonably likely to lead to admissible evidence. Nor do we agree, and you have not explained why, Relator's possible solicitation or consideration of litigation funding would be relevant.

- **RFP 33**. We confirm that Relator has not limited his responses or his document production to third-party subpoenas. We do not include in Relator's responses documents that any of Relator's counsel or potential counsel have received from third parties in connection with their diligence or prosecution of this action (other than documents received through a subpoena). For example, if Relator's counsel received documents from its experts, those documents will not be produced.

Please let us know if you would like to discuss any of these matters further.

Very truly yours,

*/s Nicomedes Sy Herrera*

Nicomedes Sy Herrera

cc:

Bruce D. Greenberg
LITE DEPALMA GREENBERG
  & AFANADOR, LLC

Tejinder Singh
SPARACINO PLLC

4