# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>Plaintiffs,<br><br>v.<br><br>**JANNSEN BIOTECH, INC.,** *et al.*,<br><br>Defendants. | Case No. 19–cv–12107–MEF–ESK<br><br>**ORDER** |

**THIS *QUI TAM* MATTER** concerns the claims of plaintiff-relator Zachary Silbersher (Silbersher) against defendants under the False Claims Act alleging that defendants' fraudulent prosecution of certain patents resulted in the submission of false and fraudulent claims to government healthcare programs; and for the following reasons,

  1. From the time I was assigned to case manage this matter, the parties have presented an unusually large number of discovery disputes, which have been proven to be inordinately time-consuming. (*See, e.g.*, ECF No. 124 (dispute concerning whether discovery should commence); ECF No. 130 (defendants' motion to stay discovery); ECF No. 192 (disputes relating to the production of a third-party generic drug companies' confidential material and modification of the discovery confidentiality order); ECF No. 198 (Silbersher's motion to compel production of documents ("Motion to Compel")); ECF No. 199 (Silbersher's motion to amend the discovery confidentiality order ("Motion to Amend")); ECF No. 230 (the Court's opinion and order on the Motion to Compel and Motion to Amend); ECF Nos. 238 and 239 (dispute relating to Silbersher's objection to requests for production of documents, with 67 pages of exhibits); ECF No. 249 (non-parties' motion to quash subpoena, with 392 pages of exhibits); ECF No. 251 (non-parties' motion to quash subpoena, with 135 pages of exhibits); ECF No. 280 (disputes relating to various issues, including discovery relating to commercial success, defendants' privilege logs, and Silbersher's pre-filing investigation); ECF No. 285 (transcript of hearing on discovery disputes totaling 53 pages); ECF No. 286 (disputes relating to various issues, including alleged deficiencies in interrogatory responses and production of ANDA litigation documents); ECF No. 293 (disputes relating to defendant's due diligence prior to making the commercial success argument, ANDA litigation documents, and privilege logs

and waiver); ECF No. 294 (disputes relating to Silbersher's response to interrogatories); ECF No. 298 (dispute relating to the assertion of the attorney-client privilege relating to patent prosecution); ECF No. 301 (defendants' request for an order compelling production from Silbersher); ECF No. 304 (transcript of hearing on discovery disputes totaling 53 pages); ECF No. 316 (disputes concerning discovery schedule, responses to discovery requests, and delay in production of documents and depositions); ECF No. 323 (transcript of hearing on disputes totaling 35 pages); ECF No. 329 (disputes concerning depositions, production of documents, and assertion of attorney/client privilege); ECF No. 330 (dispute over keyword searches, personnel files, and opinions and articles drafted by certain attorneys)).

2. Pursuant to Federal Rule of Civil Procedure (Rule) 53(a)(1)(C), the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

3. "Although it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues … utilization of a master is appropriate to perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing." *Luppino v. Mercedes Benz USA, LLC*, No. 09-05582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (internal quotation marks and citations omitted).

4. Considering the procedural history of this matter, the complexity of the pending disputes, and the increasingly apparent potential for significant discovery disputes in the future, particularly as depositions proceed, it is both necessary and appropriate to appoint a special master in this case.

**IT IS** on this   **18th** day of **March 2024**   **ORDERED** that:

1. Douglas Arpert, U.S.M.J. (ret.) is appointed as special master pursuant to Rule 53(a)(1)(C).

2. The special master shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the special master may establish and modify as necessary. Any appeal of an action or a decision made by the special master shall be filed with the Court and resolved by the Magistrate Judge.

      3.    The special master shall maintain an understanding of the parties' receptivity to settlement and may engage the parties and their counsel in discussions concerning potential resolution of this matter.

      4.    The special master shall address all issues in the pending disputes. The special master shall also address new discovery issues. On or before **March 29, 2024**, the parties shall provide the special master with a joint letter that provides a list of open disputes, with citations to the relevant docket entries embodying those disputes. The parties shall also file the joint letter on the docket.

      5.    The parties shall equally bear the costs relative to the special master's resolution of any dispute. However, for good cause shown, the special master may determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party or reasonable based on other factors the special master deems appropriate.

      6.    The special master shall receive an hourly rate of $1,100 and shall be reimbursed for all reasonable out-of-pocket expenses.

      7.    To fulfill his responsibility efficiently and cost-effectively, the special master may employ assistant lawyers at the special master's law firm, selected by the special master, under his supervision and control, and utilized at the special master's sole discretion.

      8.    The special master shall submit invoices for his services, assistant lawyers' services, and out-of-pocket expenses monthly.

      9.    The special master and his assistant lawyers shall not be subject to subpoena by any party, relating to their services for this case.

      10.    All substantive hearings may be recorded by a court reporter subject to the special master's preference and agreement of the parties.

                                  */s/ Edward S. Kiel*
                                    **EDWARD S. KIEL**
                                    **UNITED STATES MAGISTRATE JUDGE**