UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>                                   Plaintiffs,<br>v.<br>**JANSSEN BIOTECH, INC.,** *et al.*,<br><br>                                   Defendants. | Civil Action No. 19-cv-12107-MEF-CLW<br><br>**SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary" (*id.* p. 2. ¶ 2); and the Special Master having scheduled and conducted an initial status conference with all counsel for the parties on April 9, 2024 (ECF No. 337); and the parties having advised the Special Master at the conference that the issues set forth in the joint letter brief submission of March 14, 2024 ("Letter Brief") (ECF No. 330) remain disputed and ripe for decision; and the Special Master having reviewed the parties' respective positions in the Letter Brief; and good cause appearing for the entry of this order,

**IT IS** on this **18th** day of **April 2024 ORDERED** as follows:

1. Relator's requests in Document Request Nos. 68-87 for "Targeted Key Word Searches" (ECF No. 330, pp. 1-12, 14-22) are **GRANTED IN PART AND DENIED IN PART**.

2. Relator's request in Document Request No. 65 for "Personnel Files", *id.* at 12, 22-24, is **DENIED**.

1

3.      Relator's requests in Document Request Nos. 61 and 63 for "Opinions and Articles Drafted by the Patent Attorneys Who Prosecuted the Relevant Patent", *id.* at 12, 13, 24-27, are **DENIED**.

**SPECIAL MASTER DECISION**

The Special Master presumes the parties are well acquainted with the pertinent facts and procedural history of this matter. The parties have submitted 3 issues which are "ripe" for resolution by the Special Master. (See ECF No. 330.)  The Special Master will address each issue in turn.

I.      **Issue One – Targeted Key Word Searches**

a.  Relator's Position.

First, pursuant to his Requests for Production ("RFP") Nos. 68-87 (excluding Nos. 70-71), Relator seeks to compel Defendants to produce documents within the custodial files of 17 defense witnesses, including Andrea Kamage ("Kamage"), Timothy Tracy ("Tracy") and Paul Short ("Short"), in order to "confirm whether certain key documents reside within the custodial files of important witnesses to establish those witness' knowledge of [critical] facts." *Id.* at 2.  Of the 17 important witnesses identified, Relator emphasizes the importance of the custodial data of Kamage, Tracy and Short in particular.[1] *Id.* at 1, 3, fn. 1.  At the same time, Relator elsewhere characterizes a broader list of custodians that includes Kamage, Tracy, and Short, to be "of the highest priority", while maintaining that the "other witnesses are important witnesses[.]" *Id.* at 2, 3, fn. 1.

Relator seeks to have 20 search terms applied to searches of the "highest priority"

---

[1] *See also* Letter Brief, p. 7 (noting that Kamage, Tracy, and Short attended meetings for the Zytiga Compound Development Team and Clinical Team); *id.* at 11 (describing Kamage, Tracy, and Short as "indubitably key witnesses").

2

custodians—which seem to include, at a minimum, Kamage, Tracy, and Short—as well as the "important" witnesses. *Id.* at 3-4.  Relator notes that Defendants have produced documents revealing "critical, strategic planning documents that Relator believes demonstrate Defendants' knowledge that the Commercial Success statements they made to the Patent Office were false." *Id.* at 5.  But Relator maintains the requested searches are necessary "to reveal what members of the Compound Development Team and Clinical Teams knew about drivers of Zytiga's commercial success", *id.* at 7, since Defendants did not preserve all of the recipients and custodians in the metadata when the documents were produced. *Id.* at 5.

Relator also focuses on a specific document, Zytiga_Lit_05540428, a "Landscape Assessment Meeting."  According to Relator, this document "will likely play a key role at trial" as it "should have been widely distributed to Defendants' senior management and key personnel involved in the sales, distribution, and marketing of Zytiga." *Id.* at 6.  Relator states that the metadata for Zytiga_Lit_05540428 "lists only one custodian and no recipients" and "Kamage denies having ever seen it." *Id.*

      b.   Defendants' Position.

In response, Defendants argue that Relator's requests are untimely, duplicative, overbroad and disproportional. *Id.* at 14, 15, 19, 21.  More specifically, Defendants maintain that they responded to substantially the same requests in April 2022, at which time "Defendants agreed to meet and confer with Relator to agree upon reasonable and appropriate search parameters…" *Id.* at 16.  According to Defendants, Relator initially refused to engage in this dialogue and later, despite having advised the Court in February 2023 that he would do so, Relator has "consistently failed to pursue discovery with an appropriate level of diligence." *Id.* at 18.

Defendants also maintain that Relator's current requests are overbroad, covering 16 years

3

of material to be gathered from 17 different custodians (Relator has withdrawn his requests with respect to 2 recently deposed paralegals) and not "proportional to the needs of the case." *Id.* at 19-21. According to Defendants, the breadth of Relator's requests belies his assertion that he only seeks to discover information from "key witnesses".

Defendants contend that Relator can accomplish his stated objective, which is to confirm whether the particular documents at issue "reside within the custodial files of important witnesses in order to establish those witnesses' knowledge of these facts", through less burdensome means including depositions. *Id*. at 21. Relatedly, however, Relator does point out that during her deposition Ms. Kamage either denied or could not recall seeing certain emails and documents that are in question. Therefore, Defendants have not completely refuted Relator's contention that these searches are necessary to confirm the witnesses' receipt and possession, particularly where the "less burdensome" avenue of a Rule 30 examination is not invariably conclusive of the issue. *Id.* at 11, 21, 22.

      c.  Special Master's Decision.

Clearly this case is in the later stages of fact discovery which is to conclude by June 7, 2024. (ECF No. 335.) The Court has also directed that no new written discovery is to be pursued by the parties. *Id*. In light of these constraints, the Special Master concludes that a search of 17 custodial files utilizing the terms proposed by the Relator, for the limited purpose articulated by the Relator, would be excessive and burdensome, and potentially delay the timely conclusion of fact discovery. However, given that the custodial files of Relator's "highest priority" witnesses have previously been gathered, using specific terms for searches of these specific witnesses should not be unduly burdensome.

It appears that the parties have not engaged in any effort to narrow Relator's proposed list

of terms to a more focused and targeted set of terms specifically designed to yield the "critical information" he seeks (*i.e.*, receipt and possession of the subject emails). Indeed, with respect to the category of discovery in question, according to Defendants the parties attempted to meet and confer in April 2022 but were unable to agree on parameters, custodians, a search protocol, and search terms. (ECF No. 330, pp. 16-17.) Accordingly, the parties are directed to promptly meet and confer in a good faith effort to agree on: (1) appropriate search terms to be applied to the custodial files of Kamage, Tracy and Short; (2) the timing for completion of those searches; and (3) production of the results to Relator. The parties shall submit a joint letter on the status of this discrete issue to the Special Master by April 26, 2024.[2]

## II. Issue Two – Personnel Files

### a. Relator's Position.

Relator also seeks to compel production of the "personnel files, including resumes, employment history, job descriptions, employee information, and organization charts relating to individuals whom Relator is seeking to depose, or whom Defendants identified as having relevant information." *Id*. at 12. Relator maintains the information sought is necessary to verify the employing entity of each witness, establish the reporting hierarchy, and "probe those witnesses' credibility." *Id.*

### b. Defendants' Position.

Defendants rejected Relator's request as a "classic fishing expedition" targeting more than 50 individuals, many of whom he does not intend to depose. *Id.* at 22. Instead, Defendants have agreed to produce a resume for each J&J employee that is deposed (where a resume is maintained

---

[2] The parties shall submit this letter in the same manner prescribed by paragraph four of the Special Master's Order of April 12, 2024. (ECF No. 337, p. 2 ¶ 4.)

5

in the ordinary course), the identity of the specific J&J entity that employed a particular deponent, and information sufficient to formulate an organizational (hierarchy) chart for the various entities involved. *Id.* at 23-24 (describing Relator's claimed need for employment history, job duties, employer information, and the relationships between J&J's corporate entities).

    c. Special Master's Decision.

On balance, the Special Master concludes that Relator's RFP No. 65 is overbroad and that any legitimate need for certain information related to the deponents' personnel files and other aspects of their employment is adequately satisfied by the material and information Defendants have agreed to produce. Accordingly, Relator's request to compel is denied.

### III. Issue Three – Opinions and Articles Drafted by the Patent Attorneys Who Prosecuted the Relevant Patent

    a. Relator's Position.

Relator also seeks to compel the production of documents concerning "opinions, articles (published or unpublished, including drafts), and memoranda" drafted by the patent prosecution attorneys involved in Defendants' prosecution of the allegedly fraudulent patent. *Id.* at 12-13. Relator notes that Defendants have offered to produce only published opinions, articles, and memoranda. *Id.* at 13.

    b. Defendants' Position.

Defendants argue that the materials sought by Relator (RFP Nos. 61 and 63) are "undoubtedly privileged and unrelated to the facts of this case" *id.* at 24, because the requests "seek [the] opinions and memoranda contained in the files of J&J's patent attorneys and issued by J&J legal department … that relate to a variety of legal topics implicated by this case, including analyses by J&J lawyers about the False Claims Act." *Id.* at 24-25. Defendants have agreed to produce published articles by the attorneys who prosecuted the patent at issue, but object to the

6

remaining aspects of these requests (including, for instance, unpublished draft versions of such articles) as "clearly privileged" and not subject to production. *Id.* at 25.  Further, Defendants claim that any search for such material (to the extent it exists) would require "substantial cost and effort." *Id.* at 26.

      c. Special Master's Decision.

Having considered Relator's extensive and elaborate requests, the Special Master concludes that Relator has offered no justification or rationale to support production beyond that which Defendants have offered.  While RFP Nos. 61 and 63 seek information related to certain claims or defenses in this action, there seems to be no true dispute that the material sought ultimately constitutes privileged material.  The value of such discovery, measured against the expense and effort required to provide it, is not proportional to the needs of the case, and does not work to override the privileges and protections invoked by Defendants.  Accordingly, Relator's request to compel this information is denied.

      **IT IS SO ORDERED.**


Dated: April 18, 2024                                               *s/ Douglas E. Arpert*
                                                                            **DOUGLAS E. ARPERT**
                                                                            **SPECIAL MASTER**