UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>                              **Plaintiffs,**<br>v.<br><br>**JANSSEN BIOTECH, INC.,** et al.,<br><br>                              **Defendants.** | Civil Action No. 19-cv-12107-MEF-CLW<br><br>**SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary" (*id.* p. 2, ¶ 2); and the Special Master having entered an Order on April 18, 2024 (ECF No. 338)[1] directing the parties "to promptly meet and confer in a good faith effort to agree on: (1) appropriate search terms to be applied to the custodial files of [Andrea] Kamage, [Timothy] Tracy, and [Paul] Short; (2) the timing for completion of those searches; and (3) production of the results to Relator" ("Search Issue") *id.* at 5, and further directing the parties to "submit a joint letter on the status of this discrete issue … by April 26, 2024" *id.*; and Defendants' counsel having advised the Special Master on April 26, 2024 that the parties met and conferred but were unable to reach

---

[1] In the Order of April 18, 2024, the Special Master concluded that the additional searches proposed by the Relator "would be excessive and burdensome, and potentially delay the timely conclusion of fact discovery." (ECF No. 338, p. 4.) Nonetheless, the Special Master agreed to permit searches of Relator's three "highest priority" witnesses and directed the parties to meet and confer in order to "narrow Relator's proposed list of terms to a more focused and targeted set of terms specifically designed to yield the 'critical information' he seeks (i.e., receipt and possession of the subject emails)." *Id.* at 4-5.

1

agreement on the Search Issue, and that the parties will continue to confer and provide a further status update by May 3, 2024; and, contrary to the directive for a joint submission in the Order of April 18, 2024, Relator's counsel having submitted an email to the Special Master on May 8, 2024 to provide an "update" on the Search Issue, advising specifically that (1) "[t]he parties have agreed on twelve search queries"; (2) Defendants have agreed to "substantially complete any document production by May 24, 2024"; (3) Defendants have agreed to "provide a supplemental privilege log identifying any documents withheld under an assertion of privilege by June 5, 2024"; and (4) the parties did not agree as to one additional search query sought by Relator, namely, "(Zytiga or Abiraterone OR AA) AND (strength OR weak! OR obstacle! OR tailwind)"; and Relator's counsel having contended that this query is necessary to capture "an important category of documents" characterized as "similar to or functionally equivalent to SWOT analyses, [but] are not formally called as such"; and Defendants' counsel having objected to the Relator's counsel's unilateral submission to the Special Master as being "improper" and contrary to the April 18, 2024 Order; and Defendants' counsel, in an email to the Special Master on May 9, 2024, having stated that: (1) Relator's request is "unfounded and unreasonable"; (2) Defendants "have offered and are conducting a search designed to accomplish [the objective of the April 18, 2024 Special Master Order]" using 12 agreed upon search terms; (3) the use of Relator's remaining term "is not designed to determine whether the three witnesses at issue were "'recipients' of specific documents", but rather, "is a broad and open-ended keyword search for anything interesting related to 'Zytiga' 'or abiraterone' or 'AA'"; and (4) Defendants having to conduct a search with the additional term requested by Relator would be "unduly burdensome, excessive, and disproportionate to the needs of this case"; and the Special Master having considered the respective submissions of the parties on the Search Issue; and for good cause,

2

**IT IS** on this **17th** day of **May 2024 ORDERED** as follows:

1. As to the Search Issue, Relator's request for the application of the additional search query – namely, "(Zytiga or Abiraterone OR AA) AND (strength OR weak! OR obstacle! OR tailwind)" – with respect to Defendants' search is **DENIED**. The Special Master agrees with and adopts Defendants' argument with respect to this disputed search term. In addition to appearing overly broad on its face, Relator's rationale for the use of the term is inconsistent with the limited purpose for which the additional searches were permitted by the Special Master.

2. Defendants do not dispute Relator's representations to the Special Master that Defendants have agreed to "substantially complete any document production by May 24, 2024" and to "provide a supplemental privilege log identifying any documents withheld under an assertion of privilege by June 5, 2024". The Special Master therefore concludes that these deadlines are agreeable to the parties. Accordingly, both dates are **SO ORDERED**.

3. To promote efficiency and avoid unnecessary confusion, misunderstanding, or duplication of effort, the Special Master requests that all parties comply fully with the Special Master's directives and instructions concerning the timing, mode, and manner of making future submissions. (*See*, *e.g.*, ECF No. 338, p. 5.) This includes the Special Master's prior directive that, "[u]nless otherwise directed … , the parties shall transmit … all submissions related to discovery disputes by e-mail to [both] darpert@walsh.law and fyook@walsh.law." (ECF No. 337, p. 2, ¶ 4.)

**IT IS SO ORDERED.**

Dated: May 17, 2024             *s/ Douglas E. Arpert*
                                **DOUGLAS E. ARPERT**
                                **SPECIAL MASTER**