# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Jeffrey J. Greenbaum
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

May 17, 2024

**By ECF**
Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102

   Re: **United States ex rel. Silbersher v. Janssen Biotech Inc., et al.,**
      **Civil Action No. 19-12107 (MEF-CLW)**

Defendants Johnson & Johnson ("J&J"), Janssen Biotech, Inc. ("Janssen"), Janssen Oncology, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") submit this letter in response to Relator's letter dated May 10, 2024 ("Relator's Letter"), and pursuant to Civil Local Rule 37.1, the Court's Order referring discovery disputes to the Special Master (ECF 331), and the Special Master's Order regarding unresolved discovery issues (ECF 337).

Relator's objections to Defendants' response to Interrogatory 17 lack merit, and all other issues raised in his letter are unripe or otherwise improper. The Court should deny his requests for relief.

  **I.** **Defendants Subpoena to Flat Line Capital LLC and Kevin Barnes (together, "FLC")**

This discovery dispute letter is not the appropriate vehicle to resolve Relator's objections to Defendants' third-party subpoena to FLC. Defendants imminently will file a motion to

1

compel FLC's response to the subpoena and Relator's objections—which lack merit—should be considered when that motion is properly before the Court.

FLC is a former client of Relator.  Relator brought a separate False Claims Act ("FCA") action against another pharmaceutical manufacturer alleging a substantially identical theory of fraud to the one he pursues here.  In that litigation, FLC filed a motion to intervene, alleging that Relator's FCA complaint was based on "confidential client information and work-product" Relator had "misappropriated" from FLC.  Flat Line Capital LLC's Mot. to Intervene, *Silbersher v. Valeant Pharm., Inc.*, No. 20-16176 (9th Cir. Nov. 2, 2020), Dkt. No. 32-1 at 1.

Separately, FLC and its principal Kevin Barnes, have shown a keen interest in this case. Apparently uninvited by anyone to our knowledge, Mr. Barnes attended a status conference before Magistrate Judge Kiel in December 2023.  He then contacted J&J's counsel by email, with his own counsel in the cc: line, indicating that FLC had information relevant to this dispute and that FLC would cooperate with any subpoena issued by Defendants.

On January 25, 2024, Defendants served FLC with a subpoena, requesting the production of any documents and communications between FLC/Barnes and Relator pertaining to J&J, Zytiga, and the types of allegations that Relator has pursued against J&J in this litigation.

Relator served Defendants with objections to this third-party subpoena on February 26, 2024.

But, to date, FLC—the recipient of the subpoena—has neither responded nor objected to the subpoena; instead, until recently, FLC's counsel's correspondence with Defendants' counsel suggested that a response was forthcoming.  However, on April 30, 2024, more than three months after FLC received Defendants' subpoena, FLC's counsel represented to Defendants that FLC was informed, incorrectly, by Relator's counsel that Relator and Defendants were conferring about the

propriety of the subpoena.  FLC then indicated (for the first time) that FLC will not respond to the subpoena until the parties advise FLC that Relator's objections to the subpoena are resolved.

As a result, and as Defendants have informed Relator and FLC, Defendants imminently plan to file a motion to compel FLC to respond to the subpoena; Defendants will do so in the U.S. District Court for the District of Columbia ("D.D.C.") because the subpoena specified the Defendants' counsel's office in Washington, D.C. as the place of compliance.  Fed. R. Civ. P. 45(c), (d).

In the same filing, Defendants will ask the D.D.C. to transfer the motion to compel to this Court because this Court has the greatest familiarity with this complex and long-running litigation. Pursuant to Federal Rule of Civil Procedure 45(f) and D.D.C. Local Rule 7(m), Defendants have conferred with FLC on this issue, and FLC has represented that it consents to the transfer.  FLC has also represented that it "takes no position" on the motion to compel; FLC therefore has not stated an objection to an order compelling compliance with the subpoena.

For his part, Relator's objections to this third-party subpoena are improper.  First, Relator cannot object on "undue burden" grounds to a subpoena issued to a third party.  *See In re Rule 45 Subpoena Issued to JP Morgan Bank*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) ("Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden.").  Second, to the extent Relator claims the subpoena implicates privileged information, that privilege belongs to FLC (as Relator's former client), not to Relator (as the former attorney).  *United States v. Doe*, 429 F.3d 450, 452 (3d Cir. 2005) ("The privilege belongs to the client, not the attorney.")

In any event, Relator's objections are not properly raised in this dispute letter.  Instead, they should be raised and considered when Defendants' motion to compel a response to the

3

subpoena is properly before this Court.  At present, Defendants have no motion pending (Defendants anticipate filing the motion within the next 1-2 business days), and the motion has not yet been transferred from the D.D.C. to this Court.

Moreover, Relator suffers no prejudice from this procedural approach, as FLC's representations to counsel indicate that FLC will not produce information in response to the subpoena.

## II.     Defendants' Response to Interrogatory 17

Relator's Interrogatory No. 17 is improper because it violates hornbook principles of civil procedure.  Relator's attempt to compel a further response should be denied.

This Interrogatory states that, for each of Defendants' responses to Relator's 25 Requests for Admission that is "not an unqualified admission," each Defendant must "state all facts upon which you base your response."

This improperly attempts to transform each of Relator's Requests for Admission into an Interrogatory.  Courts consistently have rejected this trick.  "An interrogatory which requests disclosure of all of the information on which the denials . . . were based . . . essentially transforms each request for admission into an interrogatory." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 446 (C.D. Cal. 1998); *see also Saliga v. Chemtura Corp.*, 2013 WL 6097100, at *4 (D. Conn. Nov. 20, 2013) (noting that the *Safeco* Court's "approach has been widely adopted").  This is improper because requests for admission are not, strictly speaking, a discovery device. *See* 8b Wright & Miller, Federal Practice and Procedure § 2252, at n.3 (3d. ed.).  Yet that is precisely what this Interrogatory purports to do.

As a result, Relator's Interrogatory, as written, violates Rule 33(a)'s limit on interrogatories because it constitutes 25 separate Interrogatories (one for each of Relator's 25 Requests for

4

Admission), and results in more than 25 Interrogatories being served on Defendants in this case. Rule 33(a) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). "An interrogatory's subparts are to be counted as separate and discrete subparts 'if they are not logically or factually subsumed within and necessarily related to the primary question.'" *Carpenter v. Donegan*, 2012 WL 893472, at *2 (N.D.N.Y. Mar. 15, 2012) (quoting *Madison v. Nesmith*, 2008 WL 619171, at *3 (N.D.N.Y. Mar 3, 2008)). Because J&J makes denials or qualified admissions in response to 25 of Relator's Requests for Admission, none of which are "logically or factually subsumed" within one another, this Interrogatory constitutes 25 separate Interrogatories and is improper under Rule 33(a). Relator makes no attempt to argue otherwise.

Relator's claim that Defendants waived their objections to Interrogatory repeats arguments that have already been raised and addressed in prior briefing. Defendants served Relator with responses and objections to Interrogatory 17 in the same submission he raised in his dispute letter of May 3, 2024 (ECF 344); Defendants responded to that letter on May 10, 2024 (ECF 349). Defendants have not waived their objections to this Interrogatory, and Relator has suffered no prejudice from the timing of their submission, for all the same reasons set forth in Defendants' prior response. *See* ECF 349 at 11–12.

### III.    Relator's Other Pending Discovery Issues

Relator's Letter raises a series of additional issues that he says are "technically not yet [at] an impasse," but he nonetheless "suggest[s] that Your Honor address them." Ltr. at 2. None of these issues are appropriate for resolution in this dispute letter.

5

First, Relator's disagreement with Defendants' keyword search protocol for the custodial files of three witnesses has already been presented to this Court in correspondence dated May 8, 2024 and May 9, 2024. Relator's re-raising the same issue here is duplicative and unnecessary.

Second, for all remaining issues raised in his letter, Relator acknowledges that the parties have not yet completed the meet and confer process. Indeed, on several of the issues, Relator has not made a meaningful attempt to meet and confer at all. Relator's attempt to raise these issues—which he concedes are not an "impasse"—before the meet-and-confer process is complete does not comply with Local Civil Rule 37.1, or this Court's scheduling orders.

In the closing weeks of discovery, the parties are working diligently to complete numerous depositions that Relator has chosen to cluster at the end of the calendar, and to address and resolve multiple other discovery issues. Indeed, as of today, 11 depositions have been completed, 10 more are calendared, and still others are being scheduled as the June 7 fact discovery deadline approaches. In such circumstances, it is particularly important for the parties to comply with the Local Rules and to avoid needless dispute letters on issues that are not ripe for the Court's decision.

Respectfully yours,

**SIDLEY AUSTIN LLP**

GORDON D. TODD (*pro hac vice*)
gtodd@sidley.com
ROBERT D. KEELING (*pro hac vice*)
rkeeling@sidley.com
BRIAN P. MORRISSEY (*pro hac vice*)
bmorriss@sidley.com
LAUREN KATZEFF (*pro hac vice*)
lkatzeff@sidley.com
ALARIC R. SMITH (*pro hac vice*)
alaric.smith@sidley.com
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000

**SILLS CUMMIS & GROSS P.C.**

By: *s/ Jeffrey J. Greenbaum*
JEFFREY J. GREENBAUM
jgreenbaum@sillscummis.com
GREGORY E. REID
greid@sillscummis.com
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

*Attorneys for Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson*