

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

May 28, 2024

**VIA ECF AND ELECTRONIC MAIL**
Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102

          Re:    *U.S. ex rel. Silbersher v. Janssen Biotech Inc.*
                *Civil Action No. 19-12107(MEF)(CLW)*

Dear Judge Arpert:

On April 26, 2024, Defendants moved to quash the deposition notice of Pearl Pugh based on Defendants' mistaken application of the apex doctrine (ECF No. 341). Relator filed his opposition on May 3, 2024 (ECF No. 344). With Your Honor's permission, Relator submits this letter providing Your Honor with excerpts from the depositions of Defendants' former employees, Eric Harris (**Exhibit A**) and Victoria Vakiener (**Exhibit B**), as their testimony relates to that motion.

As we explained in our opposition to Defendants' motion, the apex deposition doctrine does not apply to Ms. Pugh. Additionally, the recent depositions of Mr. Harris and Ms. Vakiener confirm that Ms. Pugh has unique and personal knowledge of important issues in this case.

On May 8, 2024, Relator took the deposition of Eric Harris. Mr. Harris was Johnson & Johnson's Senior Oncology Analytics and Forecasting analyst primarily in charge of creating Defendants' Long Range Forecast Projections for Zytiga from 2013 to 2014. (Ex. A, at 22 [describing responsibilities without specifying dates and exact title])

On May 17, 2024, Relator took the deposition of Victoria Vakiener, who was the Director of Marketing for Zytiga between 2013 to 2014, and Vice President of Oncology Marketing from 2014 to approximately 2020. (Ex. B, at 36 [without specifying dates])

As explained in Relator's Motion for *In Camera* Review of Documents Not Subject to Privilege Pursuant to the Crime-Fraud Exception, the long-range financial planning models play an important role in Relator's proof. (ECF No. 346, at 17-18 & Exhibits 22-24 of the accompanying Declaration of Bruce D. Greenberg, ECF No. 345-1). In particular, the assumptions used in the long-range financial forecasts demonstrate that Defendants knew that

993814.1



Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
May 28, 2024
Page 2

that the '438 Patent, which Relator alleges was fraudulently obtained, would be invalidated by the Patent Office or the courts and not remain in force for its full patent term.

Mr. Harris testified that he received the loss of exclusivity ("LOE") assumptions for generic entry challenging Zytiga from Defendants "marketing" department, likely to have been Ms. Victoria Vakiener during the time that Mr. Harris was in charge of Long Range Forecast Projections from 2013-14. (Ex. A, at 92.  The Director of Marketing conveyed to him the patent expiration and loss of exclusivity assumptions he should use in modeling Zytiga's projected revenue and market share over a ███████████████ time horizon.

Ms. Vakiener testified that ██████████████████████████████████████ ████████████ she provided the data and financial modeling analysts such as Mr. Harris with those critical patent expiration and LOE assumptions ████████████████████████████ (Ex. B, at 83-86) Ms. Vakiener confirmed that Ms. Pugh took over responsibility for this important function in 2014, and that Ms. Pugh would have the most direct knowledge of these critical assumptions from 2014 onward to the end of the relevant time period. (*Id.*, at 93 ████████████████████████████████████████████████████████████ ████████████████████████████████████; *see also id.* at 208-09)

*** 

Based on the foregoing, Your Honor should deny Defendants' motion (ECF No. 341).

Respectfully,

*/s/ Bruce D. Greenberg*

Bruce D. Greenberg

BDG:emp

cc:      All Counsel of Record (via ECF and email)

993814.1

# EXHIBIT A

1                UNITED STATES DISTRICT COURT

2                         for the

3                  DISTRICT OF NEW JERSEY

4

5   UNITED STATES OF AMERICA         )

6   ex rel. SILBERSHER,              )

7        Plaintiff,                  )

8   vs.                              ) No. 19-12107(MEF)(ESK)

9   JANSSEN BIOTECH, INC., et al., )

10       Defendants.                 )

11   _____)

12

13            VIDEO DEPOSITION OF ERIC HARRIS

14                   MAY 8, 2024

15

16    Reported by:  Rosalie A. Kramm, CSR No. 5469, RPR, CRR

17

18

19

20

21

22

23

24

25

                                        Page 1

```
 1          So I would have put out a weekly forecast for     08:55:09

 2    Zytiga that was updated throughout the year, and then run   08:55:12

 3    a lot of the data analytics to check actuals against that   08:55:17

 4    forecast.                                                   08:55:21

 5          So it is a very different type of forecasting.        08:55:23

 6      Q.   And is there other types of forecasting you         08:55:27

 7    were doing besides the forecasting for the current year;    08:55:29

 8    for example, were there longer-term forecasts you did for   08:55:34

 9    Zytiga?                                                     08:55:39

10      A.   Yes, once a year there was a long-range             08:55:39

11    financial plan, often referred to as LRFP, and I worked     08:55:44

12    on the long-range financial plan as well.                  08:55:48

13      Q.   Any other types of forecasts that you worked on      08:55:52

14    for Zytiga?                                                 08:55:57

15      A.   None that I recall.                                  08:56:02

16      Q.   In your LinkedIn profile, you've described this      08:56:05

17    position as -- or you've described your responsibilities   08:56:09

18    in the position as "forecasted future potential and         08:56:12

19    tracked actual performance of products in Janssen           08:56:16

20    Biotech's oncology portfolio"; is that right?               08:56:19

21      A.   That's correct.                                      08:56:22

22      Q.   Is that an accurate description of your              08:56:23

23    responsibilities?                                          08:56:25

24      A.   Yes.                                                 08:56:29

25      Q.   Were there any drugs, other than Zytiga, that        08:56:31
```

Page 22

| | | |
|---|---|---|
| 1 | Do you see that? | 10:50:49 |
| 2 | A.   I do. | 10:50:49 |
| 3 | Q.   And if you look halfway down the page, there is | 10:50:51 |
| 4 | a column labeled "LOE." | 10:50:53 |
| 5 | A.   I see that. | 10:50:56 |
| 6 | Q.   That stands for loss of exclusivity? | 10:50:57 |
| 7 | A.   It does. | 10:51:00 |
| 8 | █████████████████████████████ | ████████ |
| | ██████████████████████████████████ | ████████ |
| | ████ ████ | ████████ |
| | █████████████████████████████████████ | ████████ |
| | ███████████████████████████████ | ████████ |
| | ██████████████ ████████████████ | ████████ |
| | ███████████████ | ████████ |
| | ████ ██████ | 10:51:24 |
| 16 | Q.   Who was responsible for preparing this slide? | 10:51:26 |
| 17 | A.   Me, it looks like. | 10:51:32 |
| 18 | Q.   Where did you get the LOE assumptions? | 10:51:35 |
| 19 | A.   Probably from marketing. | 10:51:45 |
| 20 | Q.   Who, specifically? | 10:51:48 |
| 21 | A.   More than likely it would have been Vicki | 10:51:53 |
| 22 | Vakiener, but I don't remember exactly. | 10:51:55 |
| 23 | Q.   Would Ms. Vakiener be the person most likely to | 10:51:59 |
| 24 | know the answer to that question about where these LOE | 10:52:02 |
| 25 | projections came from? | 10:52:05 |

Page 92

```
 1   concludes today's deposition.  The time off the record is   16:16:50

 2   4:16 p.m.                                                   16:16:52

 3              (Recess was taken at 4:16 p.m.)                  16:16:54

 4              (Read/sign was not requested.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 262

```
 1                    REPORTER'S CERTIFICATE

 2

 3          I, Rosalie A. Kramm, Certified Shorthand

 4     Reporter for the State of California, do hereby

 5     certify:

 6          That the witness named in the foregoing

 7     deposition was by me duly sworn; that the

 8     deposition was then taken before me at the time

 9     and place herein set forth; that the testimony

10     and proceedings were reported stenographically

11     by me and were transcribed through computerized

12     transcription by me; that the foregoing is a

13     true record of the testimony and proceedings

14     taken at that time; and that I am not

15     interested in the event of the action.

16          Witness my hand dated May 14, 2024.

17

18

19

20          ROSALIE A. KRAMM

21          CSR 5469, RPR, CRR

22

23

24

25

                                              Page 263
```

# EXHIBIT B

HIGHLY CONFIDENTIAL

```
1
2
3                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
4
       - - - - - - - - - - - - - - - - -x
5                                       :
       UNITED STATES OF AMERICA,        :
6      STATE OF CALIFORNIA,             :
       COLORADO, CONNECTICUT,           :
7      DELAWARE, FLORIDA, GEORGIA,      :
       HAWAII, ILLINOIS, INDIANA,       :
8      IOWA, LOUISIANA, MICHIGAN,       :
       MINNESOTA, MONTANA, NEVADA,      :
9      NEW JERSEY, NEW MEXICO, NEW      :
       YORK, NORTH CAROLINA,            :
10     OKLAHOMA, RHODE ISLAND,          : Civil Action
       TENNESSEE, TEXAS, VERMONT,       : No.
11     AND WASHINGTON; THE              : 19-12107(MEF)(ESK)
       COMMONWEALTHS OF                 :
12     MASSACHUSETTS AND VIRGINIA;      :
       AND THE DISTRICT OF COLUMBIA,    :
13     Ex rel. ZACHARY SILBESHER,       :
                     Plaintiffs,        :
14                                      :
              vs.                       :
15                                      :
       JANSSEN BIOTECH, INC.,           :
16     JANSSEN ONCOLOGY, INC.,          :
       JANSSEN RESEARCH &               :
17     DEVELOPMENT, LLC, and JOHNSON    :
       & JOHNSON,                       :
18                     Defendants.      :
                                        :
19     - - - - - - - - - - - - - - - - -x
20            HIGHLY CONFIDENTIAL VIDEOTAPED DEPOSITION
       OF VICTORIA VAKIENER, a witness called by counsel
21     for the Plaintiff Relator Zachary Silbersher, taken
       pursuant to the Federal Rules of Civil Procedure,
22     before Jane M. Werner, Registered Merit Reporter and
       Notary Public in and for the Commonwealth of
23     Massachusetts, at the Offices of Sidley Austin LLP,
       60 State Street, Boston, Massachusetts, on Friday,
24     May 17, 2024, commencing at 9:38 a.m.
```

Page 1

HIGHLY CONFIDENTIAL

```
 1     PRESENT:
 2         HERRERA KENNEDY LLP
               BY:  NICOMEDES SY HERRERA, ESQ.
 3                 BRET HEMBD, ESQ. (Via Zoom)
               1300 Clay Street, Suite 600, Oakland, CA
 4             94612, for the Plaintiff Relator Zachary
               Silbersher.
 5             nherrera@herrerakennedy.com
               bhembd@herrerakennedy.com
 6             510.422.4701
 7         VIA ZOOM
           MORGAN & MORGAN, PA
 8             BY:  DOUGLAS ACKLIN, ESQ.
               501 Riverside Ave., Suite 1200,
 9             Jacksonville, FL 32202, for the
               Plaintiff Relator Zachary Silbersher.
10             dacklin@forthepeople.com
               904.398.2722
11
           VIA ZOOM
12         MORGAN & MORGAN, PA
               BY:  JUAN MARTINEZ, ESQ.
13             201 N. Franklin Street, 7th Floor, Tampa,
               FL 33602, for the Plaintiff Relator
14             Zachary Silbersher.
               juanmartinez@forthepeople.com
15             813.223.5505
16         SIDLEY AUSTIN LLP
               BY:  LAUREN C. KATZEFF, ESQ.
17                 ALARIC R. SMITH, ESQ.
                   DREW LANGAN, ESQ.
18                 KAMILA RIVAS, ESQ.
               1401 K Street, N.W., Washington, D.C.
19             20005, for the Defendants and the witness.
               lkatzeff@sidley.com
20             alaric.smith@sidley.com
               dlangas@sidley.com
21             krivas@sidley.com
               202.736.8176
22
23     Also Present:  Robert Giannini, Videographer
24                     * * * * *

                                             Page  2
```

HIGHLY CONFIDENTIAL



Page 36

HIGHLY CONFIDENTIAL



Page 83

HIGHLY CONFIDENTIAL



Page 84

HIGHLY CONFIDENTIAL



Page 85

HIGHLY CONFIDENTIAL



Page 86

HIGHLY CONFIDENTIAL



Page 92

HIGHLY CONFIDENTIAL



Page 93

HIGHLY CONFIDENTIAL



Page 208

HIGHLY CONFIDENTIAL



Page 209

HIGHLY CONFIDENTIAL

1    COMMONWEALTH OF MASSACHUSETTS)

2    SUFFOLK, SS.              )

3       I, Jane M. Werner, RMR and Notary Public in and

4    for the Commonwealth of Massachusetts, do hereby

5    certify that there came before me on the 17th day of

6    May, 2024, at 9:38 a.m., the person hereinbefore

7    named, who was by me duly sworn to testify to the

8    truth and nothing but the truth of her knowledge

9    touching and concerning the matters in controversy

10   in this cause; that she was thereupon examined upon

11   her oath, and her examination reduced to typewriting

12   under my direction; and that the deposition is a

13   true record of the testimony given by the witness.

14      I further certify that I am neither attorney or

15   counsel for, nor related to or employed by, any

16   attorney or counsel employed by the parties hereto

17   or financially interested in the action.

18      In witness whereof, I have hereunto set my hand

19   and affixed my notarial seal this 22nd day of May,

20   2024.

21

22

23

                Notary Public

24        Commission expires 1/27/2028

                                     Page 222