# Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

**Jeffrey J. Greenbaum**
**Member**
**Admitted In NJ, NY**
**Direct Dial:  973-643-5430**
**Email:**
**jgreenbaum@sillscummis.com**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561)-693-0440
Fax: (561)-828-0142

June 7, 2024

**By ECF**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

> Re:  **United States ex rel. Silbersher v. Janssen Biotech Inc., et al.**
>       **Civil Action No. 19-12107 (MEF-CLW)**

Dear Judge Arpert:

The Johnson & Johnson ("J&J") Defendants respectfully submit this letter to advise the Court of a recent development that impacts their request to quash the deposition of J&J's CEO, Joaquin Duato.  None of the three apex depositions Relator seeks are appropriate for the reasons explained in our prior briefing.  *See* ECF 341.

Relevant here, Relator seeks to depose Mr. Duato regarding the contents of a slide deck he presented to investors—which included an "Overview" of numerous topics across J&J's Pharmaceuticals business, of which Zytiga was only one part.  ECF 344 at 16–17; ECF 341 at 9. As Defendants previously explained, Mr. Duato played no role in the prosecution of the disputed '438 patent, and he received this slide deck only after it had gone through multiple levels of drafting and revision by other employees, including Christian Nebel, J&J Health Care Systems' Director of Specialty Pharmacy Capability, who have "personal," "superior," and "unique" knowledge regarding its contents that Mr. Duato lacks.  ECF 341 at 9 (collecting authorities).

Sills Cummis & Gross
A Professional Corporation

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
June 7, 2024
Page 2

      The parties calendared Mr. Nebel's deposition for Thursday, June 6, 2024. However, Relator cancelled the deposition. Relator's decision not to take Mr. Nebel's deposition forecloses his claim that Mr. Duato's deposition is necessary or appropriate. Under the apex doctrine, Relator "must demonstrate the insufficiency of . . . depositions of . . . lower level employees before obtaining a deposition of [the company] CEO." *Reif v. CNA*, 248 F.R.D. 448, 454 (E.D. Pa. 2008). Relator's failure to take the deposition of Mr. Nebel—or any other witness involved in the preparation of this presentation—precludes him from making that showing.

      Respectfully yours,

      */s/ Jeffrey J. Greenbaum*

      JEFFREY J. GREENBAUM

cc: Counsel of Record (*via ECF and Email*)