# Sills Cummis & Gross
A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jeffrey J. Greenbaum**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-5430**
**Email:**
**jgreenbaum@sillscummis.com**

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561)-693-0440
Fax: (561)-828-0142

June 26, 2024

**By ECF**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

Re:   **United States ex rel. Silbersher v. Janssen Biotech Inc., et al.**
      **Civil Action No. 19-12107 (MEF-CLW)**

Dear Judge Arpert:

The Johnson & Johnson ("J&J") Defendants respectfully submit this letter as their Reply in support of their motion to compel compliance with the third-party subpoena issued to Flat Line Capital LLC ("FLC") and Kevin Barnes on January 25, 2024 ("Motion"). *See Janssen Biotech, Inc. et al. v. Flat Line Capital LLC*, No. 2:24-cv-06598 (D.N.J.), ECF No. 1.[1]

With the submission of this Reply, briefing on the Motion is now complete. The deadline for FLC's and Barnes' response was June 21, 2024. That date has passed and FLC and Barnes have not complied with the subpoena nor raised any objections to it. In sum, after specifically inviting this subpoena, FLC and Barnes have failed to comply with it, but have also failed to raise

---

[1] Unless otherwise specified, citations to ECF refer to the docket in *Janssen Biotech, Inc. et al. v. Flat Line Capital LLC*, No. 2:24-cv-06598 (D.N.J.).

Sills Cummis & Gross
A Professional Corporation

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
June 26, 2024
Page 2

any objections, despite J&J's multiple attempts to meet and confer with them.  *See* ECF No. 1-1 at 7–9 (Brief in Support of Motion).

      Relator's Brief in Opposition to the Motion is not a valid substitute for the lack of response from FLC and Barnes.  As demonstrated in the Motion, Relator lacks standing to object.  In his initial letter to the Court, Relator raised two objections to the subpoena: (1) it is "disproportionately burdensome" to FLC and Barnes; and (2) it seeks "confidential information."  *Silbersher v. Janssen Biotech Inc. et al.*, No. 2:19-cv-12107 (D.N.J.), ECF No. 350 at 5.  Neither point has any purchase.  The law is clear that Relator lacks standing to assert an alleged burden on a third party. *See In re Rule 45 Subpoena Issued to JP Morgan Bank*, 319 F.R.D. 132, 135 (S.D.N.Y 2016); ECF No. 1-1 at 12.  And, to the extent communications between Relator and FLC were "confidential" or privileged, such a claim belongs to FLC/Barnes—as the former client of Relator—not the other way around.  *United States v. Doe*, 429 F.3d 450, 452 (3d Cir. 2005) ("The privilege belongs to the client, not the attorney."); ECF No. 1-1 at 12–13.  Relator's Brief offers no response on either point, nor offers any other basis for his standing.

      Finally, even if Relator had standing to object—which he does not—he identifies no valid reason not to enforce the subpoena.  Relator claims that FLC does not possess "responsive information" because Relator "never had any communications with Barnes (or FLC) about Zytiga, the '438 patent or this action."  ECF No. 6 at 1.  But Relator's unsubstantiated representation about the nature of the information FLC possesses cannot replace actual discovery from FLC itself.

      In sum, the subpoena was properly served and has not been opposed by the recipients.  It should therefore be enforced.

      Respectfully yours,

      */s/ Jeffrey J. Greenbaum*

      JEFFREY J. GREENBAUM

cc:   Counsel of Record
      *(via ECF and Email)*