UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>       **Plaintiffs,**<br>v.<br>**JANSSEN BIOTECH, INC.,** *et al.*,<br><br>       **Defendants.** | Civil Action No. 19-cv-12107-MEF-CLW<br><br>**SPECIAL MASTER ORDER** |

  **THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and the Special Master, in an effort to address and resolve the parties' respective discovery disputes, having entered an Order on April 12, 2024 (ECF No. 337) setting deadlines for submissions relating to "[e]ach party's first set of unresolved discovery issues" along with "[e]ach party's second set of unresolved discovery issues", *id.* at 1, ¶¶ 2-3; and the Special Master having considered the issues, arguments, and positions as to Relator's efforts to depose non-party Andrew Brackbill as set forth in: (1) Defendants' submission of April 26, 2024 (ECF No. 341) ("Application to Quash"); (2) non-party Andrew Brackbill's Motion to Quash of April 29, 2024 (ECF No. 343) ("Motion to Quash"); (3) Relator's response of May 3, 2024 (ECF No. 344); and (4) Relator's opposition to the Motion to Quash of May 20, 2024 (ECF No. 353); and good cause appearing for the entry of this order

  **IT IS** on this **27th** day of **June 2024 ORDERED** as follows:

1

    1.      Defendants' Application to Quash (ECF No. 341) is **GRANTED**.

    2.      Non-Party Andrew Brackbill's Motion to Quash (ECF No. 343) is **GRANTED**.

    3.      Relator's deposition subpoena to Andrew Brackbill is hereby **QUASHED**.[1]

## SPECIAL MASTER DECISION

The Special Master presumes the parties are well acquainted with the pertinent facts and procedural history of this matter. Before the Special Master is Defendants' Application to Quash Relator's Deposition Subpoena to Andrew Brackbill, (ECF No. 341, p. 16), and non-party Andrew Brackbill's Motion to Quash Relator's Deposition Subpoena to Andrew Brackbill. (ECF No. 343.) Relator submitted a response to Defendants' Application to Quash on May 3, 2024, (ECF No. 344), and opposition to the Motion to Quash on May 20, 2024. (ECF No. 353.)

### I.    Defendants' Submission of April 26, 2024 (ECF No. 341)

Defendants advance a number of arguments in support of their Application to Quash Relator's deposition subpoena to former Johnson & Johnson employee, Andrew Brackbill.[2] They argue the subpoena is "harassing", vexatious, and speculative, and that it constitutes an "unwarranted fishing expedition[.]" (ECF No. 341, pp. 16, 18.) Defendants note that Relator did not seek to depose Mr. Brackbill until after Johnson & Johnson commenced a separate, "entirely

---

[1] According to Defendants' submission of April 26, 2024, Defendants ask the Special Master to "quash Relator's late-breaking deposition subpoena for a former J&J employee [Andrew Brackbill]", (ECF No. 341, p. 1), but later refers to Relator's "deposition notice" to Mr. Brackbill. *Id.* at 16, 20. In the interest of clarity, any deposition notices *or* deposition subpoenas issued by Relator to Mr. Brackbill are hereby quashed.

[2] Mr. Brackbill was Johnson & Johnson's Director of U.S. Pricing from 2007 to 2015 and had responsibilities over the company's U.S. pharmaceutical portfolio, which, according to Defendants, included Zytiga "among many other drugs." (ECF No. 341, p. 17.)

2

unrelated" litigation against him.[3] *Id.* at 2. Defendants do not dispute that Mr. Brackbill was identified in their Rule 26 disclosures, and that Defendants produced documents relating to Mr. Brackbill and his successor, Dimitry Gitarts. *Id.* at 18-19. Despite those disclosures and productions in November 2022, Defendants highlight that Relator made "no effort" to depose Mr. Brackbill until March 2024—when Johnson & Johnson commenced the "unrelated" lawsuit against him. *Id*.

Furthermore, Defendants question the extent of Mr. Brackbill's knowledge of relevant matters, and his connection to events that are pertinent to the litigation. Defendants maintain that Mr. Brackbill played no role in the prosecution of the '438 Patent. They further maintain that his tenure as Director of U.S. Pricing is "immaterial" since the alleged fraudulent misrepresentation to the USPTO would have impacted Zytiga's price "more than a year *after* Mr. Brackbill exited his role" in December 2016. *Id*. at 18-19. Defendants add that Mr. Brackbill's replacement, Mr. Gitarts, held the role of Director of U.S. Pricing after December 2016, and thus, would be a more knowledgeable and more appropriate witness, because Relator's Complaint alleges that Defendants' fraudulent representations to the USPTO excluded generic competition from the market (impacting Zytiga's price) *after* December 2016. *Id.* at 18, 19.

Defendants also represent that they would be willing to "provide Relator with Rule 30(b)(6) depositions on six pricing topics" if, after deposing Mr. Gitarts, Relator still seeks information relating to Defendants' pricing practices with respect to Zytiga. *Id.* Indeed, according to Defendants, Relator agreed to postpone Mr. Gitarts' deposition pending completion of Defendants' Rule 30(b)(6) depositions on a "broad array" of pricing topics, which "may well be sufficient to

---

[3] The "unrelated" litigation is *Johnson & Johnson Healthcare Sys., Inc. v. Brackbill*, No. 3:24-cv-03909 and is pending in the United States District Court for the District of New Jersey.

3

answer any and all of Relator's pricing-related questions." *Id*. at 20.  Defendants submit that, even if Relator persists in his desire to depose Mr. Brackbill, like Mr. Gitarts' deposition, Mr. Brackbill's deposition should be postponed pending completion of Defendants' Rule 30(b)(6) depositions on the pricing topics. *Id.*

## II. Non-party Andrew Brackbill's Motion to Quash Subpoena of April 29, 2024 (ECF No. 343)[4]

Non-party Andrew Brackbill filed a Motion to Quash Relator's Subpoena on April 29, 2024.[5] (ECF No. 343.)  Mr. Brackbill's Motion "incorporates by reference" Defendants' submission of April 26, 2024. *Id.* at 1.  The Motion adds that Mr. Brackbill "is currently being sued by Defendants for misappropriation of certain trade secrets. He believes that this is the only reason Plaintiff issued a subpoena to depose him. The Subpoena is thus harassing and highly prejudicial to Mr. Brackbill[.]" *Id.*

## III. Relator's Opposition to Motion to Quash of May 20, 2024 (ECF No. 353)

Relator filed opposition to the Motion to Quash on May 20, 2024. (ECF No. 353.)  Relator's opposition underscores that Mr. Brackbill was identified by Defendants as having "relevant knowledge" on two important issues: Zytiga's pricing, and generic entry.[6] *Id.* at 2.  Relator adds

---

[4] The Motion to Quash appears to indicate that the subpoena at issue is attached as "Exhibit A", however no such exhibit was annexed to the Motion to Quash. (ECF No. 343.)

[5] Defendants submit that they have standing to move to quash Relator's deposition subpoena "as well" because Mr. Brackbill's deposition is "highly likely to implicate privileged information [Mr. Brackbill] learned in his capacity as a J&J employee." (ECF No. 341, p. 17, n. 11.) Defendants state that Mr. Brackbill specifically "obtained privileged information regarding Defendants' legal analyses regarding the likelihood of generic competition, about which Relator has inquired in depositions of other J&J employees." *Id.*

[6] Relator's opposition refers to Relator's Motion for *In Camera* Review of Documents Not Subject to Privilege Pursuant to the Crime-Fraud Exception ("Motion for *In Camera* Review") as "demonstrat[ing] precisely why Mr. Brackbill's role as Director of Pricing for Zytiga from 2007 to 2015 … makes him a particularly appropriate witness." (ECF No. 353, p. 3.) The Special Master has reviewed the materials to which Relator's opposition cites – specifically, ECF No. 346, pp. 17-

4

that the deposition subpoena to Mr. Brackbill was "timely, properly served, and procedurally correct." *Id.* at 3.  Relator represents he has no intention of asking Mr. Brackbill about any of the employment issues "over which Defendants are suing him." *Id.*

**IV.    Relator's Response of May 3, 2024 (ECF No. 344)**

In opposition to Defendants' Application to Quash and the Motion to Quash, Relator maintains that Defendants identified Mr. Brackbill in their Rule 26 supplemental disclosures of March 15, 2023 as someone with "discoverable information that Johnson & Johnson Defendants may use to support their claims or defenses." (ECF No. 344, p. 1.)  Relator also argues that, although the alleged misrepresentation to the USPTO occurred after Mr. Brackbill's tenure at Johnson & Johnson, Mr. Brackbill was a "critical player in *projecting* when generic competitors would enter the market" and the "future effect of such entry on Zytiga's prices and market share." *Id.* at 6.  Relator advances the somewhat speculative contention that Mr. Brackbill's testimony "may confirm" that, when Defendants made these future projections, it was under the assumption that the '438 Patent would be invalidated, thus "proving that Defendants knew their commercial success argument lacked merit and couldn't survive scrutiny." *Id.*

In addition, Relator explains that the timing of the deposition is "particularly appropriate" because Mr. Brackbill "is more likely to provide candid and truthful testimony" regarding Defendants' alleged fraud now that the "unrelated" litigation has commenced against him. *Id.* at 7.  Further explaining the late timing of the deposition subpoena to Mr. Brackbill, Relator highlights that although Mr. Brackbill was concededly not named in Relator's first round of deposition notices and subpoenas, "adjusting the deposition lineup is common in litigation" especially in

---

18, and Exhibits 22-24 to the Motion for *In Camera* Review – but does not find Relator's reliance on same to be persuasive with respect to the Motion to Quash and Application to Quash.

5

complex cases when additional information is discovered prompting parties to "adjust their priorities." *Id.* at 7.  Relator points to his own agreement to remove certain witnesses from the deposition schedule as priorities have changed, while maintaining that Mr. Brackbill's deposition is "particularly probative and helpful" and thus, cannot be quashed. *Id.*

### V. Legal Standard

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed.R.Civ.P. 26(b)(1).  Courts have "broad discretion in managing requests for discovery and determining the appropriate scope of discovery." *Falato v. Fotografixusa, L.L.C.*, No. 09-cv-05232, 2013 WL 1846807, at *3 (D.N.J. Apr. 30, 2013) (citation omitted).  "Rule 26(b)(2) vests the court with the authority to limit a party's pursuit of otherwise discoverable information." *Gilmore v. Jones*, No. 21-cv-13183, 2022 WL 267422, at *2 (D.N.J. Jan. 28, 2022); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed.").

Discovery sought by way of a Rule 45 subpoena must conform and "fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)." *Falato*, 2013 WL 1846807, at *3; *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, No. 08-cv-02681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008).  "A subpoena may be quashed if it fails to allow a reasonable time to comply, requires excessive travel by a non-party, requires disclosure of privileged matter, or subjects a person to an undue burden." *Plastic the Movie Ltd. v. John Doe Subscriber Assigned I.P. Address 24.0.105.163*, No. 15-cv-02446, 2015 WL 4715528, at *1 (D.N.J. Aug. 7, 2015).  "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45

are satisfied." *Malibu Media, LLC. v. John Does 1-15*, No. 12-cv-02077, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012). Such requirements include establishing that compliance with the subpoena would subject the party seeking to quash the subpoena to an undue burden. *City of St. Petersburg v. Total Containment, Inc.*, No. 06-cv-20953, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008); *see also* Fed.R.Civ.P. 45(d)(3)(A)(iv). "Generally, any motion to quash or modify a subpoena directed towards a non-party, must be brought by the non-party itself." *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-cv-00597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2017).

### VI. Special Master's Decision

The Special Master finds that Defendants and Mr. Brackbill have demonstrated that Relator's Rule 45 subpoena to Mr. Brackbill should be quashed. As an initial matter, the Special Master finds that Mr. Brackbill's compliance with the subpoena would be unduly burdensome— an examination of Mr. Brackbill is not likely to yield information relevant to the prosecution of the '438 Patent, and thus, is not likely to adduce any testimony relevant to the issues being litigated in this case. The Special Master highlights that discovery in the current case has been open for more than two and a half years. While discovery was open, Defendants provided Relator with documents from Mr. Brackbill and his successor, Mr. Gitarts, in November 2022, and both Mr. Brackbill and Mr. Gitarts were named in Defendants' revised Rule 26 disclosures in March 2023. (ECF No. 341, p. 18.) Despite being aware of Mr. Brackbill, his former role at Johnson & Johnson, and documents associated with Mr. Brackbill produced by Defendants, Relator made no effort to depose Mr. Brackbill. Indeed, Relator omitted Mr. Brackbill from Relator's list of thirty deponents in January 2024, and failed to include Mr. Brackbill in the three subsequent iterations of notices and amended notices in January, February, and March of this year. *Id*. It seems Relator only pursued a deposition of Mr. Brackbill after Relator became aware of Mr. Brackbill's involvement

in the separate and unrelated lawsuit brought against Mr. Brackbill by Johnson & Johnson. The Special Master takes the view that Relator's strategic choice to subpoena Mr. Brackbill is driven by Mr. Brackbill's connection to the unrelated lawsuit, and not because of any demonstrable need for his testimony with respect to the claims, defenses, and issues of the present lawsuit. In this regard, the burdens of the deposition subpoena are disproportional to the needs of the case and unduly burdensome to Mr. Brackbill and Defendants.

Furthermore, the Special Master finds that the deposition of Mr. Brackbill is unlikely to lead directly to relevant information because Mr. Brackbill was not employed by Johnson & Johnson when the alleged fraudulent misrepresentation affecting Zytiga's price occurred. Mr. Brackbill left Johnson & Johnson in 2015, which was at least a year before Relator alleges "Defendants wrongfully relied on the '438 Patent to exclude generic competition", that is, before Defendants' alleged fraudulent misrepresentation to the USPTO affected Zytiga's price. (ECF No. 341, pp. 18-19.) The Special Master finds that if Relator genuinely seeks to discover information relating to pricing and related issues during the relevant timeframe, Mr. Brackbill's successor, Dimitry Gitarts, would appear to be the better witness. Indeed, the claimed importance of Mr. Brackbill's deposition by Relator is belied by the fact that Relator noticed Mr. Gitarts on January 12, 2024, and again on March 4, 2024, without attempting to notice Mr. Brackbill at either juncture. *Id.* at 19. The Special Master also finds that Defendants' willingness to provide Relator "with Rule 30(b)(6) depositions on six different pricing topics," and Relator's agreement to remove Mr. Gitarts' deposition from the calendar until these are completed, indicate that Defendants' Rule 30(b)(6) depositions will likely provide testimony that pertains to Relator's pricing-related questions, and thus, would seem to obviate any need to examine Mr. Brackbill. *Id*. at 19-20.

The Special Master appreciates, as Relator states, that "adjusting the deposition lineup is common in litigation, and especially complex ones[.]" (ECF No. 344, p. 7.)  However, it remains unclear to the Special Master what exactly changed such that Mr. Brackbill's examination is now a priority for Relator. *Id.*  If Mr. Brackbill's deposition would be, as Relator urges, "particularly probative and helpful," one is left to surmise why Mr. Brackbill's deposition was not noticed earlier in the case, particularly in light of Relator's *multiple* opportunities to amend the deposition schedule.  This is particularly so, considering Relator was in possession of documents pertaining to Mr. Brackbill, and was aware of the possibility that Mr. Brackbill possessed relevant information as noted in Defendants' Rule 26 disclosures.  Relator's assertion that Mr. Brackbill "was a critical player in *projecting* when generic competitors would enter the market" is difficult to reconcile with Relator's delay in seeking to subpoena and examine Mr. Brackbill.

The Special Master finds that the late timing of Relator's subpoena to Mr. Brackbill, Relator's issuance of the subpoena shortly after the initiation of Johnson & Johnson's unrelated lawsuit against Mr. Brackbill, Mr. Brackbill's comparatively limited connection to relevant events and occurrences central to the lawsuit (particularly in view of the availability of better witnesses and Defendants' forthcoming 30(b)(6) depositions), and the passage of more than two and a half years during which Relator had ample opportunity to pursue Mr. Brackbill's deposition, persuade the Special Master that Relator's subpoena should be appropriately quashed.

### VII.   Conclusion

For the reasons set forth above, Defendants' Application to Quash the Deposition Subpoena to Andrew Brackbill and Non-Party Andrew Brackbill's Motion to Quash the Deposition Subpoena are **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 27, 2024

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**SPECIAL MASTER**
