**LITE DEPALMA GREENBERG & AFANADOR**

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

October 7, 2024

**VIA ECF**
Honorable Michael E. Farbiarz, U.S.D.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse
2 Federal Square, Courtroom 4
Newark, New Jersey 07101

  Re: *United States ex rel. Silbersher v. Janssen Biotech Inc., et al.*,
     Civil Action No. 19-12107 (MEF)(SDA)

Dear Judge Farbiarz:

  Relator Zachary Silbersher ("Relator") respectfully requests that the Court clarify the scope of its appointment of a Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(C) to "oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto. . . ." (ECF No. 331 ("the Order") at 2.)

  The Court found the need to appoint a Special Master given the many disputes between the parties on fact discovery, which were listed in the first paragraph of the Order (ECF No. 331 at 1-2). The Court also noted the potential for additional disputes "as depositions proceed" (*id.* at 2). At this stage, fact discovery is complete except for one deposition, and the parties are engaged in exchanging expert reports and conducting expert discovery.

  When Judge Kiel signed the Order, he intended that the appointment would be "limited in scope," and that the purpose of the Special Master was to perform "time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing."

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

Honorable Michael E. Farbiarz, U.S.D.J.
October 7, 2024
Page 2

(ECF No. 331 at 2 (quoting *Luppino v. Mercedes Benz USA, LLC*, No. 09-05582, 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013).)

Defendants have recently filed a letter brief asking the Special Master to strike the corrected and supplemented version of an important expert report served by Relator. (ECF No. 372.) It is reasonable to expect that any decision by the Special Master on this and any future motions directed at expert reports and expert testimony will be appealed to the Court. (*See* ECF No. 331 at 2.) Having these issues decided by the Special Master in the first instance—which would mostly be reviewed *de novo* under Rule 53(f)(3), (4)—would be an inefficient use of judicial resources and likely delay trial. This case has been pending for over five years, and Relator would like to avoid any further delays to the trial schedule.

Finally, Relator notes that in *Luppino*, the court approved the appointment of a special master to oversee *fact* discovery related to class certification. The court determined that such appointment would avoid having case "languish" due to the number of fact discovery disputes. *Id.*, at *4. Given the current posture of this case, assigning expert motions for decision by the special master not only would be much broader than the "limited" appointment contemplated in *Luppino*, but would also tend to delay the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Motions directed at expert discovery are generally the types of consequential motions that Relator believes Judge Kiel intended to reserve for the Court's determination.in the first instance.

**LITE DEPALMA GREENBERG & AFANADOR**

Honorable Michael E. Farbiarz, U.S.D.J.
October 7, 2024
Page 3

    Relator does not intend in any way to demean the Special Master, who has been very diligent in his work on this matter. For the foregoing reasons, however, Relator respectfully submits that to the Court should clarify that the appointment of the Special Master is limited to fact discovery and does not apply to any disputes relating to experts.

    Thank you very much for your consideration.

    Respectfully,

    */s/ Bruce D. Greenberg*

    Bruce D. Greenberg

BDG:emp

cc:    All Counsel of Record (via ECF)