# LITE DePALMA GREENBERG & AFANADOR

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

October 9, 2024

**VIA EMAIL & ECF**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street
15th Floor
Newark, New Jersey 07102

>       Re:    ***U.S. ex rel. Silbersher v. Janssen Biotech Inc.***
>             **Civil Action No. 19-12107(MEF-SDA)**

Dear Judge Arpert:

Relator requests Your Honor to resolve a dispute between the parties concerning the scope of Topic 13 of Relator's Rule 30(b)(6) deposition notices as to which Your Honor ordered Defendants to produce a corporate representative to testify. (ECF No. 370, at 8-9.)

Relator submits this letter pursuant to Civil Local Rule 37.1 governing discovery disputes and the Court's Order referring discovery disputes to the Special Master (ECF No. 331). We certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the parties have met and conferred on the issue raised many times over the past months, including a telephonic meet and confer on August 19, 2024, and multiple correspondence for over a month ending on September 30, 2024.

\*       \*       \*

Topic 13 of each of the Rule 30(b)(6) deposition notices served on each Defendant originally requested testimony concerning the:

> role, Rights, and responsibilities of [each Defendant] . . . relating to the '340 Application, the '440 Application, the '213 Patent, and the '438 Patent.

**LITE DePALMA**
**GREENBERG &**
**AFANADOR**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
October 9, 2024
Page 2

Relator has proposed the following revision to Topic 13 to provide additional specificity to the topic and ensure no overlap with Topics 1, 2, and 3, as Your Honor instructed:

> Intercompany agreements (written or otherwise) concerning each entity's rights and obligations relating to the '340 and '440 applications, and in commercializing or practicing the inventions claimed in the '213 and '438 patents.

Defendants object to the phrase "commercializing or practicing the inventions claimed in . . . ."

We believe that the restriction to "[i]ntercompany agreements (written or otherwise)" comports with what Your Honor suggested during our September 19 status conference. And specifying that Relator will ask about "intercompany agreements" concerning "commercializing or practicing the inventions" claimed in the relevant patents is a reasonable restriction and the most natural reading of the original language of topic 13, which simply stated "the '213 Patent, and the '438 Patent," without further specification. Defendants claim that the original topic was limited to the patents themselves, not to their commercialization. Yet, Defendants clearly did not acquire these patents simply for the sake of having them. A deposition topic generally directed to the "rights and obligations" of each Defendant with respect to a given patent only makes sense if it includes questions regarding how the patents are used—namely, how they are commercialized.

Defendants apparently would agree with Relator's phrasing if "commercializing or practicing the inventions claimed in" were deleted. (*See* **Exhibit A**.) If Relator's proposed modifying clause were deleted, as requested by Defendants, then the unmodified phrase "the '213 and '438 patents" would logically be *broader*, not narrower. So Relator *would* agree with Defendants' wording, with the understanding that the more general object embracing "the '213 and '438 patents" in general, without any further modification, *also* includes the subset containing

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
October 9, 2024
Page 3

issues relating to the "commercializing or practicing the inventions" claimed in "the '213 and '438 patents." The fact that Defendants oppose Relator's attempt to narrow the scope of the topic suggests, however, that either Defendants believe their proposed wording is even narrower than what Relator proposes, which would unduly limit the scope of the topic, or that Defendants hope to create ambiguity in the wording of the topic that will allow them to object to the scope of the questioning at the deposition, which is precisely what Relator is trying to avoid.

Finally, Relator anticipates that Defendants will try to argue that Relator's proposal would be duplicative of Topics 1, 2, and 3, which would supposedly contravene Your Honor's instructions on page 9 of ECF No. 370 (instructing that a modified Topic 13 should not be duplicative of Topics 1, 2, and 3). These three topics include testimony concerning the "prosecution of" the '340 and '440 applications (Topic 1); due diligence relating to the Commercial Success Argument (Topic 2); and the "facts, issues, and materials that Defendants relied upon or considered in making the Commercial Success Argument" (Topic 3). Relator's proposed modified language of Topic 13 will not be duplicative of Topics 1, 2, or 3, because the topic is now limited to "intercompany agreements" relating to specific issues (*i.e.* the commercialization and practice of the inventions) concerning "the '213 and '438 patents."

As shown by the email correspondence between counsel and attached as Exhibit A, on September 30, Relator's counsel requested the parties move forward with the long-scheduled deposition scheduled for October 4, 2024, with respect to the other Rule 30(b)(6) topics Your Honor ordered on July 10 (and as to which there were no disputes between the parties, *i.e.*, Topics 18, 19, 20, and 26, *see* ECF No. 370, at 11-13). Unfortunately, Defendants unilaterally cancelled

**LITE DEPALMA
GREENBERG &
AFANADOR**

Hon. Douglas E. Arpert, U.S.M.J. (Ret.)
October 9, 2024
Page 4

the deposition—even for the undisputed topics. Although Relator had for weeks been pressing for an earlier date for the deposition that Your Honor had ordered on July 10, Defendants nevertheless resisted (inexplicably claiming that October 4 was the earliest date the witness would be available). This type of delay tactic, in which Defendants impede Relator's discovery for months (and then blame the resulting delay on Relator), unfortunately has become a pattern Defendants have employed and repeated over the past years.

Therefore, given the multiple delays and Defendants' unilateral cancellation of this final 30(b)(6) deposition, Relator respectfully requests that Defendants be ordered to produce a Rule 30(b)(6) corporate representative to testify as to all topics that Your Honor has ordered—including Topic 13 as requested by Relator, and Topics 18, 19, 20, 26 (as Your Honor already ordered in ECF No. 370)—on a mutually convenient date, to commence at 7:30 a.m. ET (assuming the witness is in Brussels) and continue until the deposition concludes, or seven hours of testimony on the record has expired.

Respectfully,

*/s/ Bruce D. Greenberg*

Bruce D. Greenberg

BDG:emp
Enclosure
cc:    All Counsel of Record (via email)

# EXHIBIT A

| | |
|---|---|
| **From:** | Smith, Alaric R. |
| **To:** | Nicomedes Herrera; Morrissey, Brian; Todd, Gordon D.; Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com); Katzeff, Lauren; Gregory E. Reid |
| **Cc:** | Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com); Bret Hembd; juanmartinez@forthepeople.com; cbolton@forthepeople.com; JYoung@forthepeople.com; Douglas Acklin x6133 |
| **Subject:** | RE: US ex rel. Silbersher |
| **Date:** | Monday, September 30, 2024 5:07:42 PM |
| **Attachments:** | image001.png |

Nico,

Thanks for letting us know.  As we've indicated in our prior correspondence, we disagree with Relator's interpretation of Judge Arpert's order on Topic 13, and we disagree that Relator's most recent revised formulation of this topic resolves the issues the order identified.  It therefore seems we are at an impasse.

Pursuant to the protocol Judge Arpert has established, Relator should submit a dispute letter to the Court on this issue as the party seeking the discovery; Defendants will respond within 7 days.

We will not conduct the deposition with this topic still unresolved.  We will schedule a mutually agreeable date for the deposition after Relator has submitted the dispute to the Court and the Court has resolved it.

Thanks,
Alaric

**ALARIC R. SMITH**
Senior Managing Associate

**SIDLEY AUSTIN LLP**
+1 202 736 8723
alaric.smith@sidley.com

**********************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
**********************************************************************************

**From:** Nicomedes Herrera <nherrera@herrerakennedy.com>
**Sent:** Monday, September 30, 2024 10:42 AM
**To:** Morrissey, Brian <bmorriss@sidley.com>; Todd, Gordon D. <gtodd@sidley.com>; Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com) <JGREENBAUM@sillscummis.com>; Katzeff, Lauren <lkatzeff@sidley.com>; Gregory E. Reid <greid@sillscummis.com>; Smith, Alaric R. <alaric.smith@sidley.com>
**Cc:** Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com) <BGreenberg@litedepalma.com>; Bret Hembd <bhembd@herrerakennedy.com>; juanmartinez@forthepeople.com; cbolton@forthepeople.com; JYoung@forthepeople.com; Douglas Acklin x6133 <dacklin@forthepeople.com>
**Subject:** RE: US ex rel. Silbersher

Brian:

Judge Arpert suggested a bit more specificity in the topic, so we specified that our inquiry relating to the patent topic includes commercializing or practicing the inventions claims in the patents. That's a natural reading of the language. If you intend to file a joint letter to Judge Arpert contesting our proposal, please let us know so that we can agree on a schedule for submitting a joint letter.

That said, we do not agree that this discrete dispute should delay the 30(b)(6) deposition on Friday for the other topics that Judge Arpert ordered. We believe that the start time that Judge Arpert mentioned – 7:30 a.m. ET – should be the start time, particularly if Defendants insist on delaying Topic No. 13.

Thanks, Brian.

Nico

**NICOMEDES SY HERRERA**
PARTNER
HERRERA KENNEDY LLP

---

**From:** Morrissey, Brian <bmorriss@sidley.com>
**Sent:** Friday, September 27, 2024 4:06 PM
**To:** Nicomedes Herrera <nherrera@herrerakennedy.com>; Todd, Gordon D. <gtodd@sidley.com>; Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com) <JGREENBAUM@sillscummis.com>; Katzeff, Lauren <lkatzeff@sidley.com>; Gregory E. Reid <greid@sillscummis.com>; Smith, Alaric R. <alaric.smith@sidley.com>
**Cc:** Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com) <BGreenberg@litedepalma.com>; Bret Hembd <bhembd@herrerakennedy.com>; juanmartinez@forthepeople.com; cbolton@forthepeople.com; JYoung@forthepeople.com; Douglas Acklin x6133 <dacklin@forthepeople.com>
**Subject:** RE: US ex rel. Silbersher

Nico,

Circling back to this, can Relator agree to the topic articulated in my Wednesday 4:00pm email below or are we at an impasse?

If we are aligned on the scope of the topic, we are prepared to go forward with the deposition on October 4 and can start at 11:30am Brussels time, provided Relator agrees to keep the lunch break to 30 minutes and to reasonably limit other breaks, to minimize the time the witness needs to spend in deposition after business hours Friday evening.

If we are at an impasse, we will need to find another mutually convenient deposition date to allow the Court time to rule on the dispute and to allow Defendants time to appropriately prepare the witness on whatever scope of topic is ordered by the Court. We previously advised Relator that we needed to come to ground on this issue by this past Monday, 9/23 to adequately prepare the witness. It is now Friday afternoon, 9/27 and we still do not have a resolution.

Please let us know Relator's position by Monday so we can make arrangements accordingly.

Brian

**BRIAN P. MORRISSEY**

**SIDLEY AUSTIN LLP**
+1 202 736 8407
bmorriss@sidley.com

********************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
********************************************************************************

**From:** Morrissey, Brian <bmorriss@sidley.com>
**Date:** Thursday, Sep 26, 2024 at 7:49 PM
**To:** Nicomedes Herrera <nherrera@herrerakennedy.com>, Todd, Gordon D. <gtodd@sidley.com>, Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com) <JGREENBAUM@sillscummis.com>, Katzeff, Lauren <lkatzeff@sidley.com>, Gregory E. Reid <greid@sillscummis.com>, Smith, Alaric R. <alaric.smith@sidley.com>
**Cc:** Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com) <BGreenberg@litedepalma.com>, Bret Hembd <bhembd@herrerakennedy.com>, juanmartinez@forthepeople.com <juanmartinez@forthepeople.com>, cbolton@forthepeople.com <cbolton@forthepeople.com>, JYoung@forthepeople.com <JYoung@forthepeople.com>, Douglas Acklin x6133 <dacklin@forthepeople.com>
**Subject:** RE: US ex rel. Silbersher: Expert Reports

Nico,

We cannot accept the new blue language because it is substantially broader than the initial Topic 13, which Judge Arpert held needed to be narrowed.  The subject matter of the initial topic was the "applications and patents" themselves, not the commercializing or practicing of inventions claimed in the patents, which are issues that overlap with the multiple prior 30(b)(6) topics listed in my emails below.

What type of information is Relator seeking in the new language? For instance, is Relator asking which particular J&J entities were responsible for certain functions necessary to commercialize the product?

Thanks,
Brian
**BRIAN P. MORRISSEY**

**SIDLEY AUSTIN LLP**
+1 202 736 8407
bmorriss@sidley.com

---

**From:** Nicomedes Herrera <nherrera@herrerakennedy.com>
**Sent:** Thursday, September 26, 2024 11:55 AM
**To:** Morrissey, Brian <bmorriss@sidley.com>; Todd, Gordon D. <gtodd@sidley.com>; Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com) <JGREENBAUM@sillscummis.com>; Katzeff, Lauren <lkatzeff@sidley.com>; Gregory E. Reid <greid@sillscummis.com>; Smith, Alaric R. <alaric.smith@sidley.com>
**Cc:** Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com) <BGreenberg@litedepalma.com>; Bret Hembd <bhembd@herrerakennedy.com>; juanmartinez@forthepeople.com; cbolton@forthepeople.com; JYoung@forthepeople.com; Douglas Acklin x6133 <dacklin@forthepeople.com>
**Subject:** RE: US ex rel. Silbersher: Expert Reports

Brian:

This is the topic we originally suggested, with the portions bolded that are substantially identical to what you highlighted in yellow as acceptable to Defendants, and the blue as to the change that I perceive you may be focusing on.

"Intercompany agreements (written or otherwise) concerning each entity's rights and obligations concerning ["relating to" in revision] the 340 and 440 applications, and in commercializing or practicing the inventions claimed in the 213 and 438 patents."

I view the blue highlighting "commercializing or practicing the inventions claimed in the [patents] " as being implicitly subsumed within the more general description of my email (which I wrote not to revise my suggestion, but to refer to it shorthand). In a deposition, an inquiry into the general topic of the "rights and obligations relating to the . . . patents" naturally includes questions concerning each Defendant's rights and obligations to practice the inventions claimed in the patents.

Thus, we would agree to your highlighted phrasing of the topic with the understanding that questions relating to "the patents" includes information relating to commercializing or practicing the inventions claimed in such patents.

Nico

**NICOMEDES SY HERRERA**
PARTNER
HERRERA KENNEDY LLP

---

**From:** Morrissey, Brian <bmorriss@sidley.com>
**Sent:** Wednesday, September 25, 2024 4:00 PM
**To:** Nicomedes Herrera <nherrera@herrerakennedy.com>; Todd, Gordon D. <gtodd@sidley.com>; Jeffrey J. Greenbaum (jgreenbaum@sillscummis.com) <JGREENBAUM@sillscummis.com>; Katzeff, Lauren <lkatzeff@sidley.com>; Gregory E. Reid <greid@sillscummis.com>; Smith, Alaric R. <alaric.smith@sidley.com>
**Cc:** Bruce D. Greenberg Esq. (bgreenberg@litedepalma.com) <BGreenberg@litedepalma.com>; Bret Hembd <bhembd@herrerakennedy.com>; juanmartinez@forthepeople.com; cbolton@forthepeople.com; JYoung@forthepeople.com; Douglas Acklin x6133 <dacklin@forthepeople.com>
**Subject:** RE: US ex rel. Silbersher: Expert Reports

Nico, Thanks for this. If you can confirm that Relator's Topic #13 will be as you phrased it in your email below—the text I highlighted in yellow—then Defendants are in agreement.

Best,
Brian

**BRIAN P. MORRISSEY**

**SIDLEY AUSTIN LLP**
+1 202 736 8407
bmorriss@sidley.com