**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**Stacey D. Adams**
**UNITED STATES MAGISTRATE JUDGE**

FRANK R. LAUTENBERG U.S. POST
OFFICE & COURTHOUSE BUILDING
2 FEDERAL SQUARE
NEWARK, NJ 07102
973-645-6121

October 11, 2024

**LETTER ORDER**

RE:   *Silbersher et al. v. Janssen Biotech Inc. et al.*
      Civil Action No. 19-cv-12107

Dear Counsel:

Before the Court is a letter from Relator's counsel letter dated October 7, 2024 (ECF No. 375) asking that the Court clarify the scope of the authority of the Special Master appointed in this matter pursuant to Fed. R. Civ. P. 53(a)(1)(C). (ECF No. 331). Specifically, Relator asks that the scope of the Special Master's authority be limited to issues of fact discovery, and not be applied to any disputes relating to expert discovery. Relator's counsel files this request on the heals of a motion filed by Defendants seeking to strike a corrected and supplemental report issued by one of his key experts, filed on September 27, 2024. (ECF No. 372). Relator raises two primary arguments in support of his request. First, he argues that the Order appointing the Special Master was limited in nature and was not intended to cover expert discovery. (ECF No. 375). Second, Relator argues that allowing the Special Master to handle disputes concerning expert discovery would be inefficient, because his rulings will inevitably be appealed to the Court, thereby further delaying the resolution of this already aged case. The Court does not find either of these reasons persuasive and denies Relator's request to limit the Special Master's authority as requested.

As an initial matter, while the scope of a Special Master's authority is always limited in nature and can never trounce the ultimate authority of the Court (Fed. R. Civ. P. 53), Relator's reading of the Order appointing the Special Master in this case (ECF No. 331) is unduly narrow and not justified by the plain language in the Order. The Special Master in this matter was appointed pursuant to Fed. R. Civ. P. 53(a)(1)(C) "to address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge." (ECF No. 331). The Order states that the Special Master "shall oversee the schedule for completion of discovery, and ***all*** discovery disputes and motions related thereto…." (*Id.*) (emphasis added). It goes on to state that the Special Master "shall address ***all*** issues in the pending disputes [and]… also address ***new discovery issues***." (*Id.*) (emphasis added). Nowhere in the Order is the Special Master's authority limited to only fact discovery. To the contrary, the Order makes it clear that the Special Master is to handle <u>all</u> discovery disputes, pretrial and posttrial, including any new disputes that arise.

Second, the mere possibility that the Special Master's decision may be appealed to the Magistrate Judge and/or District Judge, alone, is not a sufficient basis for narrowing the scope of

cc:   Clerk of Court
      Hon. Michael E. Farbiarz, U.S.D.J.

his authority. There is always the possibility of an appeal. If the right of appeal, alone, were a basis for ceding the authority of a Special Master then there would be no reason for Fed. R. Civ. P. 53 to exist, and Courts would effectively lose the benefit of this valuable tool in complex cases. Further, this purported concern about delay or inefficiency is belied by the current record. Contrary to Relator's argument, a review of the record makes it clear that the Special Master has not only contributed to the efficient management of this matter, but has moved it forward in a more expeditious manner than would be possible without his assistance. As outlined in the appointing Order, there were countless discovery disputes and applications that existed at the time of appointment, and there have been many new disputes that have arisen since that time. The Special Master has effectively addressed these disputes and issued multiple orders, none of which have been appealed to date and all of which have helped moved the matter forward. There is no reason for this Court to believe that allowing the Special Master to manage expert discovery will be any less efficient or effective.

Finally, the Court would be remiss if it failed to note that Relator has already acknowledged the authority of the Special Master to oversee expert discovery. Indeed, in a letter dated March 21, 2024 (ECF No. 333), issued shortly after the Special Master was appointed, Relator proposed having the Special Master resolve a dispute between the parties regarding the schedule for expert discovery. Compliance with this schedule is at the heart of the pending motion to strike, and there is arguably no one better equipped to address that motion than the Special Master who is most familiar with the discovery issues, having exclusively handled them since March of this year.

Accordingly, Relator's request to limit the scope of the Special Master's authority to fact discovery is hereby **DENIED**. The Special Master shall continue to hear all discovery issues, both pretrial and posttrial, fact and expert, as contemplated by the March 18, 2024 Order appointing him. The pending motion to strike (ECF No. 372), as well as all other discovery related applications, shall be resolved by the Special Master in the first instance, without waiver of either party's right to appeal that Order in accordance with the March 18, 2024 Order and Fed. R. Civ. P. 15.

**IT IS SO ORDERED.**

*s/ Stacey D. Adams*
Stacey D. Adams
United States Magistrate Judge

cc:   Clerk of Court
      Hon. Michael E. Farbiarz, U.S.D.J.