UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *et al.*, *ex rel.* **ZACHARY SILBERSHER**,<br><br>                                   Plaintiffs,<br>v.<br><br>**JANSSEN BIOTECH, INC.**, *et al.*,<br><br>                                   Defendants. | Civil Action No. 19-cv-12107-MEF-SDA<br><br>**SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and the Special Master having entered an Order on March 26, 2024 setting deadlines of August 7, 2024 for service of Relator Zachary Silbersher's ("Relator") expert report(s), December 9, 2024 for service of Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson's (collectively, "Defendants", and together with Relator, "Parties") expert report(s) and rebuttal expert report(s), March 10, 2025 for service of Relator's rebuttal expert report(s), and May 12, 2025 for completion of expert depositions (ECF No. 335, p. 1, ¶ 2); and Defendants having filed a letter on October 25, 2024 requesting that the Special Master extend Defendants' December 9, 2024 deadline by four (4) months from the date Relator complies with the expert disclosure requirements of Rule 26 ("Request to Extend") (ECF No. 398, p. 1); and Relator having filed a response to Defendants' Request to Extend on November 5, 2024 (ECF No. 406); and Defendants having filed a reply in

1

further support of their Request to Extend on November 7, 2024 (ECF No. 407); and Relator having filed a sur-reply on November 15, 2024 (ECF No. 411); and Defendants having separately filed a Motion to Compel Relator to Serve Amended Expert Reports and Produce Materials Considered by Relator's Experts on October 23, 2024 ("Motion to Compel") (ECF No. 392); and Defendants having requested on November 21, 2024 that the Special Master stay the December 9 deadline for service of Defendants' expert report(s) and expert rebuttal report(s) pending the Special Master's consideration of issues related to the schedule for expert discovery and other expert discovery disputes; and the Special Master having granted Defendants' request to stay the December 9 deadline; and the Special Master having held a status conference with all counsel on December 17, 2024; and the Special Master having been advised that counsel would meet and confer in a further attempt to resolve the disputes regarding the Request to Extend; and counsel having advised the Special Master that they would provide a joint update on their efforts to resolve those disputes by December 30, 2024; and the Special Master having received a joint update from counsel on January 16, 2025 ("Joint Update") (ECF No. 420) advising that the Parties have narrowed or resolved certain expert discovery issues; and the Special Master having considered the issues, arguments and positions with respect to Defendants' Request to Extend and all related submissions; and good cause appearing for the entry of this Order

    **IT IS** on this **30th** day of **January 2025 ORDERED** as follows:

1.   Defendants' Request to Extend is **GRANTED**.

2.   Defendants shall serve their expert reports and any expert rebuttal reports by April 26, 2025.

3.   Relator shall serve any expert rebuttal reports by July 28, 2025.

4.   Depositions of all experts shall be completed by September 29, 2025.

5.  Based on the Parties' representations in the Joint Update to the Special Master dated January 16, 2025 (ECF No. 420), Defendants' Motion to Compel (ECF No. 392) is **WITHDRAWN**.

6.  Likewise, in light of the Special Master's determination herein, Defendants' Motion to Strike the Expert Report of Dr. Hal Singer (ECF No. 380) is **WITHDRAWN**.

## SPECIAL MASTER DECISION

The Special Master presumes counsel and the Parties are well acquainted with the pertinent facts and procedural history of this matter.

### I.  Defendants' Request of October 25, 2024 (ECF No. 398)

Defendants initially sought an extension of the deadline for service of their expert and rebuttal reports by four (4) months from Relator's compliance with Rule 26, asserting that good cause supported the Request to Extend.[1] (ECF No. 398, p. 1.) Following a status conference before the Special Master on December 17, 2024, the Parties met, conferred, and largely resolved issues over Relator's compliance with Rule 26, effectively mooting the Motion to Compel, which Defendants have now withdrawn. (ECF No. 420, p. 5.) Moreover, Defendants have modified their Request to Extend by now seeking a new deadline of April 26, 2025 to serve their expert and rebuttal reports. Defendants reason that this date is four (4) months from December 26, 2024— when Relator confirmed that various amendments and supplements to his expert reports effectively disclosed all sources of facts and data considered by his experts.

In support of their Request to Extend, Defendants advance several contentions. First, Relator did not disclose the "majority" of his legal theories and did not substantiate his allegations

---

[1] At this juncture, it appears Relator has complied with Rule 26, as stated in the Parties' Joint Update, and as evidenced by Defendants' withdrawal of the Motion to Compel. (ECF No. 420, p. 5.)

until service of Relator's expert reports on August 7, 2024, which articulated "new theories, subjects, and contentions".  Second, Relator's expert reports failed to comply with the requirements of Federal Rule 26(a)(2)(B) as Relator failed to disclose and produce "all materials considered by his experts" (ECF No. 398, p. 2).  Third, Defendants describe scheduling and other logistical challenges posed by trial and arbitration proceedings that have been scheduled in other lawsuits.  Fourth, Defendants submit that the Request to Extend, if granted, will not unreasonably delay the overall litigation schedule. *Id.* at 9.

According to Defendants, Relator initially served his expert reports on August 7, 2024, only to later serve amended versions of certain reports.[2] *Id.* at 4, n. 3.  Defendants argue that the opinions set forth in these "voluminous reports diverge substantially from the allegations … in [the] Complaint." *Id.* at 4.  Defendants also claim Relator's expert reports now offer "a substantially expanded theory of the case," thereby affecting Defendants' ability to defend against the new allegations, draft their rebuttal reports, and prepare for expert depositions. *Id.* at 7.

Further, Defendants submit that the Request to Extend, if granted, will not unreasonably delay the overall litigation schedule, and is also necessitated by scheduling conflicts due to Defendants' counsel's commitments in other legal proceedings. *Id.* at 8, 9.  Defendants note the present schedule staggered the respective deadlines for Relator's expert reports and Defendants' expert and rebuttal reports by four (4) months.  As such, they argue that this timeframe should be maintained and preserved.  Defendants deny that their attempts to address the deficiencies identified in Relator's expert reports is a "pretext for delay." *Id.* at 9.

---

[2] Defendants' filing at ECF No. 392 states, "Relator has twice served amended versions of the report of his damages expert, Dr. Hal Singer, with the most recent amendment served on August 27, 2024. Relator also served an amended version of the report of Dr. Robert Femia on September 25, 2024." (ECF No. 392, p. 2, n. 1.)

4

## II. Relator's Response of November 5, 2024 (ECF No. 406)

In opposition to the Request to Extend, Relator notes that he had only two (2) months from the close of fact discovery to serve expert reports, whereas Defendants were afforded six (6) months to do so from that deadline. (ECF No. 406, p. 1.) He disputes that his expert reports have raised certain claims "for the first time", arguing that Defendants' attempt to show that Relator "greatly expanded" the theories of his case constitute "nit-picking." *Id.* Relator also points out that written discovery and deposition testimony following the close of fact discovery have "developed the record beyond Relator's allegations." *Id.*

In addition, Relator disputes that his expert reports contain any deficiencies, and identifies authority for the proposition that experts need not produce all materials cited in their reports.[3] *Id.* at 2. He also questions the timing of Defendants' Request to Extend, suggesting it should have been filed sooner if Defendants "were truly surprised or impeded[.]" *Id.* at 2. Relator submits that his expert reports "adequately set forth [their conclusions] with meticulous specificity" and include "all facts and data supporting those opinions." *Id.*

Relator also disputes Defendants' need for an extension based on their counsel's scheduling conflicts. He submits that the law firms representing Defendants are "well-resourced" and otherwise have other "excellent lawyers". *Id.* at 3. Relator adds that Defendants' experts appear not to have any scheduling conflicts, and that the experts are the ones who will be drafting and completing their reports. Relator notes that he offered Defendants a six (6) week extension from the December 9, 2024 deadline during the meet and confer process.

---

[3] This particular point is now moot in light of the Parties' resolution of the dispute over Relator's compliance with Rule 26.

Relator disagrees with Defendants' contention that Relator's expert reports diverge from the allegations in the Complaint. *Id.* According to Relator, the Complaint *does* describe how Defendants perpetrated the alleged fraud by listing the '438 Patent in the Orange Book and commenced litigation against competitors to exclude them from the market. Relator contends that, because the subject of the Orange Book was raised in earlier briefing more than six (6) months ago, Defendants do not need an additional four months to address that subject. *Id.* at 4 (citing ECF No. 346.) Relator states that evidence of Defendants' strategic exclusion of generic competition (such as product hopping and authorized generics), to the extent discussed in his expert reports, does not give rise to additional claims, and so does not justify a lengthy extension. *Id.* at 5.

In addition, Relator argues that Defendants' own discovery "choices" contributed to their lack of awareness of the matters over which Defendants now claim surprise. *Id.* He notes that Defendants deposed no witnesses during fact discovery, deposed Relator himself several weeks *after* the close of fact discovery, and failed to "effectively use" interrogatories. *Id.* Relator also discounts his damages expert's inclusion of an additional category of damages based on Defendants' conduct in raising the market price for abiraterone, which is a basic economic concept and not "surprising". *Id.* He asserts that, if Defendants disagree with any calculation of damages, they may dispute same in rebuttal reports. *Id.* at 6. As to Professor S. Sean Tu's report and the new evidence described therein, Relator states Defendants only cite six (6) paragraphs, out of 286 total paragraphs, that purportedly contain the new evidence. Relator also questions whether the evidence at issue in Professor Tu's report was truly "new" to Defendants. *Id.*

Relator's opposition addresses Defendants' contention that he failed to comply with Rule 26 (insofar as not all materials considered by Relator's experts were initially provided). However,

in light of the withdrawal of Defendants' Motion to Compel, a summary of Relator's discussion of this point is no longer necessary.

Relator advances the additional argument that Defendants did not specify which of its experts require additional time based on claimed deficiencies in Relator's expert reports. *Id.* at 8. Finally, he also argues that the Request to Extend will unreasonably delay the litigation schedule as well as trial. *Id.* at 9.

### III. Defendants' Reply of November 7, 2024 (ECF No. 407)

In further support of the Request to Extend, Defendants claim Relator acknowledges that an extension is appropriate, even though the Parties disagree over the length of the extension. (ECF No. 407, p. 1.) Defendants also highlight that the Court's Scheduling Order afforded a four-month window between service of the Parties' respective expert reports. *Id.* (citing ECF No. 213, p. 2.) Defendants claim that they could not "meaningfully begin work" on responding to Relator's expert reports without having those reports. *Id.* at 1. Defendants again emphasize that Relator's expert reports raise "multiple new theories, subjects, and contentions[.]" *Id.* at 1, 2.

As with Relator's response, Defendants' reply also addresses the contention that Relator failed to comply with Rule 26. However, Defendants have since withdrawn their Motion to Compel, thus obviating the need for any summary of this now resolved issue.

As to the timing of Defendants' Request to Extend, Defendants explain that they only sought the Court's intervention when attempts to meet and confer with Relator were unsuccessful. *Id.* at 2. Defendants also dispute Relator's contention that they used fact discovery "ineffectively", noting it was Relator who refused to provide certain information in discovery (including in interrogatory answers and at Relator's deposition). *Id.* at 2, 3.

**IV.     Relator's Sur-Reply of November 15, 2024 (ECF No. 411)[4]**

Relator's sur-reply opposes the extension and responds to several contentions raised in Defendants' reply. (ECF No. 411.)  He clarifies that the six (6) week extension he offered was "a matter of professional courtesy[.]" *Id.* at 1.  Relator also reiterates that Defendants were initially afforded six (6) months from the close of fact discovery, whereas Relator was afforded two (2) months from that deadline to serve his expert reports.

Further, Relator questions Defendants' point that their experts could not have "meaningfully" commenced drafting reports until receipt of Relator's expert reports.  He notes that his supplemental interrogatory responses of June 7, 2024 "mirrored much of Professor Tu's report". *Id.*  Relator adds that Dr. Ratain's opinion was provided in the underlying *inter partes* review of the relevant '438 Patent, Defendants deposed Dr. Ratain, and Defendants "previously served their own expert reports" (presumably, in related litigation) already contesting these issues. *Id.*  Relator also claims that certain "obvious" issues relating to generic entry, FDA approval, and patent prosecution, among others, were known to Defendants before the Complaint was filed. *Id.* at 2.

Relator underscores the argument that Defendants should have sought an extension of the deadline for service of expert reports "sooner." *Id.* at 3.  He claims Defendants have "manufactured" a dispute over documents "disregarded by the experts as irrelevant," documents that are publicly available, and otherwise a "handful of pin cites[.]" *Id.*  Relator also challenges

---

[4] Relator's sur-reply notes that Defendants' reply of November 7, 2024 (ECF No. 407) was submitted without leave in contravention of L. Civ. R. 37.1(b)(3) and should be disregarded. (ECF No. 411, p. 1.)  Relator adds that, if the unauthorized reply is considered, the Special Master should likewise consider Relator's sur-reply. *Id.*  The Special Master will consider both Defendants' reply along with Relator's sur-reply.

8

Defendants' characterization of Relator's approach to discovery, noting that Defendants themselves withheld "basic, critical information" from Relator. *Id.*

### V.     Parties' Joint Update of January 16, 2025 (ECF No. 420)

The Parties' Joint Update of January 16, 2025 details their efforts to address and resolve certain expert discovery disputes, stating further that Defendants have agreed to withdraw their Motion to Compel (ECF No. 391) and, conditionally, their Motion to Strike the Expert Report of Dr. Hal Singer (ECF No. 380).[5] (ECF No. 420, pp. 4, 5.) The Parties' respective statements in the Joint Update are summarized below.

      a.     <u>Relator's Statement.</u>[6]

Relator's Statement represents that Relator has made additional expert disclosures and produced documents. He indicates he produced publicly available references identified in Relator's expert reports, with certain exceptions as agreed by the Parties. *Id.* at 1. Relator otherwise represents he has disclosed all facts and data "affirmatively considered" by his experts in forming their opinions. *Id.* As to the disputed disclosure of documents "screened for relevance, but deemed irrelevant … [and] otherwise not considered in 'forming' the experts' opinions[,]" Relator states that certain citations, studies, and references screened by Professor Tu and Dr. Mark

---

[5] Defendants' portion of the Joint Update conditions withdrawal of the Motion to Strike on an extension to April 26, 2025. (ECF No. 420, p. 6.) Defendants also reserve the right to renew the request for Relator's "full compliance with Rule 26 if further discovery, including expert depositions, indicate that any of Relator's expert disclosures were incomplete or insufficient." *Id.* at 5.

[6] Relator's Statement identifies a new dispute over the disclosure of trial preparation materials under Rule 26(b)(3), (4). In the Joint Update, Relator stated the Parties "intend to brief this discrete issue with the Court." (ECF No. 420, p .3.) Subsequently, in a January 23, 2025 e-mail to the Special Master, Defendants' counsel advised that the Parties have discussed the provision of a privilege log, which may potentially narrow the dispute, adding that the Parties will promptly submit a discovery letter if necessary.

Ratain were produced. *Id.* at 2. He represents that neither expert is aware of any other documents in this category. *Id.*

Relator reiterates his position that the Request to Extend should be rejected and "no further extensions should be granted[.]" (ECF No. 420, p. 3.) He adds that he previously offered Defendants an extension of the deadline for service of Defendants' expert and rebuttal reports of six weeks, from December 9, 2024 to January 20, 2025, "as a matter of professional courtesy[.]" *Id.* at 3. Relator submits that, if the Special Master is "inclined" to extend the deadline beyond January 20, 2025, such extension should be limited to 30 more days. *Id.*

      b.      <u>Defendants' Statement.</u>

Defendants maintain that the "expansive sweep" of Relator's expert reports, Defendants' counsel's other trial commitments, and Relator's "extensive delays" in making the required expert disclosures and certain productions all support granting the Request to Extend. *Id.* at 5. Defendants now seek a new deadline of April 26, 2025 for service of their expert and rebuttal reports, reasoning this date is four months from their receipt of Relator's December 26, 2024 correspondence confirming that Relator's amended and supplemented expert reports effectively disclosed all facts and data the experts considered. *Id.* at 5, 8. Defendants confirm the Motion to Compel is withdrawn. *Id.* at 5.

Defendants add that they offered to withdraw the Motion to Strike in exchange for Relator's consent to an extension of the deadline for Defendants' expert and rebuttal reports of April 26, 2025. However, the Parties were unable to reach agreement on Defendants' proposal. Defendants state they will withdraw the Motion to Strike if their requested extension of April 26, 2025 is granted.

### VI. Legal Standard

    a.    <u>Federal Rule 16(b)(4).</u>

"Federal Rule of Civil Procedure 16 governs pretrial management and scheduling orders." *In re: Paulsboro Derailment Cases*, No. 13-00784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015). "Under Rule 16(b)(4), a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Id.* (citing Fed. R. Civ. P. 16(b)(4)). "The burden is on the moving party to 'demonstrate good cause and due diligence.'" *Id.* (citing *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d. Cir. 2010)). "[T]he 'good cause' standard is not a low threshold." *J.G. v. C.M.*, No. 11-02887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014).

Indeed, "scheduling orders are at the heart of case management" and "[i]f they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplive v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). The parties may not force an amendment on the court by stipulation. Wright and Miller et al., *Federal Practice and Procedure*, Civil § 1522.1 (3d ed.). Courts have "'broad discretion in enforcing the deadlines in their scheduling orders.'" *Fire Protection Service, Inc. v. Survitec Survival Products, Inc.*, No. 19-02162, 2020 WL 7212192 (S.D. Tex. 2020) (citing *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)).

The existence of "good cause" depends "primarily on the diligence, or lack thereof, of the moving party." *Siebel v. Work At Home Vintage Employees, LLC*, No. 12-01199, 2013 WL 6094558, at *3 (D.N.J. Nov. 18, 2013). "In general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence, relief may be given[] … [s]imilarly, relief may be granted if the court finds that the movant has not unduly delayed the

11

action and that the opponent will not be prejudiced by the modification."[7] Wright and Miller et al., *Federal Practice and Procedure*, Civil § 1522.2 (3d ed.).

### VII. Special Master's Decision

The Special Master finds that good cause exists to grant the extension sought by Defendants. Accordingly, the Request to Extend is granted.

Defendants were diligent in seeking to meet the prior deadline of December 9, 2024 by pursuing issues and other claimed deficiencies as to Relator's expert reports. This deadline was not only for service of Defendants' expert reports, but also their rebuttal reports to Relator's reports (which were amended several times after they were initially served on August 7, 2024). Whether or not Relator's contention that Defendants should have acted sooner is accepted, the Special Master cannot conclude that Defendants were not diligent, particularly as the Parties met and conferred on the issues for months before Defendants submitted the Request to Extend (and, the Motion to Compel). Clearly, there is good cause here to grant an extension.

In addition, the Special Master has no basis to conclude that the Request to Extend was purposed to delay the litigation or trial schedule in this matter. Defendants sought relief from the Special Master by submitting the Request to Extend on October 25, 2024, which was many weeks in advance of the December 9, 2024 deadline sought to be extended. Relator's point that Defendants should have sought the Special Master's intervention "sooner" is unpersuasive. Again, Defendants represent they attempted to meet and confer with Relator "for over two months", yet Relator "refused to take any steps to remedy the[] deficiencies" at issue. (ECF No. 407, p. 2.) Indeed, the Request to Extend was necessitated by alleged issues with Relator's expert reports,

---

[7] Notably, neither Relator's response nor sur-reply discusses any prejudice to Relator if the Motion to Extend were granted. (ECF Nos. 406, 411.)

particularly the question of whether all experts had complied with Rule 26. Defendants' conduct recited above does not appear to be aimed at creating any delay.

True, *some* delay has been occasioned by the submission of the Request to Extend, the Motion to Compel, related submissions and supplemental letters from the Parties. The Special Master has necessarily expended time in reviewing and considering the Parties' arguments. But none of this can be fairly construed as an effort by Defendants to unduly delay the litigation. Relator's contention that Defendants should have begun drafting their reports before receipt of Relator's expert reports to avoid the need for any extension is neither realistic nor reasonable, and is rejected.

Moreover, extending the deadline by which Defendants must serve their expert and rebuttal reports will not prejudice Relator. Indeed, none of Relator's submissions identify any meaningful prejudice. In addition, the Special Master will likewise adopt proportional and commensurate extensions of the deadlines for service of Relator's rebuttal reports and the completion of expert depositions to foreclose any prejudice to Relator.

The question becomes what actual deadlines should be adopted. Defendants contend that the four-month period between service of Relator's expert reports and service of Defendants' expert and rebuttal reports should be preserved. When Relator served his expert reports on August 7, 2024, Defendants identified and pursued issues, both as to what the reports said (*i.e.*, allegedly new allegations), along with what the reports *didn't* say (*i.e.*, the now resolved Rule 26 deficiencies).[8] Defendants' ability to meet the December 9, 2024 deadline was thus placed in jeopardy, and that deadline was stayed. Defendants argue that the "full expert response period"

---

[8] While Relator disputes that his expert reports raised new claims or theories "for the first time", Relator's alleged non-compliance with Rule 26 and the Parties' subsequent negotiations on that dispute necessitate an extension of the expert discovery schedule in any event.

13

will be restored if the extension is granted to April 26, 2025, as this date is four months from the date Relator disclosed all facts and data considered by his experts on December 26, 2024.

On the other hand, Relator submits that no extension should be granted at all. However, this position is plainly untenable. Alternatively, Relator proposes that, if the Special Master grants some extension, it should not exceed 30 days beyond January 20, 2025—the compromise deadline Relator had offered Defendants as a "professional courtesy". Relator's proposal is not realistic insofar as it overly restricts Defendants' time to prepare and finalize expert *and* rebuttal reports. From a case management perspective, a new deadline for service of Defendants' reports is needed to facilitate the Parties' completion of expert discovery.

Accordingly, the Special Master will grant an extension that is aligned with Defendants' proposal (*i.e.*, an April 26, 2025, deadline), and will likewise extend the deadlines for service of Relator's rebuttal reports and the completion of expert deadlines, as set forth in this Order.

## CONCLUSION

For the reasons set forth above, Defendants' Request to Extend is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 30, 2025

       *s/ Douglas E. Arpert*
       **DOUGLAS E. ARPERT**
       **SPECIAL MASTER**