UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>Plaintiffs,<br><br>v.<br><br>**JANSSEN BIOTECH, INC.,** *et al.*,<br><br>Defendants. | Civil Action No. 19-cv-12107-MEF-SDA<br><br>SPECIAL MASTER ORDER |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and Relator Zachary Silbersher ("Relator") having filed a Motion for *In Camera* Review of Documents Not Subject to Privilege Pursuant to the Crime-Fraud Exception on May 3, 2024 ("Motion for *In Camera* Review") (ECF No. 345); and Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson (collectively, "Defendants", and together with Relator, "Parties") having filed opposition to the Motion for *In Camera* Review on May 24, 2024 (ECF No. 354); and Relator having filed a reply in further support of the Motion for *In Camera* Review on June 10, 2024 (ECF No. 363); and the Special Master having denied the Motion for *In Camera* Review by Order of October 4, 2024 ("Special Master Order") (ECF No. 374); and Relator having filed Objections ("Relator's Objections") to the Special Master Order on October 25, 2024 (ECF No. 393); and Relator's Objections having narrowed the 900 documents at issue in the Motion for *In Camera* Review to

1

50 documents which were identified for "priority review"; and Defendants having filed opposition to Relator's Objections on November 19, 2024 (ECF No. 413); and the Court having entered an Order of December 10, 2024 directing the Special Master to "conduct an *in camera* review of the 50 documents designated by the Relator for priority review to determine whether the crime-fraud exception applies" as well as "whether the remaining documents need to be reviewed and whether [the Special Master Order] stands" (ECF No. 417, p. 2); and the Special Master having conducted an *in camera* review of the 50 priority documents; and the Special Master having considered the issues, arguments and positions with respect to Relator's Objections and all related submissions; and good cause appearing for the entry of this Order

IT IS on this **31st** day of **January 2025 ORDERED** as follows:

1. With respect to the 50 priority documents designated by Relator for *in camera* review, the Special Master finds no evidence that the crime-fraud exception applies. Based on this determination, the Special Master finds that the remaining, non-priority documents previously identified by Relator need not be reviewed *in camera*. Accordingly, the Special Master Order (ECF No. 374) stands.

## SPECIAL MASTER DECISION

The Special Master presumes counsel and the Parties are well acquainted with the pertinent facts and procedural history of this matter.

Pursuant to directives from the Court (ECF No. 417), the Special Master conducted an *in camera* review of the 50 priority documents identified by Relator.[1] Based on the Special Master's

---

[1] "Once the documents are before the court for *in camera* review, the party invoking the crime-fraud exception must make 'a prima facie showing that (1) the client was committing or intending to commit a fraud or crime and (2) the attorney-client communications were in furtherance of that alleged crime or fraud.'" *In re Neurontin Antitrust Litigation*, 801 F.Supp.2d 304, 307 (D.N.J. 2011) (quoting *In re Grand Jury Subpoena*, 223 F.3d 213, 217 (3d Cir. 2000)). It is "[the] client's

careful review of those documents, the Special Master finds no evidence that Defendants were engaged in, committing or intending to commit a fraud or crime, or that Defendants' attorney-client communications were being misused in furtherance of any fraud or crime. Insofar as the crime-fraud exception is inapplicable as to the 50 priority documents, the Special Master discerns no basis to conduct any further review of the larger body of documents previously identified by Relator for *in camera* review.

## CONCLUSION

For the reasons set forth above, the Special Master Order (ECF No. 374) stands.

**IT IS SO ORDERED.**

Dated: January 31, 2025

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**SPECIAL MASTER**

---

intentional 'misuse [of] [an] attorney's advice in furtherance of' 'wrongdoing' undertaken for an 'improper purpose,' [that] triggers the crime-fraud exception. *In re Abbott Laboratories*, 96 F.4th 371, 380 (3d Cir. 2024) (quoting *In re Grand Jury*, 705 F.3d 133, 151, 157 (3d. Cir. 2012)).