UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>                              **Plaintiffs,**<br>**v.**<br>**JANSSEN BIOTECH, INC.,** *et al.*,<br><br>                              **Defendants.** | Civil Action No. 19-cv-12107-MEF-SDA<br><br>**SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and the Special Master having entered an Order on July 10, 2024 (ECF No. 370) partially granting Relator Zachary Silbersher's ("Relator") Motion to Compel Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson's (collectively, "Defendants", and together with Relator, "Parties") 30(b)(6) Deposition ("30(b)(6) Deposition"), specifically ordering that the Parties proceed with the 30(b)(6) Deposition with respect to Relator's Topic Nos. 13, 18, 19, 20, and 26; and Relator having filed a letter on October 9, 2024 raising a dispute over "the scope of Topic 13 and seeking to compel the 30(b)(6) Deposition as to the aforementioned topics, including Topic 13 as modified by Relator ("Relator's Request") (ECF No. 379); and Defendants having filed a response to Relator's Request on October 16, 2024 ("Defendants' Response") (ECF No. 388); and the Special Master having

1

considered the issues, arguments and positions with respect to Relator's Request, Defendants' Response, and all related submissions; and good cause appearing for the entry of this Order

**IT IS** on this **19th** day of **February 2025 ORDERED** as follows:

1. Relator's Request is **DENIED**.

2. Relator's request for relief as to Topic 13, as modified by Relator, is **DENIED**.

3. In the event Relator elects to proceed with Topic 13, as modified by Defendants, and consistent with this Order, Defendants shall designate and produce an appropriate corporate representative to testify as to Topic 13.

4. Defendants shall also designate and produce an appropriate corporate representative(s) to testify as to Topics 18, 19, 20, and 26.

5. The Parties are directed to meet and confer in an attempt to reach agreement as to the scheduling, timing, logistics, and related parameters for the timely completion of the Rule 30(b)(6) Deposition as to Relator's Topics 13, 18, 19, 20, and 26.

6. Absent such agreement under paragraph five (5) of this Order (above), the Parties shall submit a joint status letter to the Special Master within ten **(10) days** of the entry of this Order.

## PARTIES' ARGUMENTS

a. <u>Relator's Request.</u>

Relator's Request seeks an Order directing Defendants to designate a Rule 30(b)(6) representative to testify as to Topics 13, 18, 19, 20, and 26, and in particular, raises a dispute "concerning the scope of Topic 13 of Relator's Rule 30(b)(6) deposition notices[.]" (ECF No. 379, p. 1.) The Special Master's Order of July 10, 2024 directed the Parties to "meet and confer on appropriate limitations to Topic 13" to meet the "reasonable particularity" requirement, and to

narrow Topic 13 to avoid overlap with Topics 1, 2 and 3. (ECF No. 370, p. 9.) However, the Parties were unable to resolve issues over the scope of Topic 13 after meeting and conferring.[1]

Topic 13, as originally crafted, relates to the "role, Rights, and responsibilities of [each Defendant] … relating to the '340 Application, the '440 Application, the '213 Patent, and the '438 Patent." (ECF No. 379, p. 1.) After the July 10, 2024 Order was entered, Relator revised Topic 13 to "provide additional specificity to the topic and ensure no overlap with" other topics. *Id.* at 2. Specifically, Topic 13 as modified now seeks testimony with respect to:

> Intercompany agreements (written or otherwise) concerning each entity's rights and obligations relating to the '340 and '440 applications, and in commercializing or practicing the inventions claimed in the '213 and '438 patents.

Relator "believe[s]" the modification to Topic 13 "comports with what [the Special Master] suggested during [the] September 19[, 2024] status conference." *Id.* But, according to Relator, Defendants object to the verbiage "commercializing or practicing the inventions claimed in the '213 and '438 patents." *Id.* Relator argues that the qualifying language as to commercialization was already encompassed within the original Topic 13 language insofar as it pertained to "rights and obligations". *Id.* On this basis, Relator submits that the subject of commercialization is not beyond the scope of Topic 13 as originally crafted.[2] In addition, Relator submits that Topic 13, as modified by Relator, will not overlap with or otherwise duplicate Topics 1, 2 or 3 because the modified version of this topic is now limited to "intercompany agreements". *Id.* at 3.

---

[1] Defendants confirm that the Parties are at an impasse as to the scope of Topic 13. (ECF No. 388, p. 1.) Relator's Request states that the Parties have met and conferred "many times over the past months[.]" (ECF No. 379, p. 1.)

[2] Relator notes that Defendants would not object to Topic 13 as modified if the phrase "commercializing or practicing the inventions claimed in" were omitted. (ECF No. 379, p. 2.)

3

Separately, Relator accuses Defendants of resorting to delay tactics with respect to the scheduling and commencement of the 30(b)(6) Deposition. *Id.* at 4. Relator points to "multiple delays" occasioned by Defendants' "unilateral cancellation" of this proceeding. *Id.* As such, Relator's Request seeks an Order directing Defendants to provide their representative(s) for Topics 13 (as modified and submitted by Relator), 18, 19, 20, and 26, setting a start time of 7:30am EST, and permitting the 30(b)(6) Deposition to continue for up to seven (7) hours until the proceeding concludes. *Id.*

      b.    <u>Defendants' Response.</u>

Defendants oppose Relator's Request for the relief sought. (ECF No. 388, p. 2.) Defendants submit that Topic 13 is excessively broad, unduly burdensome, and cumulative of other topics for which 30(b)(6) testimony has already been given. *Id.* at 1. Defendants maintain that Relator's request for testimony on intercompany agreements as related to "each entity's rights and obligations" with respect to the patent applications is overbroad and cumulative. *Id.* at 5. Furthermore, Defendants note that they have searched for and attempted to identify any "intercompany agreements" but have not located any such agreements. *Id.* at 3, 4.

Defendants contend that Relator has expanded Topic 13 to "sweep[] in a host of issues related to [sic] Zytiga that go well beyond the ambit of Patents and the Patent Applications themselves." *Id.* at 4. In particular, Defendants note that the terms "commercializing" and "practicing the invention" are undefined, vague, and ambiguous. *Id.* They contend that these terms could conceivably encompass a wide range of issues related to Zytiga sales, marketing, licensing, manufacturing, and more. *Id.* Defendants assert that Relator has not focused Topic 13 "to the level of reasonable particularity the Rule demands." *Id.*

In addition, Defendants argue that Relator's new version of Topic 13 is now cumulative of other Rule 30(b)(6) testimony. *Id.* at 4, 5. According to Defendants, Relator has suggested during meet-and-confers that Relator construes the term "commercializing" to mean "marketing". *Id.* at 5. But Defendants claim Topics 22, 23, and 24 (for which testimony has been provided) are all directly related to marketing. *Id.* Likewise, the subject of Zytiga sales overlaps with Topics 6, 7, 8, 9, and 10, for which testimony was likewise provided. *Id.* at 5, 6.

Defendants submit that the topic of intercompany agreements spans several other subjects, including prosecution of the Patent Applications, Defendants' hierarchy, structure, and responsibilities, and the acquisition, license, or transfer of rights related to the '213 Patent. Defendants claim Relator already had the opportunity to explore the subject of intercompany agreements as related to these areas. *Id.* at 6.

## **LEGAL STANDARD**

Pursuant to Rule 30(b)(6), "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); *see also Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007) ("a party may take a deposition of an individual who is designated to testify on behalf of a company, corporation or government agency."). "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). "In other words, the Rule allows a corporation to speak through its agents." *Bracco Diagnostics Inc. v. Amersham Health Inc.*, No. 03-06025, 2005 WL 6714281, at *1 (D.N.J. Nov. 7, 2005) (quoting *Hooker v. Norfolk S. Railway Co.*, 204 F.R.D. 124, 125 (S.D.Ind. 2001)).

Rule 30(b)(6) was "created in order to help clarify the murky waters of corporate discovery." *Bracco*, 2005 WL 6714281, at *1. This is because a 30(b)(6) deposition "more efficiently produces the most appropriate party for questioning, curbs elusive behavior of corporate agents who, one after another, know nothing about facts clearly available within the organization and suggest someone else has the requested knowledge, and reduces the number of depositions for which an organization's counsel must prepare agents and employees." *Id.* (citation omitted).

Rule 26(b)(1) defines the scope of topics a 30(b)(6) witness can be expected to testify to and "allows a party to obtain information concerning any matter, not privileged, which is relevant to the subject matter involved in the pending action." *New Jersey Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, No. 98-04781, 2017 WL 498710, at *2 (D.N.J. Feb. 7, 2017); *see also Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499, 500 (M.D.Pa. 2000) (stating the Court should "not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in [Fed. R. Civ. P. 26(b)(1)").

A party seeking discovery by way of Rule 30(b)(6) has a duty to "inform the organization to be deposed about the subject matter of the deposition testimony," and "must describe with reasonable particularity the matters for examination." *Fed. Trade Comm'n v. Am. Future Sys.*, No. 20-02266, 2022 WL 1437562, at *2 (E.D.Pa. Apr. 8, 2022). Although "[n]o judicial consensus exists concerning what 'reasonable particularity' means," topics that seek to "lump together unrelated or marginally related subject matter," and those that "leave a witness in doubt about the metes and bounds of the subject matter concerning which he or she must testify" are frequently stricken for lacking reasonable particularity. *Id.*

"A corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice." *Harris*, 259 F.R.D. at

6

92.  The representative's testimony "is binding on the entity and goes beyond the scope of the individual's personal knowledge." *Id.*

## SPECIAL MASTER DECISION

The Special Master presumes counsel and the Parties are well acquainted with the pertinent facts and procedural history of this matter.

The Special Master finds that Relator's proposed modification of Topic 13 improperly expands the scope of this topic.  The problem with Topic 13 as modified by Relator is that, while the topic has been limited to "intercompany agreements", the added verbiage of "and in commercializing or practicing the inventions claimed" as to the '213 and '438 patents improperly injects new subject areas into Topic 13.  The Special Master disagrees with Relator's position that "[a] deposition topic generally directed to the 'rights and obligations' of each Defendant with respect to a given patent only makes sense if it includes questions regarding how the patents are used—namely, how they are commercialized." (ECF No. 379, p. 2.)  Rule 30(b)(6) topics that "lump together unrelated or marginally related subject matter," and those that "leave a witness in doubt about the metes and bounds of the subject matter concerning which he or she must testify" are frequently stricken for lacking reasonable particularity. *Fed. Trade Comm'n*, 2022 WL 1437562, at *2.  Accordingly, Relator's Request is denied.

Thus, Relator may proceed with a Rule 30(b)(6) deposition on Topic 13 based on Defendants' proposed version of this topic[3]:

> Intercompany agreements (written or otherwise) concerning each entity's rights and obligations relating to the '340 and '440 applications, and in the '213 and '438 patents.

---

[3] *See* Exhibit A to Defendants' Response. (ECF No. 388-1, pp. 4, 5.)

7

Aside from Topic 13, there appear to be no other outstanding disputes over Relator's Topics 18, 19, 20, and 26 that require intervention by the Special Master. These particular topics were only raised in Relator's Response because of Defendants' purported "unilateral cancellation" of the 30(b)(6) Deposition—the Parties' dispute over Topic 13 effectively held up the entire proceeding across all topics. The Parties appear prepared and poised to move forward as to Topics 18, 19, 20, 26, and—now—13.

As to Relator's request for an Order setting a start time of 7:30am EST for the 30(b)(6) Deposition, and permitting the deposition to continue for up to seven (7) hours until the proceeding concludes (ECF No. 379, p. 4), this request is denied without prejudice. As noted in this Order, the Parties are directed to promptly meet and confer in an attempt to reach agreement as to the scheduling, timing, logistics, and related parameters for the timely completion of the 30(b)(6) Deposition.

## CONCLUSION

For the reasons set forth above, Relator's Request is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 19, 2025

                                                  *s/ Douglas E. Arpert*
                                                  **DOUGLAS E. ARPERT**
                                                  **SPECIAL MASTER**