# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

**Jeffrey J. Greenbaum**
Member
Direct Dial: (973) 643-5430
E-mail: jgreenbaum@sillscummis.com

March 7, 2025

**By ECF**

Honorable Douglas E. Arpert, U.S.M.J. (Ret.)
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102

    Re:    **United States ex rel. Silbersher v. Janssen Biotech Inc., et al.,
Civil Action No. 19-12107 (MEF-SDA) – Dispute over Expert Depositions**

Dear Judge Arpert:

    Defendants respectfully submit this letter to briefly address Relator's response (ECF 429) to Defendants' discovery letter asking the Court to direct Relator to make his experts available for depositions in a timely fashion prior to April 26, 2025 (ECF 425). The first of these expert depositions is noticed for March 11, 2025. Although the noticed dates are now impractical because of Relator's noncompliance, Defendants nonetheless request prompt relief so that depositions may be timely taken and no modification to the discovery schedule is necessary.

    Relator's response is flawed for several reasons.

    ***First***, Relator's objection relies on the erroneous premise that Defendants necessarily will seek to depose Relator's experts twice. *See* ECF 429 at 2. But that just deflects from the actual question before the Court: whether Defendants may depose Relator's experts now. Defendants plainly have that right under the Federal Rules. *See* Fed. R. Civ. P. 26(b)(4)(A) ("the deposition may be conducted … after the report is provided"). Relator's conjecture about potential second depositions is premature, and is best addressed by the parties and, if necessary, the Special Master if and when any request for second depositions is made. Such requests should be considered based on good cause. Even the case Relator cites, *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd. (In re Copaxone Antitrust Litig.)*, 2024 WL 5203037, at *3 (D.N.J. Nov. 25, 2024), relies on good cause to determine whether second depositions are permitted. ECF 492 at 2. Further, Relator's claim that second depositions will be sought is premised on his supposition that his experts will be

entitled to file additional reports. But that is not even clear at this stage.[1]

**Second**, Relator is wrong to argue that there is anything unfair about Defendants' request to depose Relator's paid experts on the opinions they have offered. Discovery in this case is already massively asymmetric in Relator's favor: Relator has deposed 21 witnesses for nearly 100 hours, and received more than 130,000 documents in fact discovery. Defendants have been able to take only one deposition (of Relator, for seven hours), because he is the sole "fact" witness who can provide testimony on his theories of fraud in this case. Defendants received only 148 documents from Relator in fact discovery. Relator has chosen to make his affirmative case entirely through the testimony of his seven paid experts, and Defendants are entitled to reasonably probe it through depositions.

At bottom, Relator is attempting to preserve his ability to revise his experts' opinions whenever he would like. According to Relator, he can serve vague and unsubstantiated expert reports, deny Defendants any opportunity to test and confirm the opinions expressed in those reports through depositions, and then serve rebuttal reports that amend, revise, and patch up the earlier opinions. *See* ECF 429 at 2. *That* is unfair. *Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004) ("Rebuttal evidence … is not an opportunity for the correction of any oversights in the plaintiff's case in chief." (cleaned up)). This has been Relator's tactic throughout this litigation: start with one theory and when it no longer works, move on to something new. *See, e.g.*, ECF 374 (Special Master noting that Relator's "theories fall outside the claims set forth in Relator's pleading"). That is not how discovery works.

**Third**, Relator accuses Defendants of manufacturing a delay to facilitate their ability to depose his experts. But he does not even acknowledge that Defendants have been transparent with Relator and the Court about their intent to depose Relator's experts *before* serving their expert reports. *See* ECF 425 at 5; ECF 392 at 2. Relator's argument is also wrong. If Relator had simply served complete and compliant reports on deadline, Defendants would have had sufficient time to depose his experts and prepare their own experts' reports. Instead, the parties and the Court were forced to spend months litigating over the deficiencies in Relator's initial expert reports.

**Fourth**, the various authorities that Relator cites are all either irrelevant or taken out of context because they involve requests for two rounds of depositions of an opposing party's experts. *See, e.g.*, *ProconGPS, Inc. v. Skypatrol, LLC*, 2013 WL 11261327, at *1 (N.D. Cal. May 22, 2013), and *Enns Pontiac, Buick & GMC Truck v. Flores*, 2011 WL 2787729, at *3 (E.D. Cal. July 11, 2011). No such request has been made here and any future request should be considered for good cause consistent with *Mylan*, 2024 WL 5203037, at *3.

Relator also cites *DOCA Co. v. Westinghouse Elec. Co., LLC*, 2011 WL 12896754, at *1 (W.D. Pa. Dec. 7, 2011), to argue that it is "practical" to refuse depositions until his seven experts have served rebuttal reports. *See* ECF 429 at 2–3. But that case is inapposite because it is by no

---

[1] Contrary to Relator's assertions, there is no "entitle[ment] to know in advance the scope of discovery expected from" Relator and his experts. ECF 429 at 3. Relator's experts are voluntary—and compensated—participants in this litigation, so it is not unfair for them to appear for a deposition or depositions as the needs of the case may dictate.

means certain that Relator will even be *permitted* to serve any rebuttal reports.

Further, Relator's string cite of cases that purportedly address the number of times a party may depose an expert witness is a particularly egregious example of quoting opinions out of context. ECF 429 at 3 (citing *Hunter v. Kennedy*, 2018 WL 6322909, at *4 n.3 (M.D. Pa. Dec. 4, 2018); *Wynne v. Town of East Hartford*, 2023 WL 1272892, at *3 (D. Conn. Jan. 31, 2023); *United States v. Acquest Transit LLC*, 2018 WL 3861612, at *11 (W.D.N.Y. Aug. 14, 2018); *Bryson v. Diocese of Camden, N.J.*, 2013 WL 3956360, at *5 (D.N.J. July 26, 2013)). *None* of these opinions states—or even suggests—that a party is limited to only one deposition per expert. It appears that Relator cites these cases only because they use the word "deposition" in the singular form.[2]

The Federal Rules and the Special Master's scheduling order permit Defendants to conduct depositions now. It is especially appropriate for Defendants to conduct those depositions now, given that Relator is attempting to make the lion's share of his case through expert testimony. The parties and the Court should address disputes about the propriety of rebuttal reports and second depositions only if and when those issues actually arise.

In sum, this Court should compel Relator to make his experts available for depositions in a timely fashion. Relator's repeated delays and meritless objections are preventing Defendants from completing these depositions before the April 26, 2025 deadline to serve Defendants' expert rebuttals and any affirmative expert reports. Defendants thus respectfully seek the Court's assistance in securing the needed depositions.

---

[2] Relator's reliance on a long-outdated advisory committee note proves no more compelling. *See* ECF 429 at 2 (quoting Fed. R. Civ. P. 26(b)(4) 1970 advisory committee note). Yanked from a time when the federal rules did not even *require* expert reports, *see* Fed. R. Civ. P. 26(a)(2)(B) 1993 advisory committee note, the note merely reflects that parties can obtain discovery of trial witnesses only, and only after those witnesses have been disclosed. But Relator *has disclosed* his expert witnesses for trial and their opinions. Again, Defendants gain no advantage in deposing his experts on opinions they have disclosed unless Relator intends to ambush Defendants with new opinions and new testimony meant to cure the many ills of his prior reports.

The advisory committee note provides in relevant part: "Past judicial restrictions on discovery of an adversary's expert, particularly as to his opinions, reflect the fear that one side will benefit unduly from the other's better preparation. The procedure established in subsection (b)(4)(A) holds the risk to a minimum. Discovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts."

Hon. Douglas A. Arpert, U.S.M.J. (Ret.)
March 7, 2025
Page 4

| | |
|---|---|
| March 7, 2025 | **SILLS CUMMIS & GROSS P.C.** |
| | By: */s/ Jeffrey J. Greenbaum* |
| | JEFFREY J. GREENBAUM |
| | jgreenbaum@sillscummis.com |
| | GREGORY E. REID |
| | greid@sillscummis.com |
| | One Riverfront Plaza |
| | Newark, New Jersey 07102 |
| | Phone: (973) 643-7000 |
| | Facsimile: (973) 643-6500 |
| | |
| | **SIDLEY AUSTIN LLP** |
| | GORDON D. TODD (*pro hac vice*) |
| | gtodd@sidley.com |
| | BRIAN P. MORRISSEY (*pro hac vice*) |
| | bmorriss@sidley.com |
| | LAUREN KATZEFF (*pro hac vice*) |
| | lkatzeff@sidley.com |
| | ALARIC R. SMITH (*pro hac vice*) |
| | alaric.smith@sidley.com |
| | 1501 K Street, N.W. |
| | Washington, DC 20005 |
| | |
| | *Attorneys for Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson* |