# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,** <br><br> Plaintiffs, <br><br> v. <br><br> **JANSSEN BIOTECH, INC.,** *et al.*, <br><br> Defendants. | Civil Action No. 19-cv-12107-MEF-SDA <br><br> **SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research & Development, LLC, and Johnson & Johnson (collectively, "Defendants") having filed a Motion to Compel Relator Zachary Silbersher ("Relator", and together with Defendants, "Parties") to Produce Retention Agreements and Written Statements on Litigation Funding Agreements on October 15, 2024 ("Motion") (ECF No. 385); and Relator having filed opposition to the Motion on October 29, 2024 ("Opposition") (ECF No. 401); and the Special Master having considered the issues, arguments, and positions with respect to the Motion, Opposition, and all related submissions; and good cause appearing for the entry of this Order

**IT IS** on this **25th** day of **March 2025 ORDERED** as follows:

1. Defendants' Motion is **DENIED**.

## **PARTIES' ARGUMENTS**

The Special Master presumes counsel and the Parties are well acquainted with the pertinent facts and procedural history of this matter.

    a.    <u>Defendants' Motion to Compel.</u>

Defendants' Motion seeks to compel Relator to produce "any and all retention or other agreements with [his] counsel … in connection with this matter" and to provide written responses to specific questions concerning "his litigation funding agreements." (ECF No. 385, pp. 2, 9.) Defendants note that Relator "initially produced a fee agreement with counsel in discovery" before Relator asserted privilege and clawed it back. *Id.* at 2. Defendants contend litigation funding agreements are not privileged and that, in any event, Relator waived privilege at his deposition in testifying to the substance of such agreements between himself and the law firms representing him in this matter. *Id.* at 3, 4. Defendants point to this testimony in arguing that (1) Relator unequivocally waived privilege and (2) those retainer agreements are relevant and, thus, "discovery [of them] is particularly appropriate." *Id.* at 4.

Defendants submit the materials sought are relevant because "the origins of this lawsuit, the scope of [Relator's] purported independent investigation, his fee arrangements with counsel, and the involvement of any other sources of funding, all … bear on [Relator's] credibility and the integrity of his … investigation." *Id.* at 2. Defendants add that Relator's fee arrangement with the Herrera Kennedy firm is "uncommonly high", particularly for a False Claims Act case, which already provides for recovery of attorneys' fees by the prevailing *qui tam* Relator. *Id.* at 4, 5. Defendants argue this "uncommon" arrangement raises reasonable questions regarding Relator's "atypical status", which Defendants are "entitled to explore." *Id.* at 5. In view of the "substantial" contingency fee Relator agreed to provide to the Herrera Kennedy law firm, Defendants submit

there are "reasonable doubts" about whether Relator performed the pre-suit investigation himself, and whether Relator's testimony relating to the investigation is credible. *Id.* Defendants add that the agreements "may also provide relevant information sought by Defendants['] questions regarding the funding of his litigation." *Id.*

Defendants dispute Relator's contention that they waived the opportunity to pursue the discovery in question on the purported basis that Defendants "previously declined to object to [Relator's] privilege log entries." *Id.* They maintain there is no requirement to first challenge Relator's earlier withholding of such discovery before pursuing same where Relator subsequently waives privilege over that discovery. *Id.* at 6. Defendants also submit that Relator cannot articulate any prejudice if the sought-after documents are produced, as the documents are "limited" and "readily identifiable". *Id.*

In addition, Defendants note Relator "must" identify, in the form of written answers to Defendants' questions, whether Relator has received any litigation funding in connection with this action. *Id.* at 6, 7 (citing L. Civ. R. 7.1.1). Defendants clarify that they are not seeking to re-depose Relator or even to compel a limited deposition with respect to the specific questions described in their Motion. *Id.* at 9. Rather, Defendants seek, whether by "affidavit or otherwise", statements from Relator on: (1) the identity of the person or entity funding Relator's attorneys' fees or expenses or providing other support; (2) whether the approval of the funding person or entity is required for litigation or settlement decisions; and (3) a brief description of the nature of the funding person or entity's interest in the litigation. *Id.* at 9, 10.

Pointing to Relator's purported "non-answer" to deposition questions about Relator's compliance with Local Rule 7.1.1, Defendants submit there is good cause to compel the written answers sought—particularly since Relator allegedly attempted to obscure his business partners'

involvement despite their participation in Relator's preparation for this litigation. *Id.* at 7. Defendants acknowledge that Local Rule 7.1.1 mandates disclosure of "specified" litigation funding agreements, but also note that the Local Rule does not preclude the Court from ordering additional disclosures if appropriate. *Id.* (citing L. Civ. R. 7.1.1(b)-(c)).

Defendants also state that Relator "improperly invoked [sic] Local Rule [7.1.1] as a shield" to give non-responsive answers at his deposition, which suggests the existence of "some funding or support agreement". *Id.* at 8. Defendants indicate Relator lacks first-hand knowledge of the alleged fraud, is "atypical", and thus has the "unique ability to serve as a vehicle for third-party interests" in view of Relator's business partners' experience with litigation funding. *Id.* Because Relator has close involvement with litigation funding, it is "appropriate" for Relator to answer Defendants' questions as to what entities are funding or supporting him in the litigation. *Id.* at 9. Defendants add that Relator has attempted to "obscure" the involvement of his law firm partners, which makes the relief sought "particularly appropriate". *Id.*

      b.    <u>Relator's Opposition.</u>

In his Opposition, Relator advances several grounds supporting denial of Defendants' Motion. First, the discovery sought was never the subject of a written discovery request or deposition question as required by law. Second, Defendants' Motion is untimely. And third, Defendants seek irrelevant information. (ECF No. 401, p. 1.)

As to his first argument, Relator contends Defendants failed to identify any document request seeking the production of the retention agreements at issue, which is "fatal" to the Motion. *Id.* at 2. Relator also disputes that he conceded the relevance or responsiveness of such agreements by virtue of including them on his privilege log. *Id.* at 2, 3.

4

As to his second argument, Relator states the Motion is untimely. *Id.* at 3. Relator notes that on April 12, 2024 the Special Master directed the Parties to "identify and brief outstanding discovery disputes" within specified timeframes, yet Defendants waited several months after the close of fact discovery to file their Motion. *Id.* at 3, 4, n. 1.

As to his third argument, Relator maintains the retention agreements are not relevant to the issues in the litigation. *Id.* at 5. He also describes Defendants' past inability to explain the relevance of the discovery sought by their Motion, despite Relator's repeated requests. *Id.* at 4, 5. Further, Relator disputes that the fee arrangements effectively "call into question the credibility of any testimony" from Relator about his investigation. *Id.*

In addition, Relator questions Defendants' argument that Relator is "atypical" and that his investigation is thus "suspect." *Id.* He notes that a False Claims Act lawsuit can be brought by "any" person. In sum, Relator's retention of counsel on a contingency basis, the amount of any contingency fee, and the amount of Relator's share of any proceeds, are all "wholly irrelevant" to the adequacy of Relator's pre-suit investigation, or the merits of Relator's allegations. *Id.* at 7. Relator adds that Defendants had "ample" opportunity to test the integrity of Relator's investigation. *Id.* He describes Defendants' counsel's extensive questioning at Relator's deposition regarding Relator's background, credentials, publications, knowledge of patent law, and the pre-filing memorandum. *Id.*

In addition, Relator argues that Defendants' request for responses to Defendants' questions relating to litigation funding should be denied.[1] *Id.* at 8. Relator states these questions are

---

[1] Defendants seek statements from Relator on: (1) the identity of the person or entity funding Relator's attorneys' fees or expenses or providing other support; (2) whether the approval of the funding person or entity is required for litigation or settlement decisions; and (3) a brief description of the nature of the funding person or entity's interest in the litigation. (ECF No. 385, pp. 9, 10.)

5

"untethered" to any written discovery request served by Defendants, and that Defendants did not pose these questions when examining Relator. *Id.* Relator also notes that Defendants' request is "plainly untimely". *Id.* While Relator acknowledges that Defendants did serve prior discovery requests related to litigation funding, to which Relator served responses, Defendants never raised issues as to Relator's responses and effectively "abandoned the issue for years." *Id.* at 8, 9.

Relator also contends that Defendants' reasons for compelling disclosure of litigation funding beyond what Local Rule 7.1.1 requires are unpersuasive and baseless. *Id.* at 9. Relator points to his own testimony on the nature of his pre-filing investigation, and the limited (if any) roles of his law firm partners in that investigation, which was also confirmed by correspondence produced in discovery. *Id.* at 9, 10. Relator explains that he shared the pre-suit memorandum with his law firm partners because at that time a class action based on Defendants' conduct was contemplated. *Id.* at 10. Relator represents that he has "the complete and sole discretion to make decisions regarding this litigation[.]" *Id.*

In addition, Relator asserts that Defendants have not satisfied the requirements for obtaining additional discovery beyond what is required by Local Rule 7.1.1(a). *Id.* at 11. Relator notes that Local Rule 7.1.1(b) provides that additional discovery on litigation funding may be ordered on "a showing of good cause that the non-party has authority to make material litigation decisions or settlement decisions, the interests of the parties or the class (if applicable) are not being promoted or protected, or conflicts of interest exist, or such other disclosure is necessary to any issue in the case." *Id.*

Relator reiterates that "no other party has authority to make material litigation decisions or settlement decisions[.]" *Id.* He adds that Defendants have "provided no evidence, much less a showing of good cause, that Relator has failed to promote and protect the interests of the federal

6

and state governments[.]" *Id.* Relator further notes that Defendants have provided no basis to suspect that a conflict of interest has "tainted" Relator's prosecution of this action. *Id.*

## LEGAL STANDARD

a. <u>Local Rule 7.1.1.</u>

Local Rule 7.1.1 imposes certain funding disclosure requirements on "all parties, including intervening parties[.]" L. Civ. R. 7.1.1(a). Specifically, within certain enumerated timeframes, or "promptly after learning of the information to be disclosed," a party "shall file a statement … containing [certain] information regarding any person or entity that is not a party and is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan, or insurance[.]" *Id.*[2]

In particular, the information subject to disclosure under the Local Rule includes: (1) the identity of the funder(s), including the name, address, and if a legal entity, its place of formation; (2) whether the funder's approval is necessary for litigation decisions or settlement decisions in the action and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval; and (3) a brief description of the nature of the financial interest. *Id.*

Notably, "[t]he parties may seek additional discovery of the terms of any such agreement[.]" L. Civ. R. 7.1.1(b). The party seeking such additional discovery must make "a showing of good cause that the non-party has authority to make material litigation decisions or settlement decisions, the interests of parties or the class (if applicable) are not being promoted or

---

[2] Relator testified he "received no funding that would be reported" under Local Rule 7.1.1. (See ECF No. 385, p. 8.) As such, it does not appear Relator filed a disclosure pursuant to Local Rule 7.1.1 in this case. Defendants' Motion does not argue that Relator has failed to comply with Local Rule 7.1.1.

protected, or conflicts of interest exist, or such other disclosure is necessary to any issue in the case." *Id.* Further, "[n]othing [under this Local Rule] precludes the Court from ordering such other relief as may be appropriate." L. Civ. R. 7.1.1(c).

      b. <u>Scope of Discovery.</u>

"The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court." *Graco, Inc. v. PMC Global, Inc.*, No. 08-01304, 2011 WL 1114233, at *28 (D.N.J. Mar. 24, 2011) (citing *Barnes Found. v. Twp. of Lower Merion*, No. 96-00372, 1996 WL 653114, at *1 (E.D.Pa. 1996)). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Courts have "broad discretion in managing requests for discovery and determining the appropriate scope of discovery." *Falato v. Fotografixusa, L.L.C.*, No. 09-05232, 2013 WL 1846807, at *3 (D.N.J. Apr. 30, 2013) (citation omitted). "Rule 26(b)(2) vests the court with the authority to limit a party's pursuit of otherwise discoverable information." *Gilmore v. Jones*, No. 21-13183, 2022 WL 267422, at *2 (D.N.J. Jan. 28, 2022); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed.").

Further, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative

or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *King v. Verizon New Jersey, Inc.*, No. 21-11226, 2023 WL 5817126, at *4 (D.N.J. Sept. 6, 2023) (citing Fed. R. Civ. P. 26(b)(2)(C)).

## SPECIAL MASTER DECISION

The Special Master finds that Defendants have not shown "good cause" under Local Rule 7.1.1(b) sufficient to compel additional discovery on the terms of any of Relator's funding agreements. The Special Master also finds that the materials sought are not relevant, and would be cumulative and duplicative of other discovery. Defendants also had ample opportunity to request and pursue these materials while the discovery period was open. As such, Relator will not be ordered to respond to the specific questions proposed by Defendants. Accordingly, Defendants' Motion is **DENIED**.

Relator has not filed any disclosure pursuant to Local Rule 7.1.1(a). Defendants do not claim Relator has failed to comply with Local Rule 7.1.1(a), nor do they seek to compel Relator to file such a disclosure. Indeed, Relator testified that neither he nor his attorneys received funding subject to the disclosure requirements of Local Rule 7.1.1. *See* Defendants' *Exhibit B*, T30:L19-24. And, Defendants confirm they are not seeking to re-depose Relator.

As such, for Defendants to obtain "additional discovery" on the terms of any litigation funding agreement between Relator and his attorneys, Defendants must make a "good cause" showing and establish one of the following: (1) the non-party has authority to make material litigation decisions or settlement decisions; (2) the interests of the parties or the class are not being

9

promoted or protected; (3) conflicts of interest exist; (4) such other disclosure is "necessary to any issue in the case." L. Civ. R. 7.1.1(b).

Defendants do not discuss any of the foregoing grounds for showing good cause. Thus, they have not made a sufficient showing to order the additional discovery. Defendants' moving brief does make reference to "good cause" (ECF No. 385, p. 7), but does not address any categories enumerated in Local Rule 7.1.1(b). Rather, Defendants' Motion states that Relator's evasive response and invocation of Local Rule 7.1.1 at his deposition, coupled with Relator's business partners' involvement in Relator's preparation of the litigation and his prior attempts to obscure same, "create good cause to require a response to Defendants' straightforward questions." *Id.*

However, Defendants' failure to address whether a non-party has authority to make material litigation or settlement decisions, whether the interests of the parties are not being promoted or protected, whether any conflicts of interest exist, and what disclosures, if any, are "necessary" to any issues do not establish the required good cause showing under Local Rule 7.1.1(b). At best, Defendants assert that good cause for requiring Relator's responses to Defendants' specific questions is "created" by virtue of Relator's improper invocation of the Local Rule during his deposition, evasive responses during questioning, his partners' involvement in the litigation, and his prior attempts to obscure such involvement. The Special Master does not find these arguments to be sufficiently persuasive, particularly given the clear verbiage of Local Rule 7.1.1(b) and what type of showing is required under that rule. In the end, Defendants have not shown good cause under Local Rule 7.1.1(b) and thus the Motion is properly denied.

At the same time, Local Rule 7.1.1(c) provides that "[n]othing [under this Local Rule] precludes the Court from ordering such other relief as may be appropriate." L. Civ. R. 7.1.1(c). Still, the Special Master is not persuaded that other appropriate relief under L. Civ. R. 7.1.1(c) is

warranted at this time, because: (1) the discovery sought is unreasonably cumulative or duplicative; (2) Defendants had ample opportunity to obtain the information by discovery in the action; and (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *King*, 2023 WL 5817126, at *4.

First, the discovery sought is unreasonably cumulative and duplicative. Defendants had the opportunity to depose Relator, did in fact depose him for about seven (7) hours, and asked Relator about his pre-filing memorandum, among other topics and subjects. (ECF No. 401, p. 7.) Defendants are not seeking to re-depose Relator, which seems to indicate that their questioning of Relator (including as to the integrity of his investigation and his credibility) was, and is, complete. (ECF No. 385, p. 9.) Likewise, given the breadth of topics and subjects evidently covered at Relator's deposition, Defendants appear to have explored Relator's "atypical" status. (*See* ECF No. 401, p. 7 (noting Relator testified extensively on the "integrity" of Relator's pre-filing investigation, his background, credentials, consulting, publications, and knowledge of patent law).) Thus, the discovery sought would be cumulative of testimony already elicited from Relator.

Second, Defendants had ample opportunity to obtain the information through discovery in the action. Again, Defendants had the opportunity to examine Relator, did in fact examine Relator over the course of a seven (7) hour deposition, and are not seeking to compel a further re-deposition of Relator. Further, Relator's statement that Defendants never served a written discovery request, or posed a deposition question, pertaining to the three (3) separate questions relating to litigation funding now raised and described in Defendants' Motion is undisputed. And, there is no argument that Defendants were deprived of the opportunity to serve requests or pose questions on litigation funding.

Moreover, while Relator acknowledges that Defendants *did* serve prior discovery requests relating to litigation funding, Relator underscores that he served responses to those requests, and highlights that Defendants never pursued deficiencies as to those responses.  The Special Master perceives no basis to question Relator's representations in this regard.  It is beyond dispute that Defendants had ample opportunity during fact discovery to pursue the discovery at issue and seek responses to the specific questions described in the Motion.

Third, the Special Master is not persuaded that the discovery falls within the scope of Rule 26(b)(1).  Defendants suggest that, because Relator offered testimony to questions regarding the substance of litigation funding agreements, the agreements are therefore relevant and discovery of them is "particularly appropriate."  The Special Master disagrees with Defendants' suggestion that Relator's testimony delineates what is discoverable.  Rather, Rule 26(b)(1) defines the scope of what is relevant and discoverable.  Defendants' attempts to invert Rule 26(b)(1) are unpersuasive and rejected.

Elsewhere, Defendants argue that the discovery sought is relevant because "the origins of this lawsuit, the scope of [Relator's] purported independent investigation, his fee arrangements with counsel, and the involvement of any other sources of funding, all … bear on [Relator's] credibility and the integrity of his … investigation." (ECF No. 385, p. 2.)  The Special Master is not convinced that Relator's fee arrangements with counsel and the involvement of any other sources of funding bear a sufficient connection to the adequacy of Relator's pre-suit investigation or the merits of Relator's allegations.  Moreover, Defendants already questioned Relator on the integrity of that investigation and as such could test his credibility.  Thus, ordering such discovery would be duplicative, inefficient, and wasteful.

12

In addition, Defendants argue that because Relator's arrangement with the Herrera Kennedy firm is "uncommon" and raises reasonable questions about Relator's "atypical status," Defendants are entitled to explore these subjects and test "reasonable doubts" about whether Relator preformed the investigation himself or whether Relator's testimony about the investigation is credible. Defendants surmise that the agreements sought "may also provide relevant information … regarding the funding of this litigation."

First, mere surmise as to what the sought-after agreements "may provide" is speculative. Second, Relator's atypical status, any "uncommon" arrangements between Relator and the Herrera Kennedy firm, and doubts over the integrity and soundness of Relator's investigation – while loosely and generally related to Relator's claims in the lawsuit – remain rather attenuated, and thus, fall short of meeting the relevance standard under Rule 26(b)(1). Third, the matter of relevance aside, these aforementioned subjects were explored either in discovery or at Relator's deposition already (thus, the discovery sought by Defendants, if ordered, would be cumulative).

Under Rule 26, parties may obtain discovery if relevant and proportional, "considering [among other factors] the importance of the discovery in resolving the issues[.]" Fed. R. Civ. P. 26(b)(1). Defendants have not argued that the discovery sought is of sufficient importance under Rule 26(b)(1) to compel production of same. Defendants have not asserted, for instance, that such discovery is necessary for the completion of expert discovery, or is critical to material fact issues for contemplated dispositive motion practice. Indeed, the importance of the discovery sought has not been convincingly articulated in the Motion. Accordingly, the Motion is denied.[3]

---

[3] As an aside, Relator has argued that Defendants' Motion is untimely. By Order of April 12, 2024 (ECF No. 337), the Special Master directed the Parties to submit a "first set of unresolved discovery issues" by April 26, 2024, and a "second set of unresolved discovery issues" by May 10, 2024. (ECF No. 337, p. 2, ¶¶ 2, 3.) Defendants failed to raise the issues presented in the Motion by April 26, 2024 or May 10, 2024. Nevertheless, the Special Master elects to address the Motion

13

As there are already several grounds for denial of the Motion, the Special Master need not and thus declines to address the issue of whether the discovery sought is privileged.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2025                                                  *s/ Douglas E. Arpert*
                                                                       **DOUGLAS E. ARPERT**
                                                                       **SPECIAL MASTER**

---

on the substantive arguments—any delay by Defendants in presenting the issues in question is excused, particularly as the Parties attempted to meet and confer to resolve this and other disputes between July 16, 2024 and October 7, 2024.