# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA; STATES OF CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, AND WASHINGTON; THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA; AND THE DISTRICT OF COLUMBIA, *ex rel.* ZACHARY SILBERSHER, *Plaintiffs*, v. JANSSEN BIOTECH, INC., JANSSEN ONCOLOGY, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, and JOHNSON & JOHNSON, *Defendants*. | Civil Action No. 19-12107 (MEF) (SDA) *Document electronically filed* |

## BRIEF OF PLAINTIFF-RELATOR ZACHARY SILBERSHER IN SUPPORT OF MOTION FOR LEAVE TO FILE RESPONSIVE EXPERT REPORTS

**LITE DEPALMA GREENBERG & AFANADOR, LLC**
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
bgreenberg@litedepalma.com

*Attorneys for Plaintiff-Relator Zachary Silbersher*
[Additional Counsel on Signature Page]

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

PROCEDURAL BACKGROUND............................................................................................ 2

ARGUMENT .............................................................................................................................. 4

I.      Relator is Entitled to File Responsive Expert Reports Under the Scheduling Order .......... 4

II.     The Third Circuit Permits Leave to File Supplemental Reports Under the *Pennypack* Factors Even When a Scheduling Order Does Not Permit Reply Reports .......................... 6

III.    Courts in the Third Circuit Typically Assess the *Pennypack* Factors Only After Supplemental Reports Have Been Served ........................................................................ 10

IV.    Expert Testimony Refuting Rebuttal Opinions is Permitted Regardless of Report Disclosure ........................................................................................................................ 10

V.     Relator's Responsive Expert Reports Will Address New Subject Matter ........................ 11

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Crowley v. Chait*,
    322 F. Supp. 2d 530 (D.N.J. 2004) .............................................................................. *passim*

*Dal-Far Realty, LLC v. Peerless Indem. Ins.*,
    2017 WL 11476223 (D.N.J. June 12, 2017) ..................................................................6, 7

*Emcore Corp. v. Optium Corp.*,
    2008 WL 3271553 (W.D. Pa. Aug. 5, 2008) ................................................................9, 10

*Goodman v. Lukens Steel Co.*,
    777 F.2d 113 (3d Cir. 1985).................................................................................................1

*Haskins v. First American Title Insurance Co.*,
    2013 WL 5410531 (D.N.J. Sept. 26, 2013) ...............................................................4, 9, 10

*Hill v. Reederei F. Laeisz G.M.B.H., Rostock*,
    435 F.3d 404 (3d Cir. 2006)....................................................................................... *passim*

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir. 1994)...................................................................................................7

*In re Tri Harbor Holdings Corp.*,
    645 B.R. 690 (Bankr. D.N.J. 2022) ................................................................................9, 10

*In re Tropicana Juice Mktg. & Sales Practices Litig.*,
    2017 WL 2362848 (D.N.J. May 31, 2017) ...................................................................9, 10

*Konstantopoulos v. Westvaco Corp.*,
    112 F.3d 710 (3d Cir. 1997)................................................................................................7

*Lavell v. Camden Cnty. Coll.*,
    No. 21-6832 (KMW) (EAP), 2023 WL 4074077 (D.N.J. June 20, 2023).........................12

*Meyers v. Pennypack Woods Home Ownership Assn.*,
    559 F.2d 894 (3d Cir. 1977)................................................................................................1

*Multiple Energy Techs., LLC v. Under Armour, Inc.*,
    2024 WL 5198797 ......................................................................................................8, 10

*Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd. Teva Pharms. USA, Inc. (In re Copaxone Antitrust Litig.)*,
    2024 WL 5203037 (D.N.J. Nov. 25, 2024) .........................................................................8

*Novartis Pharmaceuticals Corp. v. Actavis, Inc.*,
    2013 WL 704056 (D. Del. Dec. 23, 2013) ................................................................ *passim*

*Pritchard v. Dow Agro Scis.*,
    263 F.R.D. 277 (W.D. Pa. 2009) ..................................................................................9, 10

*Wirtgen Am., Inc. v. Caterpillar, Inc.*,
    2024 WL 531234 (D. Del. Feb. 9, 2024) ...........................................................................10

*Withrow v. Spears*,
    No. 12-06, 2013 WL 4510305 (D. Del. Aug. 22, 2013) ...................................................4, 8

*ZF Meritor, LLC v. Eaton Corp.*,
    696 F.3d 254 (3d Cir. 2012) .............................................................................................1, 7

**<u>Rules</u>**

Fed. R. Civ. P. 26 ............................................................................................................. *passim*

Fed. R. Civ. P. 26(e) ...............................................................................................................6, 11

## INTRODUCTION

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that parties may submit expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." This fundamental principle applies regardless of how the opposing party labels its expert reports. The Scheduling Order in this case provides Relator the opportunity to serve "rebuttal reports" (ECF 421), and nothing in the Federal Rules, Third Circuit precedent, or the Scheduling Order itself suggests that Defendants can unilaterally deprive Relator of this right simply by styling their own reports as "rebuttals."

Alternatively, even if the Court were to conclude that the Scheduling Order does not permit reply reports, the Third Circuit's established *Pennypack* factors support permitting supplemental reports here. *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113, 118 (3d Cir. 1985); *see also ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (quoting *Pennypack*). These factors focus on prejudice to the opposing party, not on whether reports address "new subject matter"—a standard that appears nowhere in Rule 26 or Third Circuit precedent. Relator seeks to serve focused reply reports that directly contradict and rebut specific opinions offered by Defendants' experts. No prejudice will result, and these reports will facilitate more efficient trial preparation for all parties. Indeed, the notes to Rule 26 provide that testifying experts serve written reports so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *See* 1993 Notes to Fed. R. Civ. P. 26, Paragraph (2).

The *Pennypack* factors depend in part on the substance of the reports themselves. For this reason, courts in the Third Circuit routinely analyze the *Pennypack* factors after the reports are

1

first served. Therefore, to the extent the Court determines the Scheduling Order does not unequivocally permit Relator the right to serve further reports (styled either as a reply or a supplemental report), then the Court should reserve judgment on its analysis of the *Pennypack* factors until after Relator's proposed reports are served.

Regardless of whether Relator's proposed reports are permitted, the Third Circuit has made clear that experts may testify at trial to opinions elicited in rebuttal of opposing testimony, even if not disclosed in their reports. *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 423 (3d Cir. 2006). Relator therefore reserves all rights to present rebuttal testimony at trial. To promote efficiency and fairness, however, the Court should permit Relator to serve certain reply or supplemental reports now—providing all parties with fuller notice of the expert testimony to be presented at trial—without limiting the general rule permitting responses to rebuttal testimony under the *Hill* decision.

## PROCEDURAL BACKGROUND

Pursuant to an earlier Scheduling Order (ECF 335), Relator originally served his expert reports on August 7, 2024. The Scheduling Order was subsequently amended to provide that "Defendants shall serve their expert reports and any rebuttal reports by April 26, 2025," and "Relator shall serve any rebuttal reports by July 28, 2025" (ECF 421). Pursuant to a subsequent stipulated extension, service of Defendants' expert reports was completed by May 8, 2025.

On June 23, 2025, the parties filed a joint-status report at the request of Hon. Douglas E. Arpert, U.S.M.J. (Ret.). (ECF 443). Within the status report, the parties disputed whether Relator was entitled to serve reply expert reports. Relator proposed an amended schedule where depositions of Defendants' experts would conclude by August 22, 2025, Relator's reply expert reports would be served by August 29, 2025, and expert discovery would conclude on the same

2

date. (*Id.* at 2). Defendants objected on the ground that Relator was not entitled to serve any reply reports given that each of Defendants' expert reports were styled as "rebuttal" reports, and the Scheduling Order did not allow for Relator to serve "rebuttal" reports to them. (*Id.* at 5-6). In response, Relator argued that the Scheduling Order clearly contemplated that Relator could serve "rebuttal" reports, and Defendants could not unilaterally deprive Relator of that right simply by styling their reports "rebuttal" reports. (*Id.* at 2-5).

On July 7, 2025, the Court conducted a status conference that addressed Relator's proposed further expert reports. At that conference, the Court appeared to agree that the manner in which Defendants styled their expert reports should not dictate whether Relator is entitled to serve further reports, because that would elevate "form over substance." The Court nonetheless ordered Relator to file a motion seeking leave to file any further expert reports. The Court further suggested that leave to serve further expert reports would be based upon whether those reports respond to "new subject matter" within any of Defendants' expert reports.

Relator currently contemplates serving a responsive report concerning damages by Dr. Hal Singer addressing the economic analyses and damages critiques in Dr. Richard Mortimer's rebuttal report, including assumptions regarding generic pricing dynamics and market entry patterns. Indeed, most of Dr. Mortimer's "rebuttal" report would normally[1] be served as an affirmative report, because it purports to recalculate damages based on proposed adjustments to Dr. Singer's model. A responsive report of the type contemplated by Dr. Singer is ordinarily served to demonstrate why the proposed adjustments are either improper or inconsequential.

---

[1] Relator believes that Dr. Mortimer's report therefore should be excluded as an improper "rebuttal" report—a motion Relator intends to make at an appropriate time after expert discovery, such as when the Court determines the parties' motions *in limine*, or another appropriate time.

3

Subject to further clarification following the depositions of Defendants' experts, Relator may choose to serve further responsive reports to address other matters raised by Defendants' experts.

## ARGUMENT

### I.  Relator is Entitled to File Responsive Expert Reports Under the Scheduling Order

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) expressly provides for expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party." This provision makes no distinction based on how the opposing party labels its reports. The Rule's plain language focuses on the substance and purpose of the evidence, not on semantic labels. *Haskins v. First American Title Insurance Co.*, 2013 WL 5410531, at *2-*3 (D.N.J. Sept. 26, 2013); *Crowley v. Chait*, 322 F. Supp. 2d 530, 550 (D.N.J. 2004).

Here, the Scheduling Order (ECF 335 and 421) unequivocally provides that Relator may serve "rebuttal" expert reports. Defendants contend that because they label their reports as "rebuttals," Relator is barred from responding at all, because such a response would be an impermissible "reply" (*i.e.*, a rebuttal to a rebuttal). This position elevates form over substance, lacks legal support, serves no purpose, and would be fundamentally unfair.

It's simply wrong. "Rebuttal" reports are not defined by the report they respond to—but rather by their function and purpose. Courts in this Circuit, including in this District, have held that a report is a permissible "rebuttal" report if the report "directly contradicts or rebuts the actual contents of the prior report." *Haskins*, 2013 WL 5410531, at *2 (quoting *Withrow v. Spears*, No. 12-06, 2013 WL 4510305, at *12 (D. Del. Aug. 22, 2013) (cleaned up)). Thus, a "rebuttal" report depends on what the report says—not on the title of the report to which it responds. *Id*.

Given that the Scheduling Order unequivocally allows Relator to serve "rebuttal" reports, and because Relator intends to serve reports that "directly contradict[] or rebut[] the actual contents of the prior report," there is no basis to deny Relator the right to serve a responsive report. To hold otherwise would elevate form over substance. The Scheduling Order does not say that Relator's "rebuttal" reports may be served only if Defendants style their reports as "affirmative" reports. It does not say that Relator's "rebuttal" reports may not be served against Defendants' "rebuttal" reports. It does not say that Defendants can unilaterally dictate whether Relator has the right to serve a "rebuttal" based solely on the title of their own reports.

Moreover, the purpose of Rule 26's requirement to disclose written reports by testifying experts is so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See 1993 Notes to Fed. R. Civ. P. 26, Paragraph (2). The Scheduling Order in this case, by allowing rebuttal reports by Relator, provides Defendants more notice and more opportunity for Defendants to prepare at trial, should Relator choose to serve such responsive reports. The Scheduling Order was not intended to set a finite limit on what Relator's experts may testify to at trial. Indeed, the Third Circuit has held that experts are permitted to testify at trial to opinions that were not technically disclosed in their report, as long as they were elicited in rebuttal of the opposing party's testimony. *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 423 (3d Cir. 2006). There is no "bright line rule that every opinion by an expert must be preliminarily stated in the report, or forever be precluded." *Id.* Given that permissive rule, it would make little sense to preclude Relator from providing even more disclosure than what is strictly required.

Defendants have pointed to no authority to suggest that Relator's interpretation of the Scheduling Order is incorrect. They instead suggest that the "structure and cadence" of the

5

Scheduling Order necessarily precludes Relator from serving reply reports in the form of a rebuttal. (*See* ECF 443 at 5-6). That is just another way of saying that there can't be a rebuttal to a rebuttal, even though there is nothing in the rules, the Notes to Rule 26, or the caselaw to support that position.

For this reason alone, Relator should be permitted to do precisely what the Scheduling Order provides—namely, serve rebuttal reports to Defendants' expert reports.

## II.     The Third Circuit Permits Leave to File Supplemental Reports Under the *Pennypack* Factors Even When a Scheduling Order Does Not Permit Reply Reports

Even if the Scheduling Order is interpreted in a manner that does not provide Relator the opportunity to serve any responsive reports, courts in the Third Circuit nevertheless routinely permit supplemental reports under Rule 26(e) under the *Pennypack* factors. Accordingly, if the Court determines that Relator's right to serve responsive reports is precluded by the Scheduling Order, the *Pennypack* factors nevertheless justify their service.

Rule 26(e) permits parties to serve supplemental expert reports "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." While some courts in the Third Circuit have held that a Rule 26(e) "supplementary" report should be limited to fixing inaccuracies or adding information previously unavailable to the expert, those same courts have recognized an exception where the Scheduling Order does not permit reply reports. See *Novartis Pharmaceuticals Corp. v. Actavis, Inc.*, 2013 WL 704056, at *7 (D. Del. Dec. 23, 2013); *Dal-Far Realty, LLC v. Peerless Indem. Ins.*, 2017 WL 11476223, at *5 (D.N.J. June 12, 2017).

For instance, in *Novartis v. Actavis*, the court found Actavis' supplemental expert report went beyond merely fixing inaccuracies or adding previously unavailable information. 2013 WL

6

704056, at *7. The court also found that the Scheduling Order precluded Actavis from filing a reply report. For this reason, the court analyzed whether the supplemental report was permissible under the *Pennypack* factors and determined the report should not be excluded. *Id*.; *see also Dal-Far Realty, LLC*, 2017 WL 11476223, at *5 (citing *Novartis* and finding that where a supplemental expert report was not used for the purpose of correcting inaccuracies or to add information that was unavailable at the time of the initial report, the court must apply the *Pennypack* factors to determine if the supplemental report should be allowed).

The Third Circuit's *Pennypack* factors include:

> (1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified" or the excluded evidence would have been offered; (2) "the ability of that party to cure the prejudice"; (3) the extent to which allowing such witnesses or evidence would "disrupt the orderly and efficient trial of the case or of other cases in the court"; (4) any "bad faith or willfulness in failing to comply with the court's order"; and (5) the importance of the excluded evidence.

*ZF Meritor,* 696 F.3d at 298 (quoting *Pennypack*, 559 F.2d at 904-05); *see also Konstantopoulos v. Westvaco Corp.,* 112 F.3d 710, 719 (3d Cir. 1997).

The Third Circuit has also held that a supplemental report should be excluded only under egregious circumstances that smack of bad faith and deception. "The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791- 92 (3d Cir. 1994) (cleaned up).

The *Pennypack* factors permit Relator to serve supplemental reports in this case. The first factor asks whether Defendants will be prejudiced. Here, Defendants face no prejudice, and a trial date has not even been scheduled. Furthermore, Relator's supplemental reports will respond to Defendants' experts, and therefore, could not have included those responses in their original

7

reports. *See Novartis*, 2013 WL 7045056, at *10. Thus, "the bulk of the contested [supplemental reports] could not have been provided in an opening report, since it contains responses to [Defendants'] arguments on previously-raised topics." *Id.* This District has held that parties are not required "to include vast amounts of arguably irrelevant material in an expert's report on the off chance that failing to include any information in anticipation of a particular criticism would forever bar the expert from later introducing the relevant material." *Crowley*, 322 F. Supp. 2d at 551.

Further, Defendants will not face prejudice because Relator's supplemental reports will not disclose entirely new theories. *See Novartis*, 2013 WL 7045056, at *10. This factor would obviously be better assessed with the benefit of Relator's supplemental reports themselves, which is how courts in this Circuit typically review this issue. *See infra* at Point III.

The second *Pennypack* factor asks whether any resulting prejudice can be cured. Even if Defendants could arguably claim prejudice—which they cannot—the Court could easily cure any such hypothetical prejudice by ordering Defendants to move for an additional deposition of Relator's expert limited to the supplemental report alone, if appropriate, such as when a report offers a completely "new opinion" so as to prejudice the opposing party. The Court previously found the decision in *Mylan Pharms. Inc. v. Teva Pharms. Indus. Ltd. Teva Pharms. USA, Inc. (In re Copaxone Antitrust Litig.),* 2024 WL 5203037, at *3 n.1 (D.N.J. Nov. 25, 2024), to be "instructive" on this issue, *see* ECF 431. Courts in the Third Circuit have held that permitting another deposition when appropriate typically cures any arguable prejudice. *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1005 (D. Del. 2013); *Multiple Energy Techs., LLC v. Under Armour, Inc.*, 2024 WL 5198797, at *10, *12-13; *Novartis*, 2013 WL 7045056, at *10.

8

The third *Pennypack* factor asks whether the supplemental reports will disrupt the orderly and efficient trial of the case. Here, a trial date has not even been scheduled. Moreover, Relator has proposed filing responsive reports without an extension of the expert discovery period.

The fourth *Pennypack* factor considers whether Relator is acting in bad faith. The parties have already submitted a joint letter (ECF 443) and held a conference before Judge Arpert addressing the issue of responsive reports, and at no time have Defendants suggested bad faith.

Moreover, Relator is simply seeking to submit certain rebuttal expert opinions, before the end of the expert discovery period, in a case in which he carries the burden of proof. The Third Circuit has held that experts are permitted to testify at trial to opinions that were not technically disclosed in their report, as long as they were elicited in rebuttal of the opposing party's testimony. *Hill*, 435 F.3d at 423. The Third Circuit has also held "[s]uch a rebuttal is thoroughly in accord with Federal Rule of Evidence 703." *Id.* Given this, Relator's supplemental reports—far from an exercise in bad faith—will provide Defendants with the benefit of more fully formed notice of Relator's expert testimony at trial. *Id.*; *see also In re Tri Harbor Holdings Corp.*, 645 B.R. 690, 705-06 (Bankr. D.N.J. 2022); *In re Tropicana Juice Mktg. & Sales Practices Litig.*, 2017 WL 2362848, at *5 (D.N.J. May 31, 2017); *Haskins*, 2013 WL 5410531, at *2-*3; *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 284-85 (W.D. Pa. 2009); *Emcore Corp. v. Optium Corp.*, 2008 WL 3271553, at *4 (W.D. Pa. Aug. 5, 2008); *Crowley*, 322 F. Supp. 2d at 551.

Finally, the fifth *Pennypack* factor asks about the importance of the supplemental opinions. As stated, in Point III, *infra*, his factor is better assessed with the benefit of Relator's proposed supplemental reports. Depositions of Defendants' experts are currently scheduled to be completed by August 29, 2025. It would be unfair, and prejudicial, for Relator to be compelled to

9

produce those responsive expert reports before depositions—especially when the Court did not require Defendants to produce their reports prior to deposing Relator's experts.

**III.   Courts in the Third Circuit Typically Assess the *Pennypack* Factors Only After Supplemental Reports Have Been Served**

Analysis of the *Pennypack* factors depends on the substance of the proposed supplemental reports themselves. For this reason, it is premature for the Court to determine if the *Pennypack* factors permit service of supplemental reports before they are served.

Courts in this Circuit normally resolve this issue after supplemental reports are served, allowing the court to assess their actual content and impact. *See e.g., Wirtgen Am., Inc. v. Caterpillar, Inc.*, 2024 WL 531234, at *2-*3 (D. Del. Feb. 9, 2024); *Multiple Energy Techs.*, 2024 WL 5198797, at *4; *Novartis*, 2013 WL 704056, at *21-22. In addition, a review of the *Pennypack* factors in this case shows that it would be more efficient for the court to determine this issue *after* Relator has served any supplemental reports, and expert discovery concludes.

**IV.   Expert Testimony Refuting Rebuttal Opinions is Permitted Regardless of Report Disclosure**

The Third Circuit has unequivocally held that experts may testify at trial to opinions elicited in rebuttal of opposing testimony, even if not previously disclosed. *Hill,* 435 F.3d at 423 ("There is no bright line rule that every opinion by an expert must be preliminarily stated in the report, or forever be precluded."). Such rebuttal testimony is "thoroughly in accord with Federal Rule of Evidence 703." *Id.*

This principle has been consistently applied in this Circuit. *See In re Tri Harbor Holdings Corp.*, 645 B.R. 690, 705-06 (Bankr. D.N.J. 2022); *In re Tropicana*, 2017 WL 2362848, at *5; *Haskins*, 2013 WL 5410531, at *2-*3; *Pritchard v. Dow Agro Scis.*, 263 F.R.D. 277, 284-85 (W.D. Pa. 2009); *Emcore Corp. v. Optium Corp.*, 2008 WL 3271553, at *4 (W.D. Pa. Aug. 5,

10

2008); *Crowley*, 322 F. Supp. 2d at 551. Given this authority, Relator's experts will be permitted to respond at trial to critiques and alternative analyses presented by Defendants' experts, regardless of whether reply reports are permitted. Therefore, permitting reply reports now serves the interests of all parties by providing fuller notice of trial testimony and facilitating more efficient trial preparation.

**V.       Relator's Responsive Expert Reports Will Address New Subject Matter**

The legal standard for leave to serve responsive (reply or supplemental) expert reports is not limited to "new subject matter" or "new matter." The plain language of Federal Rule of Civil Procedure 26(a)(2)(D)(ii) permits the submission of expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party," with no restriction requiring the responsive report to address only "new" matters introduced in the opposing party's report. This distinction is critical: Defendants' experts have offered specific critiques and alternative analyses of Relator's expert opinions. Relator's experts should be permitted to address these critiques, regardless of whether they constitute new subject matter.

Permitting a party's experts to *have at least one opportunity to respond* to critiques of their work serves the truth-seeking function of litigation, and fundamental fairness; this is why the standard for allowing such responsive reports is not strictly limited to new subject matter. Indeed, "new subject matter" that appears for the first time in a rebuttal report should be excluded; therefore, limiting responsive reports to such new matter would be unnecessary.[2]

Even in the context of supplemental expert reports under Rule 26(e), the Third Circuit's *Pennypack* jurisprudence does not confine the right to serve such reports only to "new subject

---

[2] Relator reserves the right to seek exclusion of all new matter in Defendants' self-styled "rebuttal" reports at an appropriate time, including when the Court determines the parties' motions *in limine* after the close of expert discovery. *See also* n.1, *supra*.

11

matter." The focus, instead, is on factors such as prejudice, ability to cure, and importance of the evidence, not on whether the report addresses only newly introduced matters.

Nevertheless, even if the Court were inclined to limit Relator's first opportunity to serve responsive reports to new matter only,[3] the Court should deem as "new" anything in Defendants' expert reports that includes: (1) new references or citations not included in the affirmative expert reports served by Relator; and (2) new arguments, issues, or factors not raised or otherwise analyzed in the Relator's affirmative expert reports. This makes sense, because Relator obviously has not had the opportunity to specifically address such matters.

Relator provides as Exhibits 1 through 7 of the accompanying Declaration of Nicomedes Sy Herrera the reports of Relator's experts: (1) Dr. Hal Singer; (2) Dr. David Hyman; (3) Jon Edwards Clark; (4) Dr. Robert Femia; (5) Professor S. Sean Tu; (6) Robert Bahr; and (7) Dr. Mark Ratain. Relator provides as Exhibits 8 through 15 of the Herrera Declaration the eight "rebuttal" reports of Defendants' experts: (8) Dr. Adam Block; (9) Gregory Madden; (10) Dr. Richard Mortimer; (11) Martin Shimer; (12) Andrew Hirshfeld; (13) Dr. Craig Garthwaite; (14) Edward Buthusiem; and (15) Dr. Matthew R. Smith.

The Herrera Declaration and its exhibits are being filed under seal because they have been designated by the parties as being confidential under the Confidentiality Order (ECF 175).

---

[3] Relator notes that in *Lavell v. Camden Cnty. Coll.*, No. 21-6832 (KMW) (EAP), 2023 WL 4074077, at *3 (D.N.J. June 20, 2023), the court noted that "rebuttal evidence is limited to that which is precisely directed to rebutting new matter or new theories presented by the defendant's case-in-chief," citing *Crowley*, 322 F. Supp. 2d at 550. In context, the court was not amending the plain language of Rule 26 by referring to a broad view of new "subject matter," because the court distinguished improper rebuttal reports that merely addressed "the same general subject matter," as opposed to the "actual contents" of the report to which it was responding. *Id.*, at *3. Thus, the "new matter" in *Lavell* must refer to a very specific level (as opposed to a broad level) of generality—precisely the type of matter that Relator intends to address—such as new citations, factors, points, or arguments, even if they concern the same broad "subject matter," such as commercial success or generic entry.

12

The volume of new matter in Defendants' expert reports attached as Exhibits 8 through 15 is considerable, and Relator need not and does not intend to address them all in responsive reports. *See, e.g.*, *Hill*, 435 F.3d at 423. Relator intends to prioritize certain matters based on the depositions of Defendants' experts. Therefore, should the Court limit Relator's response to new subject matter—and it should not—the Court should generally permit responsive reports to address any new materials cited or referenced for the first time by Defendants, or new arguments or factors raised for the first time in Defendants' expert reports. The Court can then efficiently determine whether any responsive reports should be excluded, in whole or in part, at an appropriate time. At the very least, the Court should permit responsive reports that address any of the matters that Relator chooses to address in a responsive report that are summarized in Paragraphs 18-24 of the Herrera Declaration.

As one important and illustrative example, Dr. Mortimer presents alternative damage calculations based on different assumptions about generic pricing (Herrera Decl. Ex. 10; Herrera Decl. ¶ 20). Without limiting the foregoing, Dr. Mortimer purports to recalculate damages based new assumptions, adjustments, and factors—thus improperly creating a new damages model through a so-called "rebuttal" report. For example, Dr. Mortimer proposes completely new generic entry dates, based in part on new materials and assumptions provided for the first time by Martin Shimer (Herrera Decl. Exhibit 11). These new matters pervade the entire report and are incorporated in the new calculations found in the report's appendices, including, without limitation, Appendix E. 1-3, Appendix G 1-3, Appendix A, as well as the proposed adjustments to Dr. Singer's calculations summarized in Appendices D and F.  Dr. Mortimer provides new entry date scenarios beyond those proposed by Dr. Singer (paragraphs 141-144), and many new

13

proposed damages exclusions and adjustments (*see, e.g.*, Exhibit 10, paragraphs 79-83, 112-117, 129-31, 139, 141-44, 190-96; *see generally* the entirety of Sections V through IX, pages 39-120).

Dr. Singer therefore should be permitted to demonstrate in a responsive report why those assumptions are incorrect or inconsequential, and how they affect his damages calculation. Dr. Mortimer's "rebuttal" report comes up with new calculations using different assumptions, and it is common in complex litigation for competing damages experts to adjust their models as necessary to illustrate or refute competing assumptions, parameters, and calculations provided by opposing experts. The Court should not prohibit that here.

## CONCLUSION

For the foregoing reasons, Relator should be granted leave to file responsive (either reply or supplemental) expert reports within two weeks after the last deposition of Defendants' expert witnesses concludes, or this Motion is decided, whichever is later. In the alternative, the Court should reserve judgment on the application of the *Pennypack* factors until after service of Relator's responsive or supplemental reports.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: July 28, 2025

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad St, Suite 1201
Newark, NJ  07102
Telephone: (973) 623-3000
bgreenberg@litedepalma.com

**HERRERA KENNEDY LLP**
Nicomedes Sy Herrera (*pro hac vice*)
Bret D. Hembd (*pro hac vice*)
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
NHerrera@HerreraKennedy.com
BHembd@HerreraKennedy.com

**SPARACINO PLLC**
Tejinder Singh (*pro hac vice*)
1920 L Street, NW, Suite 835
Washington, DC 20036
Telephone: (202) 629-3530
tejinder.singh@sparacinopllc.com

**MORGAN & MORGAN**
James Young (*pro hac vice*)
501 Riverside Ave, Suite 1200
Jacksonville, FL 32202
Telephone: (904) 361-0012
JYoung@ForThePeople.com

**MORGAN & MORGAN**
Clark Bolton (*pro hac vice*)
Juan Martinez (*pro hac vice*)
201 N Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
CBolton@ForThePeople.com
JuanMartinez@ForThePeople.com

**MCKOOL SMITH**
Chad Hummel (*pro hac vice*)
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
Telephone: (213) 694-1130
chummel@mckoolsmith.com

**MCKOOL SMITH**
Jennifer Truelove (*pro hac vice*)
104 East Houston Street, Suite 300
Marshall, TX  75670
Telephone: (903) 923-9002
jtruelove@mckoolsmith.com

***Attorneys for Plaintiff-Relator***
***Zachary Silbersher***