# LITE DEPALMA GREENBERG & AFANADOR

570 Broad Street / Suite 1201 / Newark, NJ 07102
973.623.3000 Main / 973.623.0858 Fax / litedepalma.com

Newark / Philadelphia

October 1, 2025

**VIA ECF**

Honorable Michael E. Farbiarz, U.S.D.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse, Courtroom 4
Newark, New Jersey 07101

Honorable Stacey D. Adams, U.S.M.J.
United States District Court, District of New Jersey
United States Post Office & Courthouse, Courtroom 9
Newark, New Jersey 07101

> Re:   ***United States ex rel. Silbersher v. Janssen Biotech Inc., et al.,***
> **Civil Action No. 19-12107 (MEF-SDA)**
> **Request for Status Conference**

Dear Judges Farbiarz and Adams:

Together with our co-counsel, this office represents Plaintiff-Relator Zachary Silbersher. I write to request a status conference with the Court to set a trial schedule for this matter.

Expert discovery in this case will conclude on October 7, 2025.[1] Accordingly, *Daubert* motions are due on November 6, 2025, and summary judgment motions are due on December 8, 2025.[2] Relator therefore requests a status conference to set a schedule for Fed. R. Civ. P. 16 pretrial

---

[1] Judge Kiel ordered on May 25, 2022 (ECF 213) that expert discovery would close four months from Defendants' rebuttal reports and two months from Plaintiff's rebuttal reports. Through subsequent orders modifying portions of the schedule, Defendants' rebuttal report deadline was extended several times from 60 days to nine months, with the final extension extending to May 7, 2025. (ECF 442.) That extended the due date for Plaintiff's rebuttal report to August 7, 2025 (ECF 421 ¶¶ 2 & 3 (providing Relator three months to serve rebuttal reports, if any, from Defendants' rebuttal report deadline).) Accordingly, based on ECF 213, 421, and 442, the close of expert discovery is October 7, 2025.

[2] ECF 213, at 2 (*Daubert* motions must be served four weeks from close of expert discovery, and summary judgment motions eight weeks from the close of expert discovery).

**LITE DEPALMA**
**GREENBERG &**
**AFANADOR**

Honorable Michael E. Farbiarz, U.S.D.J.
Honorable Stacey D. Adams, U.S.M.J.
October 1, 2025
Page 2

exchange of information for the submission of a Final Pretrial Order, so as to permit trial in March 2026 or the earliest other dates consistent with the Court's availability.

Relator notes that in the underlying patent infringement litigation that invalidated the allegedly fraudulent patent in this case, the Court ordered pretrial exchange of information to continue while summary judgment was briefed and pending, which Plaintiff believes is consistent with Fed. R. Civ. P. 1. (No. 2:15-cv-05909, ECF 358, at 2) Moreover, in a prior scheduling order in that case, the Court ordered that the Final Pretrial Conference should "occur even if there are dispositive motions pending." (No. 2:15-cv-05909, ECF 165 ¶ 40.) Relator therefore intends to propose a similar structure and tempo (*i.e.* completing pretrial exchanges and submitting Final Pretrial Order within four months) at the requested status conference.

Finally, Relator notes that the parties are awaiting a ruling from the Special Master on Relator's request for leave to serve two supplemental or reply expert reports responding to Defendants' expert reports. (ECF 446.) Relator filed this motion because Defendants did not serve any affirmative reports (but purportedly only rebuttal reports, which Defendants argued barred Relator from serving any responsive reports all at *see* ECF 443, at 2). Relator has provided the Special Master with two proposed responsive reports, and Relator believes this open matter should not prevent the Court from setting deadlines for pretrial exchanges and scheduling a trial date.

Respectfully,

*/s/ Bruce D. Greenberg*

Bruce D. Greenberg

BDG:emp

cc:    All Counsel of Record (via ECF)