# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *et al.*, *ex rel.* **ZACHARY SILBERSHER,**<br><br>　　　　　　　　　**Plaintiffs,**<br>v.<br><br>**JANSSEN BIOTECH, INC.,** *et al.*,<br><br>　　　　　　　　　**Defendants.** | Case No. 19-cv-12107 (MEF) (SDA)<br><br>**SPECIAL MASTER ORDER** |

**THIS MATTER** having come before the undersigned Special Master appointed by Order entered on March 18, 2024 (ECF No. 331); and the Order providing that the Special Master "shall oversee the schedule for completion of discovery, and all discovery disputes and motions related thereto, pursuant to procedures for practice that the Special Master may establish and modify as necessary", *id.* at 2, ¶ 2; and Relator Zachary Silbersher ("Relator") having filed a Motion for Leave to File Responsive Expert Reports ("Motion", ECF No. 446); and Defendants Janssen Biotech, Inc., Janssen Oncology, Inc., Janssen Research and Development, LLC, and Johnson & Johnson (collectively, "Defendants") having filed opposition to the Motion ("Opposition", ECF No. 451); and the parties having further addressed the Motion in Relator's letter of October 1, 2025 (ECF No. 456) and Defendants' letter of October 7, 2025 (ECF No. 460); and the Special Master having considered the issues, arguments, and positions with respect to the Motion, Opposition, related correspondence, Relator's proposed expert reports, and all related submissions; and good cause appearing for the entry of this Order

**IT IS** on this **22nd** day of **October 2025 ORDERED** as follows:

1. Relator's Motion for Leave to File Responsive Expert Reports is **DENIED.**

1

I. **PARTIES' ARGUMENTS**

The Special Master presumes counsel and the Parties are well acquainted with the pertinent facts and procedural history of this matter.

**A. Relator's Motion**

Relator's Motion seeks leave to file responsive expert reports, "either reply or supplemental" to address matters raised in Defendants' expert reports. (*See* ECF No. 446, pp. 5-8.) Relator notes that the Scheduling Order (ECF No. 421) expressly "provides Relator the opportunity to serve 'rebuttal reports'" and, alternatively, even if the Court were to conclude otherwise, the factors laid out in *Meyers v. Pennypack Woods Home Ownership Assn.,* 559 F.2d 894 (3d Cir. 1977) (the "*Pennypack* factors") independently support permitting supplemental expert reports in this matter. (*See* ECF No. 446, p. 5.)

First, Relator argues that the Scheduling Order "unequivocally provides that Relator may serve 'rebuttal' expert reports." *Id.* at 8. Relator highlights that although Defendants have styled their expert reports as "rebuttals", to which Relator may not serve a "reply", "[t]his position elevates form over substance, lacks legal support, serves no purpose, and would be fundamentally unfair." *Id.* Relator contends that rebuttal reports "are not defined by the report they respond to—but rather by their function and purpose." *Id.* Relator highlights that the Scheduling Order expressly permits rebuttal reports and "does not say that Relator's 'rebuttal' reports may be served only if Defendants style their reports as 'affirmative' reports." *Id.* at 9. Further, Relator maintains that a rebuttal report would provide Defendants with "more notice and more opportunity" to prepare for trial and argues that "it would make little sense to preclude Relator from providing even more disclosure than what is strictly required." *Id.*

2

Second, Relator contends that even if the Court were to interpret the Scheduling Order to not permit a responsive expert report, "courts in the Third Circuit routinely permit supplemental reports under Rule 26(e) [and] the *Pennypack* factors." *Id.* at 10. Relator argues that although "some courts in the Third Circuit have held that a Rule 26(e) 'supplementary' report should be limited to fixing inaccuracies or adding information previously unavailable to the expert, those same courts have recognized an exception where the Scheduling Order does not permit reply reports." *Id.* (citing *Novartis Pharmaceuticals Corp. v. Actavis, Inc.,* 2013 WL 704056, at *7 (D. Del. Dec. 23, 2013); *Dal-Far Realty, LLC v. Peerless Indem. Ins.*, 2017 WL 11476223, at *5 (D.N.J. June 12, 2017)). Although Relator relies on the *Pennypack* factors to justify his position, he also concedes that "[a]nalysis of the *Pennypack* factors depends on the substance of the proposed supplemental reports themselves[,]" and "it is premature for the Court to determine if the *Pennypack* factors permit service of supplemental reports before they are served." (ECF No. 446, p. 14.)

Next, Relator submits that "[t]he Third Circuit has unequivocally held that experts may testify at trial to opinions elicited in rebuttal of opposing testimony, even if not previously disclosed." *Id.* Relator contends that, regardless of whether a reply or rebuttal report is permitted prior to trial, his experts will in any event be permitted to respond to Defendants' experts, thus, allowing a reply report at this stage provides "fuller notice of trial testimony and facilitat[es] more efficient trial preparation." *See id.* at 14-15.

Finally, Relator argues that the legal standard to serve a responsive expert report, whether reply or supplemental, is not confined to addressing only new subject matter. *Id.* at 15. Accordingly, Relator contends that his experts should be permitted to respond to Defendants' experts' critiques regardless of whether those critiques constitute new subject matter. *Id.*

3

Notwithstanding, Relator maintains that even if the Court were to limit his reply to "new matter only, the Court should deem as 'new' anything in Defendants' expert report that includes: (1) new references or citations not included in the affirmative expert reports served by Relator; and (2) new arguments, issues, or factors not raised or otherwise analyzed in Relator's affirmative expert reports." *Id.* at 15-16. Relator highlights that while "[t]he volume of new matter in Defendants' expert reports . . . is considerable," he does not intend to address all of it in his responsive expert reports. *Id.* at 17. Accordingly, Relator maintains, if the Court limits responsive reports to new subject matter, those responsive reports should nonetheless be permitted to address any new materials, arguments, or factors raised for the first time in Defendants' expert reports. *Id.*

### B. Defendants' Opposition

In their Opposition, Defendants advance several grounds supporting denial of Relator's Motion. First, Defendants argue that while the Federal Rules and the Scheduling Order generally permit rebuttal reports, Relator fails to demonstrate that his proposed reports qualify as rebuttals. Second, neither the Federal Rules nor the Scheduling Order expressly permit reply reports. And third, the *Pennypack* factors do not apply. (*See* ECF No. 451.)

As to their first argument, Defendants contend that Relator has failed to demonstrate that his proposed reports qualify as "rebuttals" such that they are permitted under Rule 26 or the Scheduling Order. *Id.* at 8. Defendants argue that despite the Court's instruction that Relator identify and explain which portions of Defendants' expert reports are new and therefore entitle him to a rebuttal, Relator has done so only with respect to Dr. Richard Mortimer, which Defendants argue is insufficient. *Id.* at 8-9. Defendants maintain that, for the remaining seven experts at issue, "Relator submits a declaration from his counsel that merely lists citations, references, or topics discussed in their reports, without making any effort to explain why the citations, references, or

4

topics are material, how Relator's experts will rebut them, or even whether they will rebut them at all." *Id.* at 9. Defendants argue that the mere inclusion of citations or references in their expert reports that are not found in Relator's expert reports is insufficient to render the material "new" so as to permit a rebuttal. *Id.* Further, Defendants contend that Relator's assertion that their experts' critiques of Relator's experts' methodologies constitute "new" subject matter is unfounded, because a critique by definition does not introduce new subject matter but instead criticizes or contradicts the same subject matter set forth in the original report. *Id.* at 10.

As to their second argument, Defendants contend that, even if Relator's proposed reports do not qualify as a "rebuttal," Rule 26 and the Scheduling Order do not authorize him to serve an additional report styled as a "reply." *Id.* at 1. Defendants assert that "Rule 26 provides only for rebuttals" which are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." *Id.* (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). Defendants argue that "Relator's failure to describe the substance of his proposed new reports precludes Defendants or the Court from meaningfully evaluating whether [Relator's proposed reports] meet this definition." (ECF No. 451, p. 11.) Defendants again assert that "there is nothing 'new' in [their] reports that Realtor can rebut because the subject matter of [their] reports were limited to the material identified in *Relator's* original reports." *Id.* (emphasis in original). As to the Scheduling Order, Defendants argue that the Order "permits only affirmative reports and 'rebuttals'—not 'replies.'" *Id.* Accordingly, Defendants assert that because they have served only rebuttal reports, not affirmative reports, the Scheduling Order precludes Relator from serving a reply. *Id.* Defendants clarify that their designation of their reports as "rebuttals" does not itself preclude Relator from submitting a response but, rather, that preclusion arises because the reports contain only rebuttal material, not

5

new subject matter, and Relator has failed to identify any specific examples to the contrary. *Id.* at 12, n.4.

As to their final argument, Defendants maintain that Relator has not demonstrated why the *Pennypack* factors apply in this case "and even more, he has failed to supply the Court with the required information to apply *Pennypack*." *Id.* at 13. Defendants highlight that "[t]he *Pennypack* factors assess whether a party's failure to disclose a timely report was 'substantially justified or is harmless.'" *Id.* (citing *Bradley v. Amazon.com, Inc.*, No., 17-1587, 2023 WL 2574572, at *14 (*E.D. Pa. Mar. 17, 2023)). Defendants argue that the Court should reject Relator's reliance on the *Pennypack* factors because the Court cannot adequately assess the merits of that argument "without knowing the *substance* Relator seeks to disclose." (ECF No. 451, pp. 13-14.) (emphasis in original). Additionally, Defendants assert that Relator has failed to demonstrate why the *Pennypack* factors apply in this case, as the parties agreed to a Scheduling Order "that establishes what expert submissions will be permitted." *Id.* at 14. Defendants emphasize that Relator has cited "no instance in which a court applied *Pennypack* in a case where the scheduling order already addressed the rules for serving the report or information in a dispute." *Id.* Defendants highlight that Third Circuit courts, particularly in cases of "sophisticated, complex litigation," such as this one, "have been less indulgent in [*Pennypack*'s] application and more willing to exclude evidence." *Id.* (quoting *Wang v. Injective Labs*, No. 22-0943, 2025 WL 775530, at *3 (D. Del. Mar. 11, 2025)). Here, Defendants maintain Relator has a "robust legal team" and had "ample time to make the disclosures required by the Scheduling Order and the Court or to seek amendments of the Scheduling Order as necessary." (ECF No. 451, p. 14.)

### C. Relator's Letter 10/1/25

In a letter dated October 1, 2025, Relator submitted two proposed supplemental reports from Hal J. Singer, Ph. D and Jon Edward Clark, MS, which he contends "address certain new matter" in Defendants' rebuttal reports. (*See* ECF No. 456, p. 1.) Relator again requests that the Court grant leave to serve the proposed supplemental reports, and asserts that any objections by Defendants may be raised through subsequent *Daubert* motions. *Id.* Finally, Relator notes that should the Court grant leave to serve the proposed reports, he will offer Dr. Singer and Mr. Clark for a second expert deposition "limited solely to their responsive supplemental reports, so long as no other deadlines are extended." *Id.* at 2.

### D. Defendants' Letter 10/7/25

In response to Relator's letter, Defendants contend that, despite Relator's assertion that the proposed expert reports "address new matter", Relator "still refuses to explain" what that "new matter" is and instead seeks to shift the burden to Defendants and the Court to identify the "new matter" the new reports purportedly address. (*See* ECF 460-1, pp. 1-2.) Defendants argue that Relator's proposed reports "are littered with inappropriate attempts to rehabilitate the opinions his experts previously offered." *Id.* at 2. Defendants highlight that although Mr. Clark's proposed supplemental report "purports to address 'new dates of generic entry' offered by Martin Shimer…[the Clark report] does not actually identify or address any such dates or other purportedly new arguments." *Id.* "Instead, Mr. Clark 'simply endeavors to explain why his previous opinions should be credited.'" *Id.* (citing ECF No. 457, Ex. B ¶ 3.) Defendants further assert that, as with Mr. Shimer's report, Dr. Singer fails to identify with specificity the alleged new matter addressed in Dr. Mortimer's report, but instead, as stated by Dr. Singer himself, "responds to and corrects critiques asserted by Dr. Mortimer." *Id.* (quoting ECF No. 456, Ex. A ¶ 3.) Defendants also note that Dr. Singer "refers back to, or elaborates on, his 'initial report' throughout

7

the entirety of his supplemental report." *Id.* Defendants assert that"[b]oth of Relator's proposed supplemental reports are nothing more than replies attempting to bolster his original reports." *Id.* In closing, Defendants emphasize that if the Court grants Relator's Motion, "it will necessitate additional discovery so that Defendants can depose Relator's experts." *Id.*

## II.     Legal Standard

Pursuant to Rule 26, an expert rebuttal report may be submitted to "contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed.R.Civ.P. 26(a)(2)(D)(ii); *Crowley v. Chait*, 322 F.Supp.2d 530, 550 (D.N.J. 2004). Where a court's scheduling order permits rebuttal reports, a party may serve rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." *Haskins v. First Am. Title Ins. Co.*, No. 10-5044, 2013 WL 5410531, at *2 (D.N.J. Sept. 26, 2013). While a rebuttal report is allowed to cite new evidence and data, this information must be offered to contradict or rebut the opposing party's expert report. *Lavell v. Camden Cnty. College*, No. 21-cv-6832, 2023 WL 4074077, at *3 (D.N.J. June 20, 2023).

Conversely, "expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as a proper rebuttal." *Haskins*, 2013 WL 5410531, at *2 (citing *Withrow v. Spears*, No. 12-06, 2013 WL 4510305, at *12 (D. Del. Aug. 22, 2013)). Importantly, case law makes clear that a rebuttal report cannot be used as a "do-over" of an expert's initial opinions. *Haskins*, 2013 WL 5410531, at *2.

8

### III. Special Master's Decision

The Special Master finds that irrespective of the nomenclature applied to the reports, Relator has failed to demonstrate that his proposed supplemental expert reports qualify as "rebuttals" within the meaning of Rule 26 or the Scheduling Order. (ECF No. 421.) The Special Master is unpersuaded by Relator's assertion that the proposed supplemental reports constitute permissible rebuttals and instead agrees with Defendants that they are, in substance, impermissible replies. The Special Master further notes that, despite the Court's prior instruction, Relator has failed to identify with specificity the portions of Defendants' expert reports that contain new material warranting rebuttal. The Special Master is not persuaded by Relator's contention that his experts should be permitted to respond to Defendants' expert's critiques regardless of whether they constitute new subject matter.

Although Relator highlights that "[t]he volume of new matter in Defendants' expert reports. . .is considerable," *see* ECF No. 446, p. 17, this generalized assertion does not satisfy his obligation to identify the specific portions of those reports that contain such new material. The mere invocation of purported "volume" without particularized citations or explanation fails to demonstrate that the proposed submissions are true rebuttals as opposed to attempts to reargue and reinforce Relator's experts' initial opinions. The Special Master agrees with Defendants that the mere inclusion of additional citations or references in their expert reports that were not contained in Relator's expert reports does not render such material "new" within the meaning of Rule 26. Further, the Special Master is persuaded by Defendants' contention that it is not the designation of their reports as "rebuttals" that precludes Relator from serving a response. Rather, preclusion arises because Defendants' reports contain only rebuttal

9

material, not new subject matter, and Relator has failed to carry his burden to demonstrate otherwise.

As to Relator's argument that the *Pennypack* factors apply, the Special Master is persuaded by Defendants' argument that the *Pennypack* factors are inapplicable under the circumstances of this case. As Defendants correctly note, the parties agreed to a Scheduling Order that expressly outlines the sequence and scope of permissible expert reports, thereby governing the issues of rebuttal and precluding reliance on *Pennypack. See Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 559-60 (D.N.J. 2022). Relator has not identified any authority in which a court applied *Pennypack* where, as here, a detailed scheduling order has already set forth the parameters for expert reports.

The Special Master finds that Relator's cursory reference to purported alternative generic entry dates falls short of meeting his burden of identifying new material within Defendants' expert reports that would warrant rebuttal. Rather, the proposed supplemental reports amount to a rehashing and bolstering of the experts' original opinions, not a targeted rebuttal to new subject matter. Both Dr. Singer and Mr. Clark elaborate upon and repeatedly refer back to their initial reports throughout their supplemental submissions, which serve primarily to rehabilitate and reinforce their initial opinions under the guise of a rebuttal. With regard to Dr. Singer's report, its table of contents alone belies any claim that it responds to new information as it largely tracks the structure and substance of his original report. Similarly, Mr. Clark's report makes a facial effort to identify purported new material, but in substance merely bolsters and expands upon his prior opinions. Any possible reference to new material is so intertwined with attempts to reinforce the original report that it obscures the distinction entirely

rendering both submissions impossible replies rather than proper rebuttals permitted by the Scheduling Order.

### IV.    Conclusion

For the reasons set forth above, Relator's Motion for Leave to File Responsive Expert Reports is **DENIED.**

<b>IT IS SO ORDERED.</b>

Date: October 22, 2025                                *s/ Douglas E. Arpert*
                                                                          **Douglas E. Arpert**
                                                                          **Special Master**